1   David M. King, Esq. (Bar No. 95279)
    CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
2   Professional Law Corporation
    216 Park Road
3   P.O. Box 513
    Burlingame, California  94011-0513
4   Telephone:     (650) 342-9600
    Facsimile:     (650) 342-7685
5
    Attorneys for Defendant City of San Mateo, a City Incorporated
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  AISAKE (ISACC) P. NAUFAHU, an
    individual Pro Se Litigant,
12                                          **NOTICE OF PETITION FOR REMOVAL**
            Plaintiff,                      **OF CIVIL ACTION FROM THE SAN**
13                                          **MATEO COUNTY SUPERIOR COURT**
        vs.                                 **[CASE NO. CIV 464835]**
14
    CITY OF SAN MATEO, a City
15  Incorporated, SAN MATEO CHIEF OF
    POLICE S.E. MANHEIMER, SAN
16  MATEO POLICE CAPTAIN M.
    CALLAGY, SAN MATEO POLICE
17  LIEUTENANT A. J. PARISIAN, SAN
    MATEO POLICE AMENDING OFFICER
18  JACK RATCLIFFE, S26, SAN MATEO
    POLICE OFFICER BOLOGNA BADGE
19  NUMBER 95, 4 UNA\NAMED SAN
    MATEO POLICE OFFICERS,
20
            Defendants.
21

22

23

24

25

26

27

28

26839.00011\BGLIB1\1341159.1

                                1

C 07 4517

ORIGINAL FILED

AUG 3 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1    **TO:**    **Plaintiff AISAKE (ISACC) P. NAUFAHU**, an individual Pro Se Litigant:

2    **PLEASE TAKE NOTICE** that City of San Mateo, a City Incorporated ("Defendant"),

3    hereby submits this Notice of Removal of this Action from San Mateo Superior Court to the

4    United States District Court for the Northern District of California, San Francisco division.

5    **I.**

6    **FACTUAL SUMMARY**

7    On July 31, 2007, by In Pro Per Aisake (Isacc) Naufahu ("Plaintiff") filed his complaint

8    in the Superior Court, State of California, for the County of San Mateo ("Complaint"). (A true

9    and correct copy of the Complaint is attached hereto as *Exhibit "A".)*

10    A copy of the Summons and Complaint was served on the city clerk of the City of San

11    Mateo on July 31, 2007. (A true and correct copy of the Summons and Proof of Service is

12    attached hereto as *Exhibit "B".)* The individual defendants (employees of the City of San

13    Mateo) have not been served.

14    On August 28, 2007, an Answer to Plaintiff's Complaint was filed on behalf of the

15    Defendant City of San Mateo. (A true and correct copy of the Answer is attached hereto as

16    *Exhibit "C".)* (Repleading is not required, absent court order [FRCP § 81(c)].)

17    The Complaint alleges a long litany of misdeeds by the City of San Mateo, the individual

18    named City of San Mateo police officers, as well as unnamed employees of the City of San

19    Mateo, which taken together, allegedly report to state causes of action for violation of the

20    Plaintiff's civil rights. While the Plaintiff's Complaint does not contain specifically identified

21    causes of action, but instead contains a lengthy convoluted and rambling narrative, without

22    question the gravamen of the pleading is alleged violations of Plaintiff's federal civil rights.

23    Plaintiff specifically alleges violation of his Fourth Amendment rights (Complaint at 1:27-28;

24    2:1-3). Plaintiff asserts that he was subjected to police harassment on the basis of his race, in

25    violation of the First, Fourth, and Fourteenth Amendments (Complaint at 9:24-26). Plaintiff also

26    alleges violations of the Civil Rights Act of 1964 (42 USC 1983) (Complaint at 9:22-23; 11:10-

27    11).

28    / / / /

26839.00011\BGLIB1\1341159.1

NOTICE OF PETITION FOR REMOVAL FROM SAN MATEO COUNTY SUPERIOR COURT

## II.

## AUTHORITY FOR REMOVAL

Defendant removes this action pursuant to 28 U.S.C. § 1441(a). This Court could have had original federal question jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 1983, as well as for violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights. Federal question jurisdiction is implicated when the case "arises under" federal law. 28 U.S.C. § 1331. In other words, jurisdiction exists where federal law creates the cause of action, *e.g.*, the Civil Rights Act of 1964 (42 U.S.C. § 1983). See *Franchise Tax Bd. V. Constr. Laborers Vacation Trust,* 463 U.S. 1, 89-9 (1983).

To the extent that Plaintiff may also purport to assert some unidentified state action for violation of his civil rights, they are apparently substantially related to the federal civil rights claims, which are within this Court's jurisdiction. As those potential additional claims, if any, form part of the same case or controversy as those arising under the enumerated allegedly violated amendments to the Constitution and under the Federal Statute, removal of Plaintiff's entire suit is proper.

## III.

## VENUE AND INTRADISTRICT ASSIGNMENT

Because this Court is the United States District Court for the district and division embracing the place where the state court action is pending, it is the appropriate court for removal, pursuant to 28 U.S.C. §§ 1441(a), 1442(a), and 1446. *See also* L.R. 3-2(d).

## IV.

## TIMELINESS OF REMOVAL

Removal is timely and appropriate within thirty (30) days of a "paper" which first puts a party on notice as to the potential for federal jurisdiction. *Cal. Prac. Guide: Federal Civil Procedure Before Trial* at § 2:913. The grounds for removal must be clear and unequivocal and, in California, the "paper" must be one that is "filed" with the court as opposed to a letter. *Id.* at §§ 2:914.5 and 2:915. The first clear and unequivocal notice of grounds for removal was service of the Summons and Complaint, hand-delivered on the city clerk for the City of San Mateo on

26839.00011\BGLIB1\1341159.1

NOTICE OF PETITION FOR REMOVAL FROM SAN MATEO COUNTY SUPERIOR COURT

1    July 31, 2007. This removal, filed on August 28, 2007, is therefore timely.

2                                **V.**

3                      **CONCLUSION**

4       Defendants respectfully request that the above-entitled action be removed from the state

5    court in which it was filed to the United States District Court in and for the Northern District of

6    California.

7    Dated: August 29, 2007

8                      Respectfully submitted,

9                      CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN

10                      Professional Law Corporation

11

12                  By: _____

13                               David M. King
                              Attorneys for Defendant

14                      City of San Mateo, a City Incorporated

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PRO SE LITIGANT

2

AISAKE (ISAAC) P. NAUFAHU
339 NORTH CLAREMONT STREET

3

SAN MATEO, CALIFORNIA 94401

4

TELEPHONE: 650-342-4817

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 3 1 2007

Clerk of the Superior Court
By ___G. Jackson___
DEPUTY CLERK

5

6

## SUPERIOR COURT OF CALIFORNIA

7

### COUNTY OF SAN MATEO

8

9

AISAKE (ISAAC) P. NAUFAHU

        Plaintiff,

10

vs.

CV 464835

11

CITY OF SAN MATEO, a City Incorporated,

Case No.:

12

SAN MATEO CHIEF OF POLICE S.E. MANHEIMER,

13

SAN MATEO POLICE CAPTAIN M. CALLAGY,

14

SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,

SAN MATEO POLICE AMENDING OFFICER

15

JACK RATCLIFFE, S26,

SAN MATEO POLICE OFFICER BOLOGNA

16

BADGE NUMBER 95,

17

4 UNNAMED SAN MATEO POLICE OFFICERS

        Defendants

18

3 Incidents described, documented,

19

discussed, substantiating Claims

20

(Complaints).

Claims
(Complaints)
depicted
1 through 12,
inclusive,
accompanying
each Claim
(Complaint)
EXHIBIT
for each
itemized Claim
(Complaint).

21

22

## FACTS

23

Plaintiff is a Law-abiding citizen. Yet, defendant City of

24

San Mateo police officers named, and identified, subjected

plaintiff to Racial Profiling, with frequency, becoming systemic.

25

Three (3) Incidents are described, documented, discussed

26

hereunder.

27

The First Incident by defendants on plaintiff was Unlawful Stop,

28

4th Amendment Illegal Detention. Everything foundationed

1

## EXHIBIT A

on obvious Discriminatory Bigotry, Racism, Racial Minority
Prejudice, Ethnic Bias, and Police Abuse, Police Misconduct,
Police Violations of Due Process, Malicious Prosecution,
and Police Cover-Up.  Evidentiary of Conspiracy and Accomplice.

The Second Incident was Repetion by defendant City of San Mateo
white police officers with frequency of more Unlawful Stop
to plaintiff which constitute a despicable, deplorable, dastardly
heinous Police Brutality of Abuse, Police Barbaric Misconduct,
Police Violations of Civil Rights, Racial Insult, Harassment,
all in their entirety and totality causing plaintiff direct
consequential Emotional Distress.

The Third Incident was Cover-Up, as is in First Incident of
Cover-Up by defendant City of San Mateo Police Department
Hierarchy, as described hereunder.

This time, the Cover-Up was by defendant City of San Mateo.

The Cover-Ups are Systematic, THEREFOR.

These Repetitive of Police Abuses, and Police Misconducts, and
Police Cover-Ups have become Systematic, as described hereunder.

The First Incident occured on the early morning of Monday,
February 20th, 2006, at around 3 A.M., described here briefly.
EXHIBIT 1, page 1 of of 11 page letter to defendant City of
San Mateo.  Full document available at Trial.  Defendants
have full-paged 11 paged document.

Plaintiff was driving from San Mateo on his way to work at
San Carlos, a job he has had exceeding eleven (11) years.
A white police officer turned out to be defendant San Mateo
police officer Bologna badge number 95, hereafter defendant
Bologna, tailgated plaintiff with such dangerously closeness
that plaintiff feared defendant Bologna would imminently
severely smash plaintiff from behind.

Defendant Bologna tailgated plaintiff for eleven (11) blocks,
all the way from 20th Avenue to 31st Avenue, El Camino Real,
San Mateo.

Plaintiff was driving steadily maintaining 30-35 m.p.h.

2

As a Racial Ethnic Minority person of color, plaintiff's instinct tells him that defendant Bologna would not have subjected plaintiff to such despicable, barbaric, deplorable, dastardly, inhumane inhuman abuse were plaintiff white.

Plaintiff has driven with the Law on his side because he has full compliance with Traffic Rules, Laws, and Regulations.

After eleven (11) blocks of defendant Bologna tailgating plaintiff, plaintiff signalled, then pulled over to the side of the road at 31st Avenue, El Camino Real, San Mateo.

Defendant Bologna walked up with flashlight turned on full blast, and pointed it directly at plaintiff's face, and eyes. He accused plaintiff of drinking and driving which plaintiff denied because he was on his way to work at his job in San Carlos.
EXHIBIT 2: Time-Cards from job at San Carlos
Plaintiff asked defendant Bologna as to why he tailgates plain-tiff so dangerously closely for eleven (11) blocks. Defendant Bologna refused to answer. He called for police back-ups. Two (2) police cars arrived.

Two (2) defendants        San Mateo police officers, unnamed, hereafter unnamed defendant(s) emerged from the police cars. Both flashed their flashlights directly at plaintiff's face, and eyes, such blinding light, one (1) unnamed defendant from driver's side, and one (1) unnamed defendant from passenger's side, then onto the floor of plaintiff's car, both front, and back, then onto the seats, both front seats, and back seats.

Plaintiff was detained in his car for about forty (40) long minutes while the         defendant officers: defendant Bologna, and 2 unnamed defendants         officers talked at length in the back of the vehicle.

Plaintiff was handed by defendant Bologna Citation for Impeding Traffic 22400(a)VC: Obstruction, Blocking Traffic.  EXHIBIT 3

What traffic? At 3 A.M. at that early hour of the early morning, the only cars on El Camino Real that early morning of Monday February 20th, 2006, were plaintiff's, and defendant Bologna's.

The second (2nd) Citation was for No Insurance Policy which was

3

ABSOLUTE FALSEHOOD because defendant Bologna refused to look at the date of the Auto Insurance Policy, and deliberately ignored the date on the Auto Insurance Policy of which plaintiff showed him on that early morning of February 20th, 2006.

Defendant Bologna knew he was subjecting plaintiff victim to Unlawful Vehicular Stop, and hence Lied deliberately with full knowledge he had Lied on the Citation he issued to plaintiff.

Defendant Bologna had Stereotyped plaintiff by Racial Profiling. By such Stereotypic Racial Profiling, defendant Bologna subjected plaintiff to Discriminatory Bigotry, Racial Discrimination, Racial Minority Prejudice, Ethnic Bias, Police Abuse, Police Misconduct, Mental Abuse, Psychological Abuse.

Defendant Bologna exercised active Racism against plaintiff, a Racial Ethnic Minority person of color.

Plaintiff's daughter (Commencement Speaker 2007 Notre Dame de Namur University) and plaintiff went to the San Mateo Police Department to lodge a complaint regarding defendant Bologna's Falsehood Citations which obviously were prompted by defendant Bologna's Racial Stereotypic Profiling of plaintiff, and defendant Bologna's racism and Minority Prejudice, and Ethnic Bias against plaintiff.

Three (3) days later, plaintiff received in the mail Notice of Correction where original Citation by defendant Bologna was Amended by defendant Amending Officer Ratcliffe S26, hereafter defendant Ratcliffe, from 22400(a)VC to 22109VC Failing to Signal: EXHIBIT 3, which was MORE ABSOLUTE FALSEHOOD piled atop on that ABSOLUTE FALSEHOOD by defendant Bologna.

Because, plaintiff did signal.

The Police Cover-Up by Hierarchy had begun, and will continue as described hereunder. Also, Conspiracy, Accomplice.

To Wit: first-off, defendant Ratcliffe was not in the Scene of the Incident to eyeball the Incident.

Furthermore, defendant Ratcliffe actively exercised Police Cover-Up of a Falsehood by defendant Bologna who had signed Citation

4

with declaration under penalty of perjury under laws of the State of California the foregoing is true and correct, which was False and definitely Incorrect.

The Amended Citation from defendant Ratcliffe was also Falsehood in that it was False and definitely also Incorrect.

Plaintiff was victim of an Unlawful Stop by defendant Bologna.

Defendant Bologna had exercised Police Abuse, and Police Misconduct. Likewise, defendant Ratcliffe had slso exercised Police Abuse, and Police Misconduct, and Police Cover-Up.

Plaintiff received in early August 2006 letter from City of San Mateo, San Mateo Police Department defendant Captain Mike Callagy (Exhibit 4), hereafter defendant Callagy, which intimated that plaintiff's Complaint to Police Department as already described, was investigated by defendant police Lieutenant Alan J. Parisian, hereafter defendant Parisian who exonerated defendant Bologna.

Defendant Parisian interviewed plaintiff, and defendant Parisian came on very strong by his forceful attempt to say forcefully to plaintiff that it was not defendant Bologna who had dangerously closely tailgated plaintiff.

The Police Cover-Up by San Mateo Police Hierarchy is continuing.

In Court in September 15th, 2006, defendant Bologna admitted he was the officer that followed plaintiff. He said he had red flashing lights on, and siren on

and pulled plaintiff over adjacent to the Hillsdale Mall.

Defendant Bologna had Lied in Court before Honorable Garratt, just as he had Lied on the Original Citation.

In defendant Callagy's letter bearing the Insignia and easily recognized identifiable Symbol and Letters "CITY OF SAN MATEO" which therefore directly and consequently implicates City of San Mateo, hence Liability of defendant CITY OF SAN MATEO to plaintiff.

5

1  Defendant Callagy by his letter informed plaintiff that defendant
2  Parisian's review, and exonerated defendant Bologna, was approved
3  by defendant San Mateo Chief of Police Susan E. Manheimer,
   hereafter defendant Manheimer.

4  This was clear Cover-Up of an act of Police Abuse, and Police
5  Misconduct of and on plaintiff, by San Mateo Police Hierarchy,
   which all the more moreover and furthermore implicates defendant
6  City of San Mateo, and Liability of defendant City of San Mateo
7  to plaintiff.

8  The predictable aspects of Police Cover-Up: Filing of False
9  Report(described as to defendant Bologna, and 2 unnamed defen-
   dants, defendant Ratcliffe, defendant Parisian, defendant Callagy
10 which were all approved by defendant Manheimer, all implicating
11 defendant City os San Mateo, as described above, and also
12 because all are Employees of The City of San Mateo: hence
   City of San Mateo being active defendant, and Liability to
13 plaintiff; Filing of False Criminal Charges (evidenced by
14 defendant Bologna False Citations to Court, and known by and of
15 2 unnamed defendants, as evidentiary in EXHIBIT 3.; and
   False Amendment of more Falsehood Filings by defendant Ratcliffe;
16 exonerated  of all these Unlawful and Illegal Police Abuse
17 and Police Misconduct by defendant Parisian, as informed of by
18 defendant Callagy, and approved by defendant Manheimer, impli-
   cating an endorsement-enforcement-ratification by defendant
19 City of San Mateo.

20 A Close-Analysis of the actual results of the Cover-Ups: plain-
21 tiff victim of Unlawful Stop by defendant Bologna, and defendant
22 Bologna, and 2 unnamed defendants Falsely Detained (False
   Detention: Violation of 4th Amendment) the plaintiff, hence
23 reinforcement of Malicious Prosecution (EXHIBIT 8') occurs,
24 and defendant Bologna's and 2 unnamed defendants' actions, all
25 unlawful and illegal, exonerated by defendant Parisian, rein-
   forced by defendant Ratcliffe, endorsed by defendant Callagy,
26 approved by defendant Manheimer, ratified by defendant City of
27 San Mateo, since defendant City of San Mateo is throughout
28 directly implicated.

6

1     Defendant Ratcliffe's tampering with Original Citation is
2     evidentiary to what amount to Violation of plaintiff's
3     Due Process.  (See DAMAGES)

4     In N.A.A.C.P. v. Clairborne Hardware Co., 458 U.S. 886, 929,
    102 S. Ct. 3409, 73 L.Ed.2d 1215 (1982) the Supreme Court
5     ruled that one who has knowledge of an unlawful or tortious
6     activity of another (as described of 2 unnamed defendants who
    knew of defendant Bologna's unlawful or tortious activity;
7     defendant Ratcliffe who knew of defendant Bologna's unlawful
8     or tortious activity, ditto to/of/by defendant Parisian, and
9     by defendant Callagy, and approved by defendant Manheimer,
    implicating defendant City of San Mateo, and ratification
10    of such actions, as did by defendant Ratcliffe, defendant
11    Parisian, defendant Callagy, defendant Manheimer, and defendant
12    City of San Mateo, is/are Liable for the Unlawful conduct
    (hence Liability attaches to defendants 2 unnamed defendants,
13    defendant Ratcliffe, defendant Parisian, defendant Callagy,
14    defendant Manheimer, and defendant City of San Mateo).

15    Under this Supreme Court ruling, police officers, and particu-
16    larly supervisory officials (defendant Ratcliffe, defendant
    Parisian, defendant Callagy, defendant Manheimer, and defendant
17    City of San Mateo) who engage in a Cover-Up of Police Abuse
18    as carried out knowingly, willingly, by 2 unnamed defendants,
19    defendant Ratcliffe, defendant Parisian, defendant Callagy,
    defendant Manheimer, and defendant City of San Mateo, should
20    be held Liable and Accountable (Liability and Accountability
21    attach to 2 unnamed defendants, defendant Ratcliffe, defendant
22    Parisian, defendant Callagy, defendant Manheimer, and defendant
    City of San Mateo)  because this kind of specific Cover-Up
23    Conduct (by 2 unnamed defendants, defendant Ratcliffe, defendant
24    Parisian, defendant Callagy, defendant Manheimer, and defendant
25    City of San Mateo) certainly ratifies the earlier wrongful
    Unlawful acts (of defendant Bologna: Unlawful Stop, False
26    Citations; and defendant Ratcliffe Amendment to yet more
27    False Citations) which becomes systematic.

28

Cover-Up actions of superiors sufficient to state cause of action against the municipality would have to meet the standards for municipal liability set forth in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611.

This is true where the Cover-Up amounted to a Ratification of the officer's unlawful and illegal conduct (defendant Bologna's unlawful and illegal conduct approved by defendant Manheimer, informed of by defendant Callagy, where Bologna's activities were exonerated by defendant Parisian, and because of Implication of defendant City of San Mateo, hence consequential Ratification by defendant City of San Mateo.

Therefore, the Claim of plaintiff meets this criteria set by the Supreme Court.  DAMAGES  Please see Damages

Plaintiff sent to The Honorable Stephanie Garratt, Traffic Commissioner, Superior Court, Central Branch, County of San Mateo the original Citation, and Amended Citation. (EXHIBIT 3, EXHIBIT 5).

Obviously The Honorable Garratt saw the Lies committed by defendant Bologna, and by defendant Ratcliffe, and DISMISSED case against plaintiff.

Obviously The Honorable Garratt saw and knew that False Evidence were being submitted to Court by defendant City of San Mateo, and defendant City of San Mateo Police Department: first one False Citation; then an Amended Version: both glaring Falsehoods which evidenced Gross Disrespect for the Court by defendants, hence the DISMISS of the case against plaintiff.

Obviously The Honorable Garratt saw and knew of the Cover-Ups, as described above, and hereafter, from defendant Manheimer, defendant Callagy, defendant Parisian, defendant Ratcliffe, hence therefore DISMISS of case by defendants against plaintiff.

Defendant Callagy wrote to plaintiff that defendant Parisian had exonerated defendant Parisian, approved by defendant Manheimer, endorsed-reinforced-ratified by defendant City of San Mateo.

8

Yet, The Honorable Garratt obviously by His Honor's DISMISS
of the case did not exonerate defendant Bologna, nor the appro-
val by defendant Manheimer, nor the endorsement-enforcement-
ratification by defendant City of San Mateo.

In December 2006, plaintiff submitted to defendant City of
San Mateo Claim for Damages.  EXHIBIT 6 (page 1 of 16 page
letter.  Full document available at Trial.  Defendants have full
document of 16 page letter). EXHIBIT 7 , EXHIBIT 8 . EXHIBIT 9.
Ditto, with EXHIBITS 8 and 9
EXHIBIT 8, page 1 of 10; EXHIBIT 9, page 1 of 9.All at Trial.
In February 2007, plaintiff received from defendant City of
San Mateo, City Attorney Shawn M. Mason, letter (Exhibit 10.
which is self-explanatory as to rejection of defendant City
of San Mateo of plaintiff's Claims.

Focusing on Section 945.6 which quotes Section 913 Notice of
Rejection of Claim: having 6 months to file Action on this
Claim, hence this Timely Filing of Claims in their Entirety
to The Superior Court of California, County of San Mateo.

To Recap Police Cover-Up(s), the proof of the tangible aspects
of Cover-Up(s), as described, support and strengthen factual
municipal liability (of defendant City of San Mateo) under
Monell. (page 8 heretofore).  Moreover, and furthermore, to the
degree evidence can be adduced that Cover-Ups, as described,
of identified defendants, and the failure to take corrective
action against errant police officers who act unlawful occur
with some frequency, such actions then are part of a municipal's
policy, or custom, which appropriately directly introduces
Second Incident of plaintiff's Claims.

United States Code, Title 42, Section 1983: 42 U.S.C. Sec 1983.
Civil Action for deprivation of rights.  Harrasement is a common
form of Police Misconduct, and Police Abuse.

HARRASEMENT OF INVIDICUALS BASED ON THEIR RACE, ETHNIC BACKGROUND
VIOLATES RIGHTS GUARANTEED UNDER THE FIRST, FOURTH, AND FOURTEEN-
TH AMENDMENTS.  Harper v. Harris County, Texas.,
21 F.3d. 597 (5th Circ. 1994) (en banc) Equal Protection
Claim for Vituperative Racial Insult;          EXHIBIT 11

9

1  Here, described briefly, detail in EXHIBIT  11.

2  Plaintiff was driving to work early Thursday morning of
3  July 12th, 2007.  Defendants 2 San Mateo police officers,
   2 unnamed, hereafter $2^2$ unnamed defendants to differentiate
4  from the other 2 unnamed defendants described heretofore,
5  Harassed plaintiff.

6  First unnamed officer, head shaved, no hair, hereafter
7  First unnamed defendant ( of the $2^2$) at around 3:10 AM
   followed plaintiff on Delaware Street in San Mateo for four (4)
8  blocks, and pulled plaintiff over at corner of 2nd Avenue on
9  Delaware Street. Plaintiff drove steadily maintaining 25   mph.

10 Plaintiff drove with the Law in full compliance with Traffic
11 Rules, Laws, and Regulations.  First unnamed defendant
   (of the $2^2$) asked plaintiff for Driver's License, went back to
12 his car to check plaintiff out on Police Computer Database.

13 About 4 to 5 minutes later first unnamed defendant (of the $2^2$)
14 handed to plaintiff his Driver's License.

15 No Citation was issued.

16 Plaintiff contined on, make a stop to put gas in his car,
17 then at Safeway for some groceries.

18 As plaintiff passed through 25th Avenue on El Camino Real
   in San Mateo, plaintiff noticed car closely following plaintiff.
19
20 As plaintiff passed through 37th Avenue (12 blocks later) it is
   now Hillsdale, the car closely following, tailgating plaintiff
21 was a San Mateo police car.

22 The Second unnamed defendant (of the $2^2$) pulled plaintiff over
23 to the side of the road at 1 block South 37th Avenue, El Camino
   Real, the time was around 3:40AM.
24
25 The Second unnamed defendant (of the $2^2$) walked up to plaintiff
   with his flashlight on, and questioned plaintiff, "Did my partner
26 pull you over?".

27 Plaintiff responded, "Yes.  A San Mateo police officer pulled
28 me over first in San Mateo". (Indicating and Implying this is

                                                             10

the second time he is being pulled over by 2 different San Mateo
police officers, the first time in San Mateo, then about
30 minutes later, by another San Mateo police officer in
Hillsdale. These 2 different police officers were both white.

For what purpose? For what reason?  Of plaintiff Unlawful Stop.
HARASSMENT.

The Second unnamed defendant (of the $2^2$) visibly looked furious.
He loudly spouted and sputtered stuff that made no sense to
plaintiff.

RACIAL INSULT. HARASSMENT.            See DAMAGES.

Psychological and Mental Abuse present Civil Rights Violations
also are covered by 42 U.S.C. Sec 1983.

"Every person who, under color of any statute...of any State
subjects any citizen of the United States...to deprivation of
any rights...secured by the Constitution and laws...shall be
Liable to the party injured..."

The Unlawful actions of First unnamed defendant (of the $2^2$)
(pulled plaintiff over Illegally, Unlawfully because plaintiff
had ran with the Law on his side by his full compliance with
Traffic Rules, Laws, Regulations, which constitute Police
Abuse, Police Misconduct, Mental Abuse, Psychological Abuse,
and Racial Insult, and Unlawful actions of Second unnamed
defendant (of the $2^2$) (More Racial Insult, More Harassment,
More Police Abuse, More Police Misconduct, More Mental Abuse,
More Psychological Abuse).            See DAMAGES

Emphasizing Monell, above described, to the degree as ruled
by the Supreme Court that evidence can be adduced that Cover-Ups
and failure to take necessary corrective action against
errant police officers acting unlawfully, illegally with some
frequency, as here described in this Second Incident, such
Unlawful, Illegal actions are part of municipal's policy, or
custom, here as to defendant City of San Mateo.

11

Ever since this Second Incident of Police Unlawful, Illegal
activity, Police Abuse, Police Misconduct caused directly,
wilfully, and knowingly by defendants against plaintiff victim,
as a direct consequence plaintiff has come to fear for his life.
EMOTIONAL DISTRESS.

Defendant City of San Mateo Police Department officers carry
guns.  They can shoot anyone, any time, in the dark, as where all
3 Incidents  occured to plaintiff victim by Police of Police
Unlawful, Illegal activity, Police Abuse, Police Misconduct.

The Third Incident: a San Mateo white Police Officer robbed
plaintiff victim of $50 on January 22nd (or 23rd), 2000.  Plain-
tiff filed Complaint with defendant San Mateo Police Department.
Defendant City of San Mateo Mayor at the time Jan Epstein denied
any liability of the officer.  This constitutes Cover-Up.
Reminiscient of Exoneration by Police Hierarchy, as described
heretofore of Police Misconduct.  The echo of Cover-Up vibrates,
and revibrates.   IT IS CONTINUING WITH GLARING FREQUENCY.

BECAUSE, the Errant Actions Unlawfully, Illegally of defendant
City of San Mateo Police Officers have occured with some glaring
frequency, as described, and Systematic, therefor.

Defendant City of San Mateo employee: Defendant Manheimer in
Brochure for defendant City of San Mateo declares in Philosophy
of Chief of Police, EXHIBIT 12, that "The San Mateo Police
Department is dedicated to providing the highest level of police
services to all persons within our community..."

YET, this defendant Manheimer Cover-Up for Police Abuse, Police
Misconduct, as heretofore described.

Something else is said to the public, promised to the public.

AND YET, this is exactly and definitely what is not done to
plaintiff victim, a Racial Ethnic Minority person of color.

## DAMAGES

1.  Violation of 4th Amendment: Illegal Detention    $1.5 Millions

12

2.  Conspiracy                                    $1.5 Millions

3.  Accomplice                                    $1.5 Millions

4.  Malicious Prosecution                         $1.5 Millions

5.  False Imprisonment                            $1    Million

6.  Miscellaneous Tort: Invasion of Privacy:
    Placing person in False Light         $1    Million

7.  Miscellaneous Tort: Invasion of Privacy:
    Placing person in False Light         $1    Million

8.  Defamation: 1st Claim                 $1    Million

9.  Defamation:  2nd Claim                $1    Million

10. Police Cover-Up                       $1.5 Millions

11. Civil Rights Violation of Due Process $1.5 Millions

12. Harassment: Racial Insult; Mental Abuse,
    Psychological Abuse, Emotional Distress $1.5 Millions

### TOTAL DAMAGES        $15.5 MILLIONS

### CONCLUSION

The Incidents described are evidentiary of City of San Mateo
systematic Police Racial Profiling, Discriminatory Bigotry,
Racial Discrimination, Racial Minority Prejudice, Ethnic Bias,
Police Abuse, Police Misconduct, Malicious Prosecution, Conspi-
racy, Accomplice, Police Cover-Ups, Harassment, Racial Insult,
Mental Abuse, Psychological Abuse, directly and consequentially
as direct and consequential effect causing plaintiff Emotional
Distress, inclusive of Violations of Civil Rights, Violation
of Constitutional Right, and Violations of Due Process to and
of plaintiff by defendants.

THEREFORE, plaintiff is entitled to Damages of $15.5 Millions
therefor.

ON ALL CLAIMS

For Damages;                                           13

1    For Costs of Suit incurred herein;

2    For Court to Order defendants No Retaliation;

3    and For such other and further relief The Honorable Court

4    deems just.

5    Dated:  July 30th, 2007

6

7

8              By _Aisake P. Naufahu_

9

10              AISAKE (ISAAC) P. NAUFAHU

11              PRO SE LITIGANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        14

EXHIBIT     1

March 18, 2006

The Honorable Mayor John Lee
City of San Mateo
City Hall
330 West 20th Avenue
San Mateo, California 94403-1388


Your Honorable
Dear Mayor John Lee:


The following incident is being brought to your attention because it
occured in your jurisdiction within the City of San Mateo.

I was driving to work in the early morning of Monday February 20th,
2006 which was a Holiday for some people but not for us - our Company
was open for business as usual.  It is a Power Transformer Manufacturer
in San Carlos.  The employees there belong to the International Brother-
hood of Electrical Workers Union (IBEW).

I was hired there in June, or July 1995.  I take my job seriously to help
support two (2) daughters in any way I could: one daughter is a Junior
at Notre Dame de Namur University in Belmont.  The other daughter is also
a Junior, but at San Jose State University.  I am a single parent.

I was driving South on El Camino Real in the early morning of February 20th,
2006 on the Right hand lane and was travelling between 30 - 35 miles per
hour.  As soon as I was passing through 20th Avenue, I noticed a Police
car going in the opposite direction, North at a fairly high speed, and
made a U-Turn at 20th Avenue, and came right behind me, and at this time
I was adjacent to the Great Entertainer Pool Hall.

This San Mateo Police Officer Bologna, Badge Number 95 tailgated me,
followed me so closely that at one point I thought the Police Officer
Bologna was surely going to hit me from behind.  At this time I was
immensely concern because the car belongs to my daughter.  This is the car
my daughter drives to school at Notre Dame de Namur University in Belmont,
but because it was a holiday for them that Monday of the 20th of February,
2006, hence that was why I use the car that day.

I made a Signal that I was going to pull over when I was adjacent to the
Gamezone to find out why this San Mateo Police Officer Bologna, Badge
Number 95 intensely with focus determination tailgate me because I was not
speeding, nor driving erratically on El Camino Real.  As soon as I was
adjacent to the Peninsula Clock Shop and the Police Officer Bologna,
Badge Number 95 saw that I was ready to pull over, he sped up from behind

EXHIBIT 2

ISAAC NAUFAHU

No: 12-048

PAY PERIOD ENDING 02/19/06

| SHOP ORDER | OP CODE | HOURS |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | Feb 4.00 |
| | | 06 FEB 17 AM 11:21 |
| | | |
| | | |
| | | |
| | | |
| | | |

IN / OUT columns — 06 FEB 17 PM 2:31

REGULAR HRS. 8
OVERTIME 2
DBL. TIME —
OTHER —
TOTAL HRS. 10

---

No. 12-048

PAY PERIOD ENDING 2/18/06

| SHOP ORDER | OP CODE | HOURS |
| --- | --- | --- |
| | | |
| | | Feb 2.00 |
| | | 06 FEB 18 AM 9:40 |
| | | |
| | | |
| | | |
| Feb-18-06 | | |
| | | |
| | | 06 FEB 18 AM 10:09 |
| | | |

REGULAR HRS. 8.0
OVERTIME —
DBL. TIME —
OTHER —
TOTAL HRS. 8.0

---

No. 12-048

PAY PERIOD ENDING 2/19/06

| SHOP ORDER | OP CODE | HOURS |
| --- | --- | --- |
| | | |
| | | Feb 2:30 |
| | | 06 FEB 19 AM |
| | | |
| Sun-gun | | |
| | | |
| Feb-19-06 | | |
| No lunch | | |
| | | |
| | | 06 FEB 19 AM |

REGULAR HRS. —
OVERTIME 8
DBL. TIME —
OTHER —
TOTAL HRS. 8



**NAUFAHU**

12-048   PAY PERIOD ENDING   02/26/06

| IOP ORDER | OP CODE | HOURS | IN/OUT |
|---|---|---|---|

'06 FEB 23 PM 2:31

'06 FEB 23 AM

4:00

REGULAR HRS. — 8
OVERTIME — 2
DBL. TIME —
OTHER —
TOTAL HRS — 10

---

**ISAAC NAUFAHU**

No. 12-048   PAY PERIOD ENDING   02/26/06

| SHOP ORDER | OP CODE | HOURS | IN/OUT |
|---|---|---|---|

'06 FEB 24 PM 2:31

'06 FEB 24 AM

4:00

REGULAR HRS. — 8
OVERTIME — 2
DBL. TIME —
OTHER —
TOTAL HRS — 10

---

ISAAC P. NAUFAHU
No. 12-048
SATURDAY 2/25

**ISAAC NAUFAHU**

| SHOP ORDER | OP CODE | HOURS | IN/OUT |
|---|---|---|---|

feb 25-06
SAT
No lunch

'06 FEB 25 AM

2:00

REGULAR HRS. — 7
OVERTIME —
DBL. TIME —
OTHER —
TOTAL HRS — 7

EXHIBIT 3

*BOTH*
*were DISMISSED*

**CITY OF SAN MATEO POLICE DEPARTMENT**

**NOTICE TO APPEAR**   ☐ Misdemeanor ☐ Traffic ☐ Nontraffic   **84-277289**

| | |
|---|---|
| Date of Violation 2/20/06 | Time 3:02 PM ☐AM ☑PM Day of Week ☐M☐T☑W☐T☐F☐S ☐Owner's Responsibility (Veh. Code, § 40001 |

1. Name (First, Middle, Last) Aisake Tongahau Naufahu
2. Address 539 N. Claremont St.
3. City San Mateo   State CA   ZIP Code 94431   ☐ Juvenile (Phone No.)
4. Driver Lic. No. AD512761   State CA   Class C   Commercial ☐Yes ☐No   Age 55   Birth Date 1/24/51
5. Sex M   Hair BLK   Eyes BRW   Height 5-10   Weight 185   Race P   Other Description
6. Veh. Lic. No. or VIN POLY LUV   State CA   Reg. MO/YR. 05/06   ☐ COMMERCIAL VEHICLE (Veh. Code, § 15210(b))
7. Yr. of Veh. 1984   Make BUICK   Model Park Ave   Body Style 4DR   Color BRO   ☐ HAZARDOUS MATERIAL (Veh. Code, § 353)
8. Evidence of Financial Responsibility None   CHP/DOT/PUC/ICC
9. Registered Owner or Lessee   ☑ Same as Driver
10. Naufahu, Mulenu Yvette   Address   ☐ Same as Driver
11. 18 N. Humboldt St.
12. City San Mateo   State CA   ZIP Code 94401
    Correctable Violation (Veh. Code, § 40610) ☐ Booking Required (see reverse)   Misdemeanor or Infraction (Circle)
    | Yes | No | Code and Section | Description | |
    |---|---|---|---|---|
    | 13. | ☑ | 22400(a)VC - Impede traffic | M |
    | 14. | ☑ | 16028(a)VC - No Ins. | M | I |
    | 15. | ☐ | | M | I |
    | 16. | ☐ | | M | I |
17. Speed Approx. 25   P.F./Max. Spd. 35   Veh. Lmt. 35   Safe 35   Radar ☐   ☐ Continuation Form Issued
18. Location of Violation(s) at S. El Camino Real @ 25th Ave.   City/County of Occurrence
19. Comments (Weather, Road & Traffic Conditions)   ☐ Accident
20. ☐ Violation(s) not committed in my presence, declared on information and belief.
    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
21. Executed at (city) / (location)   Date 95   To Dates Off
    Arresting or Citing Officer J. Bolana   Serial No. 95
22. Date   Name of Arresting Officer, if different from Citing Officer   Serial No.   To Dates Off
23. WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.
    X Signature
24. WHEN: ON OR BEFORE THIS DATE: 4/14/06   Time: 1:30 ☐AM ☑PM
    Time: ☐AM ☐PM
    WHAT TO DO:   FOLLOW THE INSTRUCTIONS ON THE REVERSE.
    WHERE: Superior Court of California, County of San Mateo.
25. ☐ NORTHERN BRANCH - 1050 Mission Rd., So. San Francisco, CA 94080 (650) 877-5355
    ☑ CENTRAL BRANCH - 800 North Humboldt St., San Mateo, CA 94401 (650) 573-2622
    ☐ SOUTHERN BRANCH - Traffic 500 County Center, Redwood City, CA 94063 (650) 363-4300
    ☐ SOUTHERN BRANCH - CRIMINAL - 4th FLOOR HALL OF JUSTICE (650) 363-4300
       400 County Center, Redwood City, CA 94063
    ☐ JUVENILE TRAFFIC COURT - 21 Tower Rd., San Mateo, CA 94402 (650) 312-8887
26. ☐ To be notified ☑ You may arrange with clerk to appear at a night session of the court.

Judicial Council of California Form   COURT COPY   SEE REVERSE
Rev. 09-20-05 (Veh. Code, §§ 40500(b), 40513(b), 40522, 40600; Pen. Code, § 853.9)   TR-130

COMPUTER & BUSINESS PRINTING (650) 873-1710   M453884 (09/05)

84-277289

---

| | |
|---|---|
| NAME OF COURT: | MUNICIPAL COURT |
| STREET ADDRESS: | 800 N. HUMBOLDT STREET |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | SAN MATEO, CA 94401 |
| BRANCH NAME: | CENTRAL BRANCH |
| TELEPHONE: | (650) 573-2622 |

**PEOPLE OF THE STATE OF CALIFORNIA**
vs.

DEFENDANT: Aisake Pohohau Naufahu

**NOTICE OF CORRECTION AND PROOF OF SERVICE**
(Vehicle Code, § 40505)

| | |
|---|---|
| AMENDING OFFICER NAME/ID NO.: | DEPARTMENT/AGENCY: |
| [signature] 526 | SAN MATEO POLICE |
| CITATION NUMBER: | CASE NUMBER: |
| 84-277289 | |

1. A *Notice to Appear/Notice to Correct Violation* was issued to you by an officer of this department on (date): 2-20-06

2. The citation issued to you contained an error as indicated by the items checked below. This notice of correction does not affect the validity of the citation or the required court appearance.

   ☐ Date/time of violation should be

   ☐ Date/time of court appearance should be changed from
   _____ to _____

   ☑ Violation section(s) should be changed from
   22400(A) to 22109 VC

   ☐ Location of violation should be changed from
   _____ to _____

   ☐ Other (specify):
   _____

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: 2/21/06   [signature] 526
   (Signature of officer)

   Form Adopted for Mandatory Use
   Judicial Council of California
   TR-100 (New January 1, 2000)

   (Proof of service on reverse)

---

"Amended" / changed after daughter 19 tailed [sic] to view one 2/20/06

*COPY OF THE AMENDED (NEW CITATION)*

*COPY OF THE ORIGINAL CITATION*

231959

BOTH COUNTS were DISMISSED

CITY OF SAN MATEO POLICE DEPARTMENT

☐ Misdemeanor

184- 277289

R COURT CENTRAL BRANCH
RTH HUMBOLDT STREET
ATEO, CA 94401

## NOTICE OF BAIL

A NOTICE TO APPEAR AND CITATION CHARGING A VIOLATION OF THE BELOW DESCRIBED SECTIONS
HAS BEEN FILED WITH THIS COURT. UNLESS YOU APPEAR IN COURT AND ANSWER THESE CHARGES
OR DEPOSIT BAIL AS INDICATED YOU MAY FACE FURTHER CHARGES, INCREASED BAIL, ARREST, OR
LOSS OF DRIVING PRIVILEGES OR ANY COMBINATION OF SUCH CONSEQUENCES.

31141TA28.A.1.819.1.2.0.308

NAUFAHU AISAKE POHAHAU
339 N CLAREMONT ST
SAN MATEO CA 94401-1725

*#* To make a copy.*

F YOU FAIL TO RESPOND WITHIN 10 (TEN) DAYS AFTER THE DUE DATE BELOW, YOU WILL BE CHARGED AN ADDITIONAL
SSESSMENT, PURSUANT TO SEC 1214.1 OF THE PENAL CODE, AND MAY BE SUBJECT TO YOUR DRIVERS LICENSE BEING WITHHELD
R SUSPENDED BY DMV. THE CIVIL MONEY ASSESSMENT UNDER 1214.1 PC MAY BE COLLECTED BY ATTACHMENT OF YOUR WAGES,
OUR SPOUSE'S WAGES, OTHER PROPERTY, AND CAN INTERCEPT ANY TAX REFUNDS. THE CIVIL ASSESSMENT REMAINS IN EFFECT
OR 10 YEARS, OR UNTIL PAID.
AILURE TO COMPLY WITH THIS NOTICE BY 04/04/06 WILL RESULT IN FURTHER CHARGES AND INCREASED BAIL. BAIL OF $843.75 may
n. sent by mail on or before 04/04/06. TO APPEAR IN COURT bring this notice to the Court on or before 04/04/06, on TUESDAY between 12:30
n. and 1:30 p.m. OR on MONDAY, WEDNESDAY, and THURSDAY before 8:30 a.m.
OU ARE NOT ELIGIBLE FOR TRAFFIC SCHOOL.

*Same as on b*
*"Amended" Cite "NEW CITATION"*

| DEFENDANT NAME | VIOLATION DATE | CITATION NO. | VIOLATION(S) | | |
|---|---|---|---|---|---|
| NAUFAHU AISAKE POHAHAU | 02/20/06 | 277289 | VC-22109  Signal When Stopping | | |
| | | | VC-16028A  Evidence Financial Resp | | |
| | | | APPEARANCE DATE 04/04/06 | | DOCKET NO. 231959-T |

REVERSE
TR-130
0884 (09/05)

RETAIN THIS PORTION FOR YOUR RECORDS
DETACH AND RETURN THIS REMITTANCE PORTION WITH YOUR PAYMENT

| NDANT NAME | VIOLATION DATE | CITATION NO. | APPEARANCE DATE | DOCKET NO. |
|---|---|---|---|---|
| AHU AISAKE OHAHAU | 02/20/06 | 277289 | 04/04/06 | 231959-T |

## DO NOT MAIL CASH.
### MAKE CHECK OR MONEY ORDER PAYABLE TO:

MENT    AND/OR
CORRECTION MAY
PERSON

800 N. Humboldt Street
San Mateo, CA  94401
Hours: 8:00 am to 4:00 pm

You may pay your citation at

SUPERIOR  COURT CENTRAL BRANCH
800 NORTH HUMBOLDT STREET
SAN MATEO  CA

CITY OF SAN MATEO   POLICE DEPARTMENT
□ Misdemeanor   84-277289

OR COURT CENTRAL BRANCH
RTH HUMBOLDT STREET
MATEO, CA 94401

**NOTICE OF BAIL**

A NOTICE TO APPEAR AND CITATION CHARGING A VIOLATION OF THE BELOW DESCRIBED SECTIONS
HAS BEEN FILED WITH THIS COURT. UNLESS YOU APPEAR IN COURT AND ANSWER THESE CHARGES
OR DEPOSIT BAIL AS INDICATED YOU MAY FACE FURTHER CHARGES, INCREASED BAIL, ARREST, OR
LOSS OF DRIVING PRIVILEGES OR ANY COMBINATION OF SUCH CONSEQUENCES.

31141TA23.A.1.819.1.2.0.308

NAUFAHU AISAKE POHAHAU
339 N CLAREMONT ST
SAN MATEO CA 94401-1725

**# To make a copy.**

F YOU FAIL TO RESPOND WITHIN 10 (TEN) DAYS AFTER THE DUE DATE BELOW, YOU WILL BE CHARGED AN ADDITIONAL
ASSESSMENT, PURSUANT TO SEC 1214.1 OF THE PENAL CODE, AND MAY BE SUBJECT TO YOUR DRIVERS LICENSE BEING WITHHELD
OR SUSPENDED BY DMV. THE CIVIL MONEY ASSESSMENT UNDER 1214.1 PC MAY BE COLLECTED BY ATTACHMENT OF YOUR WAGES,
YOUR SPOUSE'S WAGES, OTHER PROPERTY, AND CAN INTERCEPT ANY TAX REFUNDS. THE CIVIL ASSESSMENT REMAINS IN EFFECT
OR 10 YEARS, OR UNTIL PAID.
AILURE TO COMPLY WITH THIS NOTICE BY 04/04/06 WILL RESULT IN FURTHER CHARGES AND INCREASED BAIL. BAIL OF $843.75 may
e sent by mail on or before 04/04/06. TO APPEAR IN COURT bring this notice to the Court on or before 04/04/06, on TUESDAY between 12:30
m. and 1:30 p.m. OR on MONDAY, WEDNESDAY, and THURSDAY before 8:30 a.m.
OU ARE NOT ELIGIBLE FOR TRAFFIC SCHOOL.

*Same as on b*
*Amended (do) "NEW CITATION"*

| VIOLATION(S) | |
| --- | --- |
| VC-22109 | Signal When Stopping |
| VC-16028A | Evidence Financial Resp |

| DEFENDANT NAME | VIOLATION DATE | CITATION NO. | APPEARANCE DATE | DOCKET NO. |
| --- | --- | --- | --- | --- |
| NAUFAHU AISAKE POHAHAU | 02/20/06 | 277289 | 04/04/06 | 231959-T |

RETAIN THIS PORTION FOR YOUR RECORDS.

DETACH AND RETURN THIS REMITTANCE PORTION WITH YOUR PAYMENT

| NDANT NAME | VIOLATION DATE | CITATION NO. | APPEARANCE DATE | DOCKET NO. |
| --- | --- | --- | --- | --- |
| AHU AISAKE OHAHAU | 02/20/06 | 277289 | 04/04/06 | 231959-T |

**DO NOT MAIL CASH.**
MAKE CHECK OR MONEY ORDER PAYABLE TO:

MENT   AND/OR
CORRECTION MAY
PERSON

800 N. Humboldt Street
San Mateo, CA 94401
Hours: 8:00 am to 4:00 pm

You may pay your citation

SUPERIOR COURT CENTRAL BRANCH
800 NORTH HUMBOLDT STREET
SAN MATEO

EXHIBIT 4



San Mateo Police Department

2000 South Delaware Street
San Mateo, California 94403-1497
Support Services Telephone: (650) 522-7620
FAX: (650) 522-7601
http://www.cityofsanmateo.org

July 31, 2006

Mr. Aisake Naufahu
339 No. Claremont Street
San Mateo, CA  94401

Dear Mr. Naufahu:

On March 20, 2006, you filed a complaint against Officer Bologna alleging that he drove his patrol car in a manner that violated the California Vehicle Code, initiated a vehicle stop based on ethnicity, falsified a traffic citation, and conducted an unlawful detention.  These allegations, if sustained, would be in violation of the following San Mateo Police Department General Orders:

> Chapter 12, Code of Conduct; Section 8, Adherence to City Personnel Rules and Regulations; part 5, Performance; paragraph F, which states, "The wrongful or unlawful exercise of authority on the part of any employee for malicious purposes, personal gain, and/or willful deceit."

> Chapter 12, Code of Conduct; Section 2, Civility; paragraph 3, which reads, "Members and employees shall be courteous and orderly in their contacts with the public.  They shall perform their duties in a professional manner at all times.  Upon request, members and employees are required to supply their names and badge identification numbers."

Your complaint was assigned to Lieutenant Alan J. Parisian to investigate.  Lieutenant Parisian conducted an extensive and exhaustive investigation into this matter wherein he reviewed your complaint, interviewed you, the involved officer, witnesses, and supervisors, and reviewed the dispatch tapes.  All of the letters you sent to us have been reviewed and are part of the investigation file.

Lieutenant Parisian has completed his investigation and found that Officer Bologna is exonerated on all allegations.  That is, the investigation disclosed that Officer Bologna acted in accordance with the laws and policies outlined for conducting vehicle stops, and that the stop was justified, lawful, and proper.

Lieutenant Parisian's investigation has been reviewed and approved by Susan E. Manheimer, Chief of Police.

July 31, 2006
Mr. Aisake Naufahu
Page 2

It saddens the Chief and every member of this Police Department whenever a citizen forms the belief that they were not served in an appropriate or proper manner by a member of the San Mateo Police Department.

While it may be of little consolation to you at this time, rest assured that the Chief, and every member of this Department, remains committed to serving and protecting the public to the utmost of our ability, including, but not limited to, the fair, impartial, and professional enforcement of the laws of this jurisdiction. At this point, I can only hope that you will one day come to believe the San Mateo Police Department, and the members employed by this agency, have in the past, do currently, and will always, hold these aspirations paramount.

In closing, I hope that you know the San Mateo Police Department members are here to protect and serve you, as they do for all members of the community.   If you are in need of any assistance in the future, you have only to ask either me or any of my fellow San Mateo police personnel.

If I can assist you in any way or explain our process for investigating this matter, please feel free to contact me at (650) 522-7652.

Sincerely,

Mike Callagy
Captain
Support Services

c:    Chief of Police Susan E. Manheimer
       Lieutenant Alan Parisian
       File

**EXHIBIT** 5

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HON. STEPHANIE GARRAT
commisioner
SUPERIOR COURT Central
Branch
800 NORTH HUMBOLDT ST
SAN MATEO; CA.94401,

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X **RECEIVED**     ☐ Agent
                   ☐ Address

B. Received by (Printed Name)   **SAN MATEO COUNTY**   C. Date of Delive

**SEP 1 8 2006**

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

**Clerk of the Superior Court**
**By    FRANK NARDO**
            **DEPUTY CLERK**

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandi
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2.        7006 0810 0000 3973 4183

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-19

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.63 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.88 |

Sent To  HON. STEPHANIE GARRAT
Street, Apt. No.,  SUPERIOR COURT
or PO Box No.  CENTRAL BRANCH
City, State, ZIP+4  800 N. Humboldt ST ;CA94401

PS Form 3800, June 2002        See Reverse for Instructions

7006 0810 0000 3973 4183

POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box •

AISAKE P. NAUFAHU
339 N. CLAREMONT Street
SAN MATEO; CA. 94401,

EXHIBIT 6

AISAKE (ISAAC) P. NAUFAHU
339 NORTH CLAREMONT STREET
SAN MATEO, CALIFORNIA 94401

4 December 2006

TO WHOM IT MAY CONCERN:

    I was on my way to work in the early morning of February 20th, 2006, driving South on El Camino Real Between 30 - 35 miles per hour. The speed limit is 35 miles per hour. As soon as I was driving through 20th Avenue, I saw a Police car running in the opposite direction, North at a fairly high speed. It made a U-Turn at 20th Avenue. The next thing I knew the Police car was right behind me, tailgating me so dangerously closely that at one point I thought for sure the Police car was going to hit me from behind. I was greatly concerned because the car I was driving belongs to my daughter, now a Senior at Notre Dame de Namur University in Belmont. She drives the car to school now, but not as often as she used to because she had bought for herself a used Civic Honda, 1983 or 1984 because beneficially it has the advantage of using less gas.

    I made a signal that I was goint to pull over to the side when I was adjacent to the Gamezone. I wanted to find out why this San Mateo Police officer, Bologna with badge number 95 so deliberately with intent intensely of focused determination tailgate me because I was not speeding. I was driving between 30 - 35 miles per hour in full compliance with Traffic Laws, Rules, and Regulations.

    As soon as I was adjacent to the Peninsula Clock Shop, and San Mateo Police officer, Bologna with badge number 95 saw that I was ready to pull over to the side, and for your necessary insight, the Peninsula Clock Shop is about 15 yards or more from the intersection at 25th Avenue, and the "My Day Wedding Studio" is right at the corner of 25th Avenue.

    San Mateo Police officer Bologna with badge number 95 sped up from behind me to my Left side on the Driver's side. He sped up to the 25th Avenue and made a fast Right turn at the corner of 25th Avenue where the "My Day Wedding Studio" is located.

    I did not stop but continued on driving because San Mateo Police officer Bologna with badge number 95 had already made a fast Right turn at the corner of 25th Avenue, and as soon as I got over to the other side of 25th Avenue on El Camino Real, at this time I was between the Castle Group Building and the Countrywide Home Loan Building. I saw in my rear-view mirror the same San Mateo Police officer Bologna with badge number 95 who had already made a fast Right turn at the corner of 25th Avenue on El Camino Real where the "My Day Wedding Studio" is located, fast reappeared making a fast Right turn into El Camino Real from the West side of 25th Avenue. He continued to follow me, tailgating me dangerously closely all the way up to the Hillsdale Shopping Mall. I just kept on driving maintaining steadily a consistent 30 - 35 miles per hour, in full compliance with Traffic Laws, Rules, and Regulations.

EXHIBIT 7

NOTE:    Please refer to cover page
         accompanying this form for        FOR CITY CLERK'S USE ONLY
         important information regarding
         filing a claim for damages.

## CLAIM FOR DAMAGES AGAINST
## CITY OF SAN MATEO, A MUNICIPAL CORPORATION

1. **Claimant's Name/Full Address/Phone Number:**

   AISAKE (ISAAC) P. NAUFAHU                Daytime Phone # ( 650 ) 342-4817
   _____
   Name

   339 North Claremont Street      ,    San Mateo       ,   CA      94401
   (Box or Street Address                 City              State    ZIP

2. **Representative:**  (complete only if attorney, insurance company,
                        parent, guardian, etc., represents claimant)

   Not Applicable

   _____        Phone # (____)_____
                Name

   _____
      Company or Firm Name

   _____, _____, _____ _____
        Street Address              City         State      ZIP

   _____
      Mailing Address (if different from street address)

3. **Date of Loss, Injury:** ___February___  ___20___, ___2006___
                                Month          Day      Year
                                                            or Shortly after 3:00 AM,
   **Approximate Time of Day:** _____3____ (A.M)/P.M. (circle one)

4. **Location of Incident:**  (address at which damage/injury/loss occurred, or
   description, stating as _fully as possible_, the location of incident;
   attach diagram if you believe it would be helpful)

   20th Avenue South El Camino Real to 31st Avenue South El Camino Real;

   Side adjacent to Sears Parking Lot

   _____, in the City of  San Mateo

5. **Cause of Damage/Injury/Loss:**   (describe cause of damage, such as
   'defective sidewalk', etc. -- attach extra page if necessary)

   Please See ATTACHMENT I

   Contextually Communication Entirety and Totality

   _____

-1-

...pe of Damage/Injury/Loss:(describe type of damage, such as 'broken
leg', 'damaged carpet', etc. -- attach extra page if necessary)

Please See ATTACHMENT II

Contextually Communication Entirety and Totality

7. **Names of Employees of the City of San Mateo Believed to Have Caused the
Injury/Damage/Loss:**

San Mateo Police officer Bologna with badge number 95; San Mateo Police Superior/

Supervisor S26/526; San Mateo Police: 2 Back-Up Officers; San Mateo Police Department

8. **Total Amount Claimed:** $ . Millions

(This is the total known as of the date of presentation of this claim,
including estimated amount of any injury/damage/loss.)

**Breakdown of Total Amount Claimed:** Please See ATTACHMENT I
(Include copies of invoices, estimates, etc.)

| Creditor | Creditor's Address | Amount Paid or Due |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

9. **Names, Addresses and Telephone Numbers of Witnesses to the Incident:**

| Name | Address | Phone No. |
|---|---|---|
| No Witnesses | | |
| | | |

10. **Dated:** 4 December 2006

I declare under penalty of perjury,
under the laws of the State of
California, that I have read the
foregoing and that the same is true.

*Aisabe P. Nanfahi*
Signature
(Claimant or Authorized Representative)

(Title of Representative)

-2-

EXHIBIT 8

5. <u>Cause of Damage/Injury/Loss</u>:

   <u>ATTACHMENT I</u>

1. <u>VIOLATION OF MY CONSTITUTIONAL RIGHT</u>

   <u>4TH AMENDMENT SEIZURE</u>:

   Triggers by the facts which involve Seizure of a person

   A.  <u>ILLEGAL DETENTION</u>

       RULE OF LAW:  a.  Police officer may detain;

                     b.  and question a person;

                     c.  upon officer's reasonable belief;

                     d.  that criminal activity is **afoot**.

       TEST TO APPLY:  a.  Was person detained?

                          Yes, I was.

                          i.  Would a reasonable person free to leave?

                             No.

                       b.  Did the officer have objective basis
                           for believing that person was engaged
                           or about to engage in criminal activity?

                          No.  No objective basis.  No probable cause.
                          Officer had Subjective personal basis,
                          because San Mateo Police officer Bologna
                          with badge number 95 was engaged in Racial
                          Profiling me, the color of my skin triggered
                          in San Mateo Police officer Bologna with badge
                          number 95 to exercise Racism of me; Color-Bar
                          and Bias about me; Prejudice and Bigotry
                          concerning me the way he obviously mistreated me;
                          the methodology of his Discrimination against me.

                       c.  Was stop temporary?

                          No.  It was not.  It exceeded in excess of going
                          way beyond 40 long, unendurable, unreasonable
                          minutes, while he fished for what to falsely cite
                          me with.  He called then for back-up.  Two (2)
                          San Mateo Police officers showed up.  They
                          engaged in Conspiracy, and Accomplices what to
                          fraudulently cite me for, dishonestly cite me with.

-1-

**EXHIBIT** 9

6. Type of Damage/Injury/Loss; Total $: Millions

ATTACHMENT II

Contextually in Totality and Entirety of Communication
as heretofore set forth and described:

As set forth in the previous section #5: Cause of Damage/Injury/Loss:

The Violation of my 4th Amendment Constitutional Right of the Illegal
Detention; Conspiracy; Accomplice; Malicious Prosecution/Proceedings;
False Imprisonment; Invasion of Privacy namely Placing Me in False Light
in the Public Eye; and Defamation, which in their full scope in their
entirety and totality Injured my person; Injured my feelings; Injured my
reputation; Injured my character; as a direct consequence cause Damages
to my emotions, causing me severe emotional distress, now document
hereunder:

INJURY TO MY PERSON, TO MY FEELINGS

San Mateo Police officer Bologna with badge number 95 categorizing me
"minority" when speaking of me, describing me in that 1 word connoting
"Inferiority", pulverized me, shattered me.

San Mateo Police officer Bologna with badge number 95, and I have similar
physical anatomical parts; yet, his focus was solidly solitarily on skin
color: his white, mine not; reminding me never to forget, always to
remember he is of the "White Majority", mine not, because of my
"minority" undergird by "Inferiority", left me feeling violently violated.

San Mateo Police officer Bologna with badge number 95 reminding me
"minority" simultaneously affirmed how because he is of "White Supremacy",
of "White Manifest Destiny", and me "minority" that we are worlds apart,
him and his White Caucasians populace always up there on Top, for me
always therefor to look up,     with his Whiteness he looks down     /while
because I'm "minority" as he'd said so, with the understood silent
nonutterance but nevertheless comprehended that I as a person of color,
at the bottom of the rung, the venom Poison of his chosen categorization
of me "minority" describing me stung me, gnawed at me, bit me, hit me
hard, the Poison doing its work.

My feelings were dashed, hurt, pain, indescribable pain, devastated.

Also, because of the Racist incident caused directly by San Mateo Police
Officer Bologna with badge number 95; supported by the 2 San Mateo Police
back-up officers; in conjunction with the San Mateo Police Superior/
Supervisor S26/526 AMENDING OFFICER; and solidified by Captain Mike
Callagy of the San Mateo Police Support Services; and reinforced by The
San Mateo Police Department, my personal feelings as Human Being were
violently violated; deeply ravaged, gored, gutted, shattered, my sense
of myself as Humanity with Dignity degraded; my worth as a member of the
Human Race was viciously trampled on; my value as a viable, productive,
member of Societywwas stampeded upon, demolished, degraded, devastated,
crushed, ruined, broken, hugely damaged.

-1-

EXHIBIT 10



OFFICE OF THE CITY ATTORNEY

330 West 20th Avenue
San Mateo, California 94403-1388
Tel: (650) 522-7020
Fax: (650) 522-7021

TO:  Aisake P. Naufahu
      339 North Claremont St.
      San Mateo, CA 94401

DATE: February 5, 2007

## REVISED

RE: · Claim of Aisake P. Naufahu

Dear Sir:

NOTICE IS HEREBY GIVEN that the claim you presented to the City of San Mateo on December 07, 2006, insofar as it relates to a cause of action for injury to person or personal property, is not being considered by the City of San Mateo because it was not presented within six months after the event or occurrence as required by law.  See Sections 901 and 911.2 of the Government Code. Because that portion of the claim was not presented within the time allowed by law, no action was, or will be, taken on that portion of the claim;

Your only recourse at this time is to apply without delay to the City of San Mateo for leave to present a late claim.  See Section 911.4 and Section 946.6 of the Government Code.  Under some circumstances, leave to present a late claim will be granted.  See Section 911.6 of the Government Code.

YOU ARE FURTHER NOTIFIED that insofar as your claim relates to causes of action other than injury to person or personal property, your claim was rejected by the City of San Mateo on February 05, 2007.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,

Shawn M. Mason
City Attorney San Mateo

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States, my business address is 330 West 20th Avenue, San Mateo, CA 94403; I am employed in the County of San Mateo, where this service occurred; I am over the age of eighteen (18) years and not a party to the within cause.   I am familiar with the practice of The City of San Mateo for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

I served the foregoing **Notice of Late Claim – Notice of Action** by placing a true copy thereof for collection and mailing, in the course of ordinary business practice, with other correspondence of the City of San Mateo, located at 330 West 20th Avenue, San Mateo, CA 94403 on **February 05, 2007** enclosed in a sealed envelope with postage prepaid, addressed as follows:

Aisake P. Naufahu

339 N. Claremont St.

San Mateo, CA 94401

I certify or declare under penalty of perjury that the foregoing is true and correct. Executed on **February 05, 2007**, in San Mateo, California.

_____
William A. Beckerley

EXHIBIT 11

AISAKE (Isaac) P. NAUFAHU
339 Ni Claremont St.
SAN MATEO; CA. 94401,
PH (650) 342-4817
(650) 342-3565

July 14th, 2007

To b

Two (2) San Mateo Police officers were harrassing me Thursday Morning (July 12th 2007) while I was on my way to my job in San Carlos — and I was scheduled to start work at 4:00 Am.

The first (1st) San Mateo Police officer (head shaved with no hair) was following behind me on Delaware Street in San Mateo for about 4 blocks and pulled me over at the corner of 2ND Avenue on Delaware Street at 3:10 Am, or very shortly after without me violating any traffic codes

172

or laws — and he asked
for my driver's license and
he took it and went back to
his police car to "check me
out" on the police computer
database or whatever for
about 4 or 5 minutes and then
came back and handed me
back my driver's license without
giving me a citation.

I stopped by at a gas station on
3rd avenue (San mateo) to put gas
in my car and I was there maybe
4 minutes or so — then I went
to the Safeway store on
19th avenue (San mateo) to
pick up 2 doughnuts and 2 other
items and I was at Safeway
maybe 5-6 minutes and left
Safeway and went over and
made a left turn on
El Camino Real heading
toward San Carlos to my
job. As I was passing through
25th avenue (San mateo) — I
noticed a car following me
but I really did not pay
any attention to it
and as I was passing
through 37th avenue (

Pg 3

(Now it's Hillsdale) —
and as it turned out that
the car that was following me
on El Camino Real all the
way up to 37th avenue was
a San Mateo police car — and
the San Mateo Police Officer pulled
me over (one) block south
of 37th avenue — and I noticed
it was a different San Mateo
Police Officer (2ND Police Officer)
— he walked up to me with
his flashlight and the
first words coming out of his
mouth: "Did my partner pull
you over?" and I responded:
"Yes, a San Mateo Police Officer
first pulled me over in
San Mateo" — it was
obvious for everyone to
see that: the 2ND San
Mateo Police Officer who
pulled me over in
Hillsdale was referring

Pg 4

to the 1st san mateo
police officer who first
pulled me over in
san mateo.

The 2ND San mateo Police
Officer who pulled me over
1 (one) block of 37th avenue
(south) at about 3:40 AM
or shortly after and I could
tell by looking at his
face that he "was pissed
off about something"
— and he was "saying
stuff that did not make
sense to me"

ONE DOES not have
to be an Einstein or Isaac
Newton to know that
the 1st San mateo
police officer who

Pg. 5

pulled me over in
San Mateo (at about 3:10 AM)
or shortly after [ CALLED
the 2ND San Mateo Police
Officer to look out for
me on EL CAMINO Real
and to pull me over again
( for the 2ND time) — and
it was about 3:40 or
shortly after ⟹ I
DID NOT EVEN VIOLATE
ANY TRAFFIC CODES of
the STATE OF CALIFORNIA

⟹ AND this is
HARRASMENT No matter

Pg 6

what anybody could
say. The distance between
San Mateo and Hillsdale is
in MILES — I do not know
exactly how many miles.

I fear for my life
now — with police officers
carrying guns — no
one knows. We have
heard about them killing
innocent people and
came up with LIES left
and right until the
Truth showed up
later.

A case in mind
— is the young man
that two San Francisco
police officers killed

## pg 7

and the S.F. Police chief
and top S.F. cops went on
T.V. and said the ~~the~~
" ~~two~~ Policers (1 man and
1 woman) ~~were~~ justified
in killing the young man
(~~23~~ 22 or years old) —— because
" the young man was "firing"
at the officers first. a
few days later " the
~~same S.F. officers "~~

~~changed their story~~

~~after it was determined~~
~~that the young man~~
~~did not have~~ a gun

⟹ the young man's
mother and an Oakland
attorney filed a $10.00/XX
million ~~dollars~~ wrongful
death lawsuit.

Pg 8

I called my sister, a professer at the College of San Mateo — her name is Dr Caroline Naufahu and she called and left a message at the San Mateo Police chief's office.

✳ my sister's phone # is (650) 344-8893

✳ We have to take this case to court & ① Not only San Mateo police officers lying on CITATIONS → but now they started HARRASSING me.

Thanks,

Aisake I. Naufahu
MR. Aisake (Isaac) Naufahu

Pg 9

Both San Mateo Police
Officers involved in
pulling me over
in San Mateo and
Hillsdale in the
Morning of July 12th
2007 were White.

**EXHIBIT** 12



Invites your application for:

# Police Officer

Entry Level



New San Mateo Police Facility to open in the near future

*The City of San Mateo*

***Continuous Filing***

# The City

San Mateo is a city of 95,000 residents, located midway between San Francisco and the Silicon Valley. One of the City's strengths is its diversity, both in the ethnic makeup and physical development of the community. San Mateo has distinct residential neighborhoods and a strong business component, which includes significant retail and office uses, light manufacturing, commercial, recreation, and a healthy 17 square block downtown. It is also a regional center with two premier shopping centers, a City owned golf course, and a full range of medical services including two hospitals.

San Mateo is a full service city with a total budget of $130 million and over 550 fulltime employees. Find out more interesting facts at: **www.cityofsanmateo.org**

# The Department

The San Mateo Police Department has 113 sworn and 40 civilian positions.  24/7 operation.

## PHILOSOPHY OF THE CHIEF OF POLICE

The San Mateo Police Department is dedicated to providing the highest level of police services to all persons within our community. Fairness, equality, justice and honor are our guiding principles as we execute our duties and obligations to office. The Department also recognizes its responsibility to improve the quality of life for those who live and work within our community by forming cooperative relationships with other City departments and service providers outside the organization.



# The Position

Police Officers perform law enforcement and crime prevention work; control traffic flow and enforce state and local regulations; perform investigative work; participate in and provide support and assistance to special department crime prevention and enforcement programs and do related police work as assigned. Duties and hours will vary with assignments.

*"The Police Department is dedicated to providing the highest level of police service …"*

# The Duties

- To patrol in a radio-equipped car or on foot; answer calls for the protection of life and property;
- Enforce City, County and State laws;
- May conduct both preliminary and follow-up investigations of disturbances, prowlers, burglaries, thefts, robberies, vehicle accidents, death, and other criminal activities.
- Prepare accurate written reports utilizing proper grammar;
- Understand broadcasting procedures of a police radio system;
- Testify and present evidence in court;
- Understand and carry out oral and written direction;
- Possess the ability to accurately see and remember faces, numbers, incidents, and places, make arrests as necessary, interview victims, complainants and witnesses;
- Question suspects;  Gather and preserve evidence;
- Prepare reports of arrests made, activities performed, and unusual incidents observed;

- Learn, understand, and interpret laws and regulations;
- Search, fingerprint and transport prisoners.
- Promote the safe flow of traffic through enforcement, direction and other actions;
- Administer first aid as necessary;
- Contact and cooperate with other law enforcement agencies in matters relating to the apprehension of offenders and the investigation of offenses;
- Think and act quickly in emergencies, and evaluate situations and people accurately.
- Check buildings for physical security; perform undercover and surveillance activities; serve warrants and subpoenas. Be proficient in the proper use of firearms and other defensive implements as required.
- Establish and maintain contact and positive relationships with citizens regarding potential law enforcement issues, including informants and contacts with people who may be helpful in criminal investigations; perform other duties necessary to improve the quality of life for the citizens of San Mateo.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
CITY OF SAN MATEO, a CITY INCORPORATED,
and SAN MATEO POLICE OFFICERS, Named and Unnamed,
and Claims (Complaints) 1 through 12, inclusive,
and/with Exhibits 1 through 12

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

AISAKE (ISAAC) P. NAUFAHU, an individual
Pro Se Litigant

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 3 1 2007

Clerk of the Superior Court
By _G. Jackson_
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): 464835 |
|---|---|

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN MATEO
400 COUNTY GOVERNMENT CENTER, REDWOOD CITY, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

AISAKE (ISAAC) P. NAUFAHU, Plaintiff Pro Se Litigant

| DATE: 31st July, 2007 | Clerk, by **GEORGE JACKSON** | , Deputy |
|---|---|---|
| (Fecha) JUL 3 1 2007 **JOHN C. FITTON** | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [X] by personal delivery on (date): 31st July, 2007

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS    EXHIBIT B

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.

SHORT TITLE:

CASE NUMBER: 464835

1  City of San Mateo, a City Incorporated,
2  San Mateo Chief of Police S. E. Manheimer,
3  San Mateo Police Captain M. Callagy,
4  San Mateo Police Lieutenant A.J. Pruscan,
5  San Mateo Police Amending Officer
6  Jack Ratcliffe, 526,
7  San Mateo Police Officer Bologna
8  Badge Number 95
9
10  4 Unnamed San Mateo Police Officer
11
12                 Defendants
13  3 Incident described, documented,
14  discussed, substantiating Claims
15  (Complaints).
16
17
18
19
20
21
22
23
24
25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.  Page ____

Form Approved by the
Judicial Council of California                **ADDITIONAL PAGE**                                    CRC 201, 501
                                    Attach to Judicial Council Form or Other Court Paper

PROOF OF SERVICE
by PERSONAL DELIVERY

My name is Naufahu Powell.

I am a citizen of the United States. My age is over 18 (eighteen) years. My current residence address is 14 North Humboldt, San Mateo, California.

I declare that I am not a party to the case herein/herewith.

I personally delivered the Lawsuit Claim Document reference AISAKE NAUFAHU, PRO SE LITIGANT, PLAINTIFF vs. DEFENDANTS: 1. City of San Mateo; 2. City of San Mateo Chief of Police, Susan E. Manheimer; 3. San Mateo Police Officer Bologna badge number 95; 4. San Mateo Police Amending Officer Jack Ratcliffe S25; 5. San Mateo Police Lieutenant Alan J. Parisian; 6. San Mateo Police Captain Mike Callagy; 7. 4 unnamed police officers of San Mateo Police Department, to Defendant 1 to City Clerk, City Hall, address 330 West 20th Avenue, San Mateo, California; and to Defendants 2 to 7 to San Mateo Police Department located 2000 South Delaware, San Mateo, California on .July 31st, 2007    in sealed envelope to said Defendants as described heretofore.

I certify and simultaneously declare under penalty of perjury that the foregoing is true and ocrrent.

Executed on    31st July, 2007    and of which, to which I hereunder signed theretofore.


_Naufahu P._    7/31/07
NAUFAHU POWELL

RECEIVED

JUL 3 1 2007

1   David M. King, Esq. (Bar No. 95279)
    CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
2   Professional Law Corporation
    216 Park Road
3   P.O. Box 513
    Burlingame, California 94011-0513
4   Telephone:    (650) 342-9600
    Facsimile:    (650) 342-7685
5
    Attorneys for Defendant City of San Mateo
6

ENDORSED FILED
SAN MATEO COUNTY

AUG 2 8 2007

Clerk of the Superior Court
By    DANIEL SHEA
         DEPUTY CLERK

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN MATEO

10

11  AISAKE (ISACC) P. NAUFAHU, an          No. CIV 464835
    individual Pro Se Litigant,
12                                          ANSWER TO UNVERIFIED
              Plaintiff,                     COMPLAINT FOR DAMAGES
13
         vs.
14
    CITY OF SAN MATEO, a City              Action Filed: July 31, 2007
15  Incorporated, SAN MATEO CHIEF OF
    POLICE S.E. MANHEIMER, SAN
16  MATEO POLICE CAPTAIN M.
    CALLAGY, SAN MATEO POLICE
17  LIEUTENANT A. J. PARISIAN, SAN
    MATEO POLICE AMENDING OFFICER
18  JACK RATCLIFFE, S26, SAN MATEO
    POLICE OFFICER BOLOGNA BADGE
19  NUMBER 95, 4 UNA\NAMED SAN
    MATEO POLICE OFFICERS,
20
              Defendants.
21

22

23          COMES NOW defendant CITY OF SAN MATEO and in response to the unverified

24  complaint of plaintiff on file herein, herewith deny each and every, all and singular, the

25  allegations therein contained, and in this connection, defendant denies that plaintiff has been

26  injured or damaged in any of the sums mentioned in the complaint, or in any sum whatsoever or

27  at all, as a result of any act or omission of this answering defendant.

28  ////

    26839.00011\BGLIB1\1341159.2

                                        1

EXHIBIT C

1    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
2    COMPLAINT ON FILE HEREIN, this answering defendant alleges that said complaint, and
3    each cause of action thereof, fails to state facts sufficient to constitute a cause of action against
4    this defendant.

5    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
6    ON FILE HEREIN, this answering defendant alleges that said complaint, and each cause of
7    action thereof, fails to state facts sufficient to constitute a cause of action for punitive or
8    exemplary damages.

9    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
10   ON FILE HEREIN, this answering defendant alleges that plaintiff was himself careless and
11   negligent in and about the matters alleged in the complaint; that said carelessness and negligence
12   on said plaintiff's own part proximately contributed to the happening of the incident and to the
13   injuries, loss and damage complained of, if any there were; that should plaintiff recover
14   damages, defendant is entitled to have the amount thereof abated, reduced or eliminated to the
15   extent that plaintiff's negligence caused or contributed to their injuries, if any.

16   AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
17   ON FILE HEREIN, this answering defendant alleges that plaintiff acted with full knowledge of
18   all the facts and circumstances surrounding his injury and assumed the risk of the matters
19   causing their injury, and that said matters of which plaintiff assumed the risk proximately
20   contributed to the happening of the incident at bar and proximately caused their injury, if any.

21   AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
22   ON FILE HEREIN, this answering defendant alleges that named and/or unnamed third parties
23   were careless and negligent in and about the matters alleged in the complaint; that said
24   carelessness and negligence of said named and/or unnamed third parties proximately contributed
25   to the happening of the incident and to the injuries, loss and damage complained of by plaintiff,
26   if any there were; that should plaintiff recover damages, this answering defendant is entitled to
27   have the amount thereof abated, reduced or eliminated to the extent that said named and/or
28   unnamed third parties' negligence caused or contributed to plaintiff's injuries, if any.

26839.00011\BGLIB1\1341159.2                                              ? (No. CIV 464835)

2

1    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

2    ON FILE HEREIN, this answering defendant alleges that plaintiff failed subsequent to the

3    occurrence described in the complaint properly to mitigate his damages and thereby are

4    precluded from recovering those damages which could have reasonably been avoided by the

5    exercise of due care on the part of plaintiff.

6    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

7    COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff's complaint,

8    and each cause of action thereof, is barred by the applicable period of limitations, including but

9    not limited to 42 U.S.C. § 1986.

10    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

11    COMPLAINT ON FILE HEREIN, this answering defendant alleges that said complaint is barred

12    by the doctrine of unclean hands.

13    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

14    ON FILE HEREIN, this answering defendant alleges that said complaint is barred by the

15    doctrine of laches.

16    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

17    ON FILE HEREIN, this answering defendant alleges that said complaint is barred by the

18    doctrines of waiver and estoppel.

19    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

20    COMPLAINT ON FILE HEREIN, this answering defendant alleges that to permit recovery in

21    respect of the matters herein alleged would violate the provisions of California Const. Art. I, §§

22    1, 7, 9, 15, and 16.

23    AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

24    COMPLAINT ON FILE HEREIN, this answering defendant alleges that to permit recovery in

25    respect of the matters herein alleged would violate the provisions of United States Const. Art. I,

26    § 10.

27    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

28    COMPLAINT ON FILE HEREIN, this answering defendant alleges that to permit recovery in

1  respect of the matters herein alleged would violate the provisions of United States Const.,

2  Amend. V, VII, VIII, and XIV.

3      AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

4  COMPLAINT ON FILE HEREIN, this answering defendant alleges that to the extent that the

5  complaint alleges matters not contained in a claim presented to the City of San Mateo, those

6  allegations are or may be barred by the provisions of Government Code § 945.4.

7      AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

8  COMPLAINT ON FILE HEREIN, this answering defendant alleges that the conduct of

9  defendant is subject to the defenses and immunities of the California Tort Claims Act

10  (Government Code §§ 810 *et seq.*).

11      AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

12  COMPLAINT ON FILE HEREIN, this answering defendant alleges that's state law causes of

13  action, or portions thereof, if any, are barred by its failure to comply with the California Tort

14  Claims Act, Government Code § 900, *et seq.*

15      AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

16  COMPLAINT ON FILE HEREIN, this answering defendant alleges that he is immune from

17  liability for the matters alleged in said complaint by virtue of the Eleventh Amendment to the

18  United States Constitution and provisions of the California Government Code, including, but not

19  limited to, Sections 815.2(b), 818.2, 818.4, 818.8, 820.2, 820.4, 820.6, 820.8, 821.2, and 821.8.

20      AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

21  COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff's rights,

22  privileges and immunities secured under the Constitution or laws of the United States have not

23  been violated by any alleged action of this answering defendant.

24      AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

25  COMPLAINT ON FILE HEREIN, this answering defendant alleges that the harm which came to

26  plaintiff, if any, was a direct and proximate result of plaintiff's own actions.

27      AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

28  COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff was not

1  deprived under the color of any State law, statute, ordinance, regulation, custom or usage of any

2  right, privilege or immunity secured by the Constitution of the United States or by any Act of

3  Congress providing for equal rights of citizens or of all persons within the jurisdiction of the

4  United States.

5      AS A TWENTY SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

6  COMPLAINT ON FILE HEREIN, this answering defendant alleges that at all times mentioned

7  in said complaint, he was acting in his official capacity; his alleged actions, if any, were

8  undertaken in good faith, without malice and/or performed in the reasonable belief that such

9  actions were authorized by, and in accordance with, existing law and authority.

10      AS A TWENTY THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

11  COMPLAINT ON FILE HEREIN, this answering defendant alleges that the acts and omissions

12  attributed to him by plaintiff in his complaint are precluded by the qualified immunity defense.

13      WHEREFORE, defendant prays that plaintiff take nothing against said defendant by his

14  said complaint; that defendant have judgment for his costs of suit herein incurred, together with

15  such other and further relief as may be just and proper.

16  Dated: August _____, 2007

17          Respectfully submitted,

18          CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
            Professional Law Corporation

19

20

21  By: _____
                David M. King

22              Attorneys for Defendants
            City of San Mateo, a City Incorporated

23

24

25

26

27

28

26839.00011\BGLIB1\1341159.2                                    ? (No. CIV 464835)

5

1

## PROOF OF SERVICE

2

3    I declare that I am employed in the County of San Mateo, California.  I am over the age of eighteen (18) years and not a party to this action.  My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

4

5    I certify that the original papers filed with the Court and all copies of papers, documents, and exhibits, whether filed with the Court or served on other parties, are prepared on recycled paper.

6

7    I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service and know that this correspondence would be deposited with the United States Postal Service this day in the ordinary course of business.

8

9    On August 28, 2007, I served the attached:

10        • **ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES**

11

12   by placing a true copy thereof in a sealed envelope and placing this envelope for collection and mailing this date following the ordinary business practices of Carr, McClellan, Ingersoll, Thompson & Horn for deposit of correspondence in the United States Postal Service, addressed as follows:

13

14

15       Aisake (Isacc) P. Naufahu
         Pro Se Litigant
         339 North Claremont
16       San Mateo, CA  94401

17

         Executed on August 28, 2007, at Burlingame, California.

18

19       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21       Lori Stumpf

22

23

24

25

26

27

28