David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:    (650) 342-9600
Facsimile:    (650) 342-7685

Attorneys for Defendant City of San Mateo, a City Incorporated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>Defendants. | No. 3:07-cv-04517-JL<br><br>**MOTION TO STRIKE** |

The City of San Mateo respectfully requests the Court to strike Plaintiff Aisake Naufahu's October 9, 2007 pleading.

### I.  STATEMENT OF FACTS

On July 31, 2007, Plaintiff Aisake Naufahu filed a complaint ("Complaint") in San Mateo Superior Court, assigned civil case number 464835. The City of San Mateo ("San Mateo") answered on August 29, 2007. San Mateo removed the case to the Northern District of

California on August 31, 2007. On October 9, 2007, Mr. Naufahu filed a document, entitled "Defendants' Attorney Informed 21 September 2007. Now Formal Filing in Court. Amended Pleading." This document will be referred to as the "October 9 Pleading" hereafter and is the subject of this Motion to Strike. The October 9, 2007 Pleading restates the same facts as the Complaint, adds new damages calculations, and adds a request for punitive damages.

## II.  ARGUMENT

Plaintiff's October 9, 2007 Pleading is either an improper amendment or an improper supplemental pleading. In either case, the Court should strike it.

### A.  *The October 9 Pleading is Not a Proper Amendment.*

Mr. Naufahu's October 9, 2007 Pleading is not a proper amendment because he did not seek leave of Court. Federal Rule of Civil Procedure 15 provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

San Mateo answered on August 29, 2007. Thus, Mr. Naufahu must seek leave of court to file an amended complaint. In addition, an amended complaint "must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." Local Rule 10-1. If it is an amendment, the October 9 Pleading impermissibly attempts to incorporate the prior pleading.

### B.  *The October 9 Pleading is Not a Proper Supplemental Pleading.*

By contrast, a supplemental pleading alleges facts occurring after filing of the original pleading. Fed. R. Civ. P. 15(d); *Keith v. Volpe*, 858 Fed. 2d 467, 468 (9th Cir. 1988). Rule 15(d) provides:

////

////

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Fed. R. Civ. P. 15(d).

The October 9, 2007 Pleading purports to be an addendum—it has the word Addendum on the top of page of 1, and appears to be an attempt to add to the Complaint. Yet the October 9, 2007 Pleading does not allege any facts occurring *after* the original pleading. Moreover, a supplemental pleading also requires leave of Court, which Mr. Naufahu failed to request.

### III.  CONCLUSION

Mr. Naufahu has improperly attempted to supplement or amend his complaint. The Court should strike the October 9, 2007 Filing.

Dated: November 7, 2007

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____
David M. King
Attorneys for Defendant
City of San Mateo

# PROOF OF SERVICE

I declare that I am employed in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to this action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I certify that the original papers filed with the Court and all copies of papers, documents, and exhibits, whether filed with the Court or served on other parties, are prepared on recycled paper.

I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service and know that this correspondence would be deposited with the United States Postal Service this day in the ordinary course of business.

On November 8, 2007, I served the attached:

- **MOTION TO STRIKE**

by placing a true copy thereof in a sealed envelope and placing this envelope for collection and mailing this date following the ordinary business practices of Carr, McClellan, Ingersoll, Thompson & Horn for deposit of correspondence in the United States Postal Service, addressed as follows:

Aisake (Isacc) P. Naufahu
Pro Se Litigant
339 North Claremont
San Mateo, CA 94401

Executed on November 8, 2007, at Burlingame, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lori Stumpf

26839.00011\BGLIB1\1343362.1