David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:   (650) 342-7685

Attorneys for Defendant City of San Mateo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE AMENDING OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>Defendants. | No. C 07-04517 JL<br><br>**CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Action Filed: July 31, 2007 |

Pursuant to Local Rule 16-9(a), the City of San Mateo ("San Mateo") files this separate case management statement.

**1.   Jurisdiction and Service:**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331. A copy of the Summons and Complaint was served on the city clerk of the City of San Mateo on July 31, 2007. The individual defendants have not been served.

/ / / /

2.  **Facts:**

Mr. Naufahu alleges that his civil rights were violated on three separate occasions. Mr. Naufahu was stopped by the San Mateo Police on February 20, 2006 for a short period of time during the early morning hour, and immediately became belligerent. He was again briefly stopped in July of 2007, though no citation was issued. Mr. Naufahu also claims that he was robbed of $50 by an unnamed Police Officer in 2000.

Overall, Mr. Naufahu's complaint contains a lengthy convoluted and rambling narrative. The gravamen of the pleading is alleged violations of his Plaintiff First, Fourth Amendment and Fourteenth Amendment rights, as well as numerous torts. All of these allegations are meritless.

3.  **Legal Issues:**

a.  Whether Mr. Naufahu suffered a deprivation of his Fourth Amendment rights on February 20, 2006 or July 12, 2007.

b.  Whether San Mateo violated the Fourteenth Amendment at any point.

c.  Whether federal immunity applies.

4.  **Motions:**

San Mateo filed a Motion to Strike on November 8, 2007, which will be heard on January 23, 2008.

5.  **Amendment of Pleadings:**

San Mateo proposes a deadline of February 22, 2008 to complete amendment of pleadings.

6.  **Evidence Preservation:**

San Mateo has collected the records in its possession concerning Mr. Naufahu's February 20, 2006 traffic stop, his July 12, 2007 traffic stop, and his January 22, 2000 arrest.

7.  **Disclosures:**

Rule 26 disclosures are due November 28, 2007 and are being served contemporaneously.

8.  **Discovery:**

No discovery has yet taken place.

1  Under Rule 26 (f) San Mateo proposes to the Court the following discovery plan.

2  Discovery will be needed on the following subjects: Mr. Naufahu's traffic stop on
3  February 20, 2006, his July 12, 2007 traffic stop, and his January 22, 2000 arrest.

4  All discovery commenced in time to be completed by October 1, 2008.

5  Maximum of 25 interrogatories by each party to the other party. Responses are due
6  within 30 days of service.

7  Maximum of 25 requests for admissions by each party to the other party. Responses are
8  due within 30 days of service.

9  Maximum of 5 depositions by plaintiff and 5 by defendant.

10  Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

11  Reports from retained experts under Rule 26(a)(2) due:

12  - from plaintiff by September 1, 2008

13  - from defendant by September 1, 2008

14  Supplementations under Rule 26(e) due September 15, 2008.

15  **9.   Class Actions:**

16  Not applicable.

17  **10.  Related Cases:**

18  Not applicable.

19  **11.  Relief:**

20  The Complaint seeks $15.5 million dollars in damages:

21  - $1.5 million for a violation of the Fourth Amendment;

22  - $1.5 million for Conspiracy;

23  - $1.5 million for Accomplice;

24  - $1.5 million for Malicious Prosecution;

25  - $1 million for False Imprisonment;

26  - $1 million for Miscellaneous Tort: Invasion of Privacy: Placing person in False
27    Light;

28  - $1 million for Miscellaneous Tort: Invasion of Privacy: Placing person in False

   Light;

- $1 million for Defamation: 1st Claim;
- $1 million for Defamation: 2nd Claim;
- $1.5 million for Police Cover-Up;
- $1.5 million for Civil Rights Violation of Due Process; and
- $1.5 million for Harassment; Racial Insult; Mental Abuse; Psychological Abuse, Emotional Distress.

12. **Settlement and ADR:**

San Mateo has filed its ADR Certification and Notice of ADR Phone Conference.

13. **Consent to Magistrate Judge for All Purposes:**

San Mateo will not consent to a proceeding before a United States Magistrate Judge.

14. **Other References:**

Not applicable.

15. **Narrowing of Issues:**

Not applicable.

16. **Expedited Schedule:**

Not applicable.

17. **Scheduling:**

Designation of Experts: April 1, 2008

Discovery Cut-Off: October 1, 2008

Dispositive Motions: December 1, 2008

Pre-Trial Conference: May 18, 2009

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

- from plaintiff by May 1, 2009.
- from defendants by May 1, 2009.
- objections under Rule 26(a)(3) due May 15, 2009.

Trial: June 1, 2009

18. **Trial:**

San Mateo has demanded a jury trial. San Mateo expects the trial to last one week.

**19. Disclosure of Non-Party Interested Entities or Persons:**

This rule is not applicable to "any governmental entity or its agencies." Civil Local Rule 3-16.

**20. Other matters:**

Not applicable.

Dated: November 28, 2007

        CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
        Professional Law Corporation

By: _____
        David M. King/Jeremy A. Burns
        Attorneys for Defendant
        CITY OF SAN MATEO

**CASE MANAGEMENT ORDER**

San Mateo's November 28, 2007, Case Management Statement and Proposed Order is hereby adopted by the Court as a Case Management Order for the case, and the parties are ordered to comply with this Order with the following modifications:

- Further Case Management Conference:
- Last day for supplemental disclosures:
- Summary Judgment motion:
- Discovery cut-off:
- Expert Designations:
- Expert Counter-Designations:
- Expert Discovery cut-off:
- Last day to hear dispositive motions:
- Pretrial conference:
- Trial Date:

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE JAMES LARSON
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I declare that I am employed in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to this action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I certify that the original papers filed with the Court and all copies of papers, documents, and exhibits, whether filed with the Court or served on other parties, are prepared on recycled paper.

I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service and know that this correspondence would be deposited with the United States Postal Service this day in the ordinary course of business.

On November 28, 2007, I served the attached:

- **CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

by placing a true copy thereof in a sealed envelope and placing this envelope for collection and mailing this date following the ordinary business practices of Carr, McClellan, Ingersoll, Thompson & Horn for deposit of correspondence in the United States Postal Service, addressed as follows:

Aisake (Isacc) P. Naufahu
Pro Se Litigant
339 North Claremont
San Mateo, CA 94401

Executed on November 28, 2007, at Burlingame, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lori Stumpf

26839.00011\BGLIB1\1343362.1