

PRO SE LITIGANT

AISAKE (ISAAC) P. NAUFAHU
339 NORTH CLAREMONT
SAN MATEO, CALIFORNIA 94401

TELEPHONE: 650-342-4817

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISAAC) P. NAUFAHU

      Plaintiff,

v.

CITY OF SAN MATEO,

SAN MATEO CHIEF OF POLICE S. E. MANHEIMER,
SAN MATEO POLICE CAPTAIN M. CALLAGY,
SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,
SAN MATEO POLICE AMENDING OFFICER JACK RADCLIFFE S26,
SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95,
SAN MATEO POLICE OFFICER RICHARD REYNA,
SAN MATEO POLICE OFFICER MATTHEW LETHIN,
2 UNNAMED SAN MATEO POLICE OFFICERS

      Defendants

NO C 07 -4517 MMC

ORDER STRIKING AMENDED
COMPLAINT.

PLAINTIFF'S RESPONSE
THERETO.

Your Honor,

I am appalled as Your Honor's Order as abovecaptioned.  EXHIBIT 1, received
March 7, 2008.

Focusing on the Case Management Hearing before Your Honor on Friday January 11,
2008, my personal understanding, and also gleaned from notes a Court spectator
took EXHIBIT 2 is that Your Honor gave me 45 days till February 29, 2008 to
(1) Plaintiff to serve police: effectively executed February 4, 2008; and
(2) Move to Amend, which to me meant the Court Grant that Your Honor by such
wordings from Your Own Mouth the Court thereby therefore: COURT MOVE = COURT
ORDER = COURT RULE = COURT DECIDE = COURT APPROVE for me Plaintiff because
You've just said for (1) Plaintiff..., and (2) Plaintiff to/can Amend
Complaint because COURT MOVE (FOR PLAINTIFF TO/CAN AMEND) COMPLAINT EXHIBIT 3,
IN COMPLIANCE OF PLAINTIFF BECAUSE COURT HAS SO MOVE TO AMEND COMPLAINT, 1 page
of Multipaged Document Filed February 26, 2008 TO CATCH DEADLINE YOUR HONOR
HAS SET GIVING ME 45 DAYS UP TILL FEBRUARY 29, 2008 TO CARRY OUT BOTH (1) AND

1

**1** (2), as aforeclarified, subsequent to which I received from Your Honor MMC
received
**2** NOTICE OF REFERENCE on March 1, 2008 EXHIBIT 4 which to my understanding is
**3** the Court of Your Honor's Clarification from Your Honor to Refer to Judge
James for all Matters reference this Case, now Amend, as to Discovery, et
**4** cetra, such as Meet and Confer, Joint Letter/Separate Letter, et cetra, ALL
**5** SUBSEQUENT, AFTER THE EFFECT, AFTER THE EVENT OF AMEND COMPLAINT BEFORE YOUR
**6** COURT, FILED ON FEBRUARY 26, 2008, and JUDGE JAMES' ORDER DATED FEBRUARY 29,
**6** 2008, which incidentally was THE VERY DEADLINE YOUR HONOR SET FOR ME AS TO
**7** (2) AMEND COMPLAINT, BUT OF WHICH I COMPLIED WITH ON FEBRUARY 26, 2008
**8** thereby therefore YOUR HONOR HAVING RECEIVED MY AMEND COMPLAINT ON FEBRUARY 26,
LO AND BEHOLD, JUDGE JAMES' ORDER AS TO REFERENCE (MATTERS) AFOREDESCRIBED,
**9** DATED FEBRUARY 29 OF WHICH YOUR HONOR MMC GAVE ORDER TO REFER TO, YOUR HONOR
**10** PLEASE NOTE THAT THERE IS A LINK HERE, AND THE CHAINS ARE CONNECTED AS TO DATES
AND TIMING.
**11**

**12** Your Honor will please Note that before this Case came to Your Court, it was
**13** before Judge James Larsen, where the same thing reference Discovery, Meet and
Confer, File Joint Letter/Separate Letter with direct regards to MY ORIGINAL
**14** COMPLAINT filed 31 July 2007 in San Mateo County, and defendant Removal to
**15** United States Federal Court.

**16** It is illogical and nonsensical if the Reference Your Honor Court Order was to
**17** Judge James as to Original Complaint which would be repetitive of that of
**18** Judge Larsen's.

**19** What is logical and sensical is that the Guidelines by Judge Larsen was to
**20** Original Complaint.

**21** The Guidelines of Reference by Judge James, PURSUANT TO YOUR HONOR'S COURT
**22** ORDER POINTS DIRECTLY TO AMEND COMPLAINT, FOCUSING WITH SPECIFICITY AS TO DATES
EACH WAS FILED, MY AMEND COMPLAINT ON FEBRUARY 26TH, JUDGE JAMES' ON FEBRUARY
**23** 29th.

**24** Your Honor vacillates. With High Visibility. For all to see, and discern.
**25** First, Your Honor MOVE = ORDER = RULE = DECIDE = APPROVE AMEND COMPLAINT.
**26** Second, Your Honor sent Reference to comply with Judge James' discovery, et
cetra, as aforedescribed, in directional point SINGULARLY, EXCLUSIVELY TO
**27** AMEND COMPLAINT. Then, Your Honor Move To Strike Your Own Court-Order Ruling
**28** which came from Your Honor's Own Mouth.

Your Honor, a Judge in Santa Clara was Disbarred by The State Bar of California for doing as the Court pleases.

Your Honor echoes what President Clinton said of Abama, "The biggest fairytale (is for person of color to even think of President in WHITE House)".  People of color for cooks, cleaners, chauffers, not one of us, not of our own kind, White Supremacy Ruling prevalently, perpetually, permanently.

The crux of My Case before Your Honor concerns Violations of my Constitutional Rights: 1st, 4th, 14th; Civil Rights, and other Issues of the Law of The United States which centers on Racial Prejudice, Bias, Discrimination, Racial Vitu-perative Insults, Mental/Psychological Abuse, Emotional Distress, et cetra.

Your Honor please do not tamper with evidence of the Court Transcript of January 11, 2008.  Two (2) Court Reporters were observed transcribing.  I want to see the Court Transcript because it should reflect my EXHIBIT 2 with particularity and specificity of focus as to Your Honor's MOVE as aforementioned and for the United States Attorney General Michael B. Mukasey, and for the United States Attorney of The Northern District Joseph Russinello to listen to the Court Tapes, and look at the Court Transcript.

What is galling  and most unbecoming of a Judge to do is that Your Honor upon mentioning this Case going to Trial, YOUR HONOR LOOK DIRECTLY TO MY SIDE EXCLUSIVITY AT ADVERSE ATTORNEY David M. King, and ask him if he approves of Judge Zimmerman, and do not object to Judge Zimmerman.

Your Honor did not ask me, yet I was standing directly in front of Your Honor.

Already Your Honor by such Attitude palpable, visible, unmistakable, undoubted, tangible, distinct, discernible thereby is Partial already to Adverse Party therefor Favors Adverse Party, and takes side already of/with Adverse Party.

Your Honor mentioned in Court Your Honor having read everything about this Case. Impressive to me was Your Honor noting adverse party attorney David M. King Motion to Strike my attempt to Add Punitive Damages, and asking Your Honor's Clerk as to Document of Plaintiff reference Defendant Attorney Informed, Now Formal Filing, and Clerk beginning to Search Computer, whereupon Your Honor mentioned the proper Legal Document.

3

**1** This very same adverse party attorney David M. King is the very same Attorney
**2** who had signed himself in Court Document Attorney for Defendant, EXHIBIT 5,
**3** and in another Court Document signed himself as Attorney for Plaintiff,
EXHIBIT 6, please see Exhibit 2 of EXHIBIT 6.

**4**
**5** Your Honor by Your Own Articulation in Your Own Court that Your Honor have read
all Documents about this Case surely You have read Court Documents EXHIBITS
**6** 5 and 6, as aforestated; yet Your Honor did not Strike Out the adverse party
**7** Attorney David M. King for Lies and Falsehoods because as Plaintiff, I have
not retained him as my Attorney, yet he had gone ahead, knowingly, volitionally
**8** wilfully signed himself as Attorney for Plaintiff.  Such Lies and Falsehoods
**9** following him in trail into Your Honor's Court.

**10** All the more Telling Your Honor had Sanction adverse party attorney, lacking
**11** Integrity and No Professional Honesty bringing Cloud of Doubt to the Integrity
and Professional Honesty of the Legal Profession.
**12**

**13** Your Honor's Partiality to adverse party is moreover validated by Your Honor's
assertion that Your Honor did not receive Notice; yet Your Honor was Already
**14** Served Notice of Plaintiff's Motion to File Amend Complaint EXHIBIT 7 Right
**15** Hand side No. C-07-4517 MMC, below item 3, NOTICE OF PLAINTIFF'S MOTION TO FILE
**16** AMENDED COMPLAINT/PLEADING, pages 1, 5, 6 of Multipaged Document; but Your
Honor on January 11, 2008 HAD ALREADY MOVE = ORDER = RULE = DECIDE = APPROVE
**17** SUCH AN AMEND BY YOUR HONOR'S OWN MOVE, and now Your Honor indicates that
**18** Amend Complaint should have (prior) written consent of adverse party; oh yes,
**19** just as Your Honor ask to the exclusivity only of adverse party attorney to his
Consent and no objection to Judge Zimmerman, never mind me the Plaintiff.
**20**

**21** Your Honor, obviously by Your Own Behavior/Attitude in Your Own Court, had
**22** already MADE YOUR MIND = PREDETERMINED YOUR DECISION BEFORE YOUR HONOR ENTERS
YOUR OWN COURT AND SIT ON THE BENCH.
**23**

**24** Your Honor has collapsed the Judiciary Respectability, and Unambiquity Honora-
bility of Your Own Court.
**25**

**26** You brought Injustice to Your Honor's Own MOVE by Your Honor's Own Conduct in
Your Honor's Own Court, and Behavior/Attitude of Favoritism/Bias/Prejudice/
**27** Mindset, asking ONLY adverse party attorney if he approves/consents and not obje-
**28** ct to Judge Zimmerman, totally ignoring me Plaintiff directly in front of You.

4

Thereby Your Honor by that one (1) question out of Your Own Mouth of the
Court, exclusively to adverse party attorney only reflects unambiguously,
undoubtedly clearly Mirror Image of Your Honor's Favoritism/Partiality/
Conclusively to propitiously benefit/advantage of adverse party, never
mind Plaintiff in Your Honor's assessment/evaluation therefor.

From Your Honor's Own Mouth in Your Court, "Words are Cheap".  It's the
action that speaks.  How True Your Honor.

Your Honor, I have filed only Truths in my Court Documents.  As I stood
before Your Honor, I have spoken ONLY TRUTHS knowing one day I will stand
before The Judge in The Day of Judgment, as all of the whole human race
one by one would.

Your Authority, and Power as United States Federal Judge I now submit
to the President of The United States who appoints Federal Judges in accordance
with Article III of The United States Constitution to examine Your Honor's Fit-
ness as Judge of the Federal Court, to sit on the Federal Bench since Your
Honor MOVE, as aforedescribed, then Your Honor Strike Out Your Own Move
which thereby directly therefore Dishonors Your Honor by Your Own Self; to
The California State Bar; and to The United States Attorney General Michael B.
Mukasey, and to The United States Attorney for The Northern District of Cali-
fornia Joseph Russinello to examine Your Court Transcript of January 11, 2008
reference particularly with specificity focus Your Honor MOVE=ORDER=RULE=
DECIDE=APPROVE on January 11, 2008 for me Plaintiff to go ahead to/can Amend
Complaint.

In "God We Trust" so daily promises our American Money System amongst our
more important/significant transactions; none other such Promise like it
elsewhere in the entire world.

I as Plaintiff likewise in "God I Trust".

Your Honor because as aforechronicled has Partiality toward adverse party,
therefore I as Plaintiff, take up my Bible as all American Presidents do
when Inaugurated hold their Bible(s), and likewise swearing in of Parties

5

before Judge(s), I do also compliantly following such Honorable American Tradition, "...so Help me God".


Dated: January 10, 2008


                              Respectfully submitted,

                              *Aisake P. Naufahu*

                              AISAKE (ISAAC) P. NAUFAHU

                              Pro Se Litigant

EXHIBIT 1

**FILED**

MAR X 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#36

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISSAC) P. NAUFAHU,

    Plaintiffs

v.

CITY OF SAN MATEO, et al.,

    Defendants

_____/

No. C 07-4517 MMC

**ORDER STRIKING AMENDED COMPLAINT**

Before the Court is plaintiff's filing of February 26, 2008, titled "United States Federal Judge the Right Honorable Maxine M. Chesney on Jan 11, '08 Granted 2 Rulings to Plaintiff 45 Days Up To Feb 29, '08 (1) Service of Process to Police Defendants Effectively Executed 4 Feb '08; and (2) Amend Complaint," which filing the Court construes as an amended complaint.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." See Fed.R.Civ.P. 15(a). In the instant action, an answer was filed and served by defendant City of San Mateo on August 28, 2007. (See Notice of Removal Ex. C.) Under such circumstances, "a party may amend the party's pleading only by leave

//

//

1  of court or by written consent of the adverse party." See Fed.R.Civ.P. 15(a).[1] Because

2  plaintiff, prior to filing his amended complaint, failed to file a motion to amend, or a

3  stipulation of the parties, the filing of said amended complaint is in violation of Rule 15(a).

4      Accordingly, the amended complaint is hereby STRICKEN from the record.

5      **IT IS SO ORDERED**.

6  Dated: March 4, 2008

7                                      MAXINE M. CHESNEY
                                       United States District Judge

27  [1] Consistent therewith, the Court, at the January 11, 2008 case management
28  conference, gave plaintiff a deadline to file a motion to file an amended complaint. (See
    Civil Minutes, filed Jan. 11, 2008.)

2



OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Rec'd 3/7/08

Aisake (Isaac) P. Naufahu
339 North Claremont Street
San Mateo, CA 94401

94401B1725 C805

EXHIBIT 2

Friday 11 Jan 2008
Fed Bd, 19th Floor, Rm 7
10:30 AM, Judge Maxine M. Chesney

Aisake (Isaac) P. Naufahu
v.
City of San Mateo
et al

C07-4517

w/me, Loselea, & Ana Silmi,
Loselea driving

"Words are cheap"

✓ Motion to Strike → the response to
Amendment [1st Amended Pleading]

✓ Case Management Statement

✓ 2,3 traffic stops

45 days

Jan 11th          Feb 29th

①  π to serve police

②  Move to Amend

Grant

EXHIBIT 3

PRO SE LITIGANT

AISAKE (ISAAC) P. NAUFAHU
339 NORTH CLAREMONT
SAN MATEO, CALIFORNIA 94401

TELEPHONE: 650-342-4817

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISAAC) P. NAUFAHU

        Plaintiff,

v.

CITY OF SAN MATEO, Incorporated,
SAN MATEO CHIEF OF POLICE S. E. MANHEIMER,
SAN MATEO POLICE CAPTAIN M. CALLAGY,
SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,
SAN MATEO POLICE AMENDING OFFICER JACK RADCLIFFE S26,
SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95,
SAN MATEO POLICE OFFICER RICHARD REYNA,
SAN MATEO POLICE OFFICER MATTHEW LETHIN,
2 UNNAMED SAN MATEO POLICE OFFICERS

        Defendants

NO. C07-04517 MMC

UNITED STATES FEDERAL
JUDGE THE RIGHT
HONORABLE MAXINE M.
CHESNEY ON JAN 11, '08
GRANTED 2 RULINGS TO
PLAINTIFF 45 DAYS UP
TO FEB 29, '08
(1) SERVICE OF PROCESS
TO POLICE DEFENDANTS
EFFECTIVELY EXECUTED
4 FEB '08; and (2)
AMEND COMPLAINT: HERE-
IN, HEREUNDER

Plaintiff Aisake (Isaac) P. Naufahu, hereafter Isaac, is most grateful to The
Right Honorable Judge Maxine M. Chesney Granting Rulings as abovestated, and
now for Isaac's Amend Complaint.

## FACTS

Isaac is a law-abiding citizen. Yet, defendants City of San Mateo police
officers named, and unnamed subjected Isaac to Racial Profilings, and by their
Authority of their inherent Power as law officers inflicted hard, unjustified,
unlawful, illegal treatments on Isaac because of ISAAC'S ETHNIC MINORITY RACE
AS PERSON OF COLOR LEAST ABLE AND INCAPABLE TO DEFEND HIMSELF with the concomi-
tant expectations of these named/unnamed defendants San Mateo police officers
that because of Isaac's ethnic minority racial person of color, he should
willingly, subserviently take the brutal abusive systematic animalistic

1

EXHIBIT 4

1
2
3
4
5
6
7
8         IN THE UNITED STATES DISTRICT COURT
9
10              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

AISAKE (ISSAC) P. NAUFAHU,                    No. C 07-4517 MMC (MEJ)

12              Plaintiff,

13                                             **NOTICE OF REFERENCE**
      vs.
14

CITY OF SAN MATEO, et al.,

15              Defendants.
16  _____/

17

18  TO ALL PARTIES AND COUNSEL OF RECORD:

19          The above-captioned case was referred to Magistrate Judge Maria-Elena James for purposes

20  of discovery.  Please be advised that if a specific motion was filed before the district court prior to

21  this referral, the noticed date will no longer be in effect.  Rather, the parties shall comply with Judge

22  James' Standing Order Regarding Discovery and Dispute Procedures, a copy of which may be

23  obtained from the Northern District of California's website at http://www.cand.uscourts.gov/

24  From the homepage, click on the "Judges" tab on the left margin, then choose Magistrate Judge

25  James.

26          Counsel are advised that in regard to any pending discovery disputes, they must comply with

27  Judge James' standing order and meet and confer in person.  If the parties are unable to resolve their

28  dispute after the meet and confer session, they shall file a joint meet and confer letter.  A separate

United States District Court
For the Northern District of California

1  letter should be filed for each category of discovery and/or issue in dispute.  Upon careful review of

2  the parties' letter, the Court will either order further briefing, oral argument, or deem the matter

3  submitted on the papers.  Accordingly, any pending discovery motions are hereby DENIED

4  WITHOUT PREJUDICE to the filing of a joint letter.

5      Further, when filing papers that require the Court to take any action (e.g. motions, meet and

6  confer letters, administrative requests), the parties shall, in addition to filing papers electronically,

7  lodge with chambers a printed copy of the papers by noon of the next court day following the day

8  the papers are filed electronically.  These printed copies shall be marked "Chambers Copy" and shall

9  be submitted to the Clerk's Office, in an envelope clearly marked with Judge James' name, case

10  number and "E-Filing Chambers Copy."  Parties shall not file a paper copy of any document with

11  the Clerk's Office that has already been filed electronically.

12      Please contact the Courtroom Deputy Clerk, Brenda Tolbert, at (415) 522-4708 with any

13  questions.

14      **IT IS SO ORDERED.**

15

16  Dated: February 29, 2008



17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

2

94401+1725

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

SAN FRANCISCO CA 9

29 FEB 2008 PM

$00.4

Aisake (Isaac) P. Naufahu
339 North Claremont Street
San Mateo, CA 94401

CV07-4517

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER RE: DISCOVERY AND DISPUTE PROCEDURES FOR CASES ASSIGNED OR REFERRED TO MAG. JUDGE MARIA-ELENA JAMES

This standing order informs a *pro se* party and/or counsel of the specific procedures for all cases, except those categories of cases listed in Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(E), assigned to Magistrate Judge Maria-Elena James for trial or referred for purposes of discovery. All parties and counsel are required to follow these procedures.

1.      Parties shall propound disclosures and discovery in accordance with FRCP 26 and 30-36, and Civil Local Rules 26, 30, 33, 34 and 36. A copy of the Civil Local Rules for the Northern District of California is available at the Clerk's Office or for public viewing at the Court's internet site - http://www.cand.uscourts.gov. All requests for protective orders must comply with Civil Local Rule 79-5. Pursuant to FRCP 30(a)(2), no more than ten depositions may be taken except by order of the Court. Pursuant to FRCP 33(a) and Civil Local Rule 33-3, no more than 25 interrogatories shall be propounded except pursuant to stipulation or order of the Court.

2.      The parties shall meet and confer regarding their initial disclosures pursuant to FRCP 26(f) and shall make disclosures pursuant to FRCP 26(a)(1)(E). The parties shall supplement their initial disclosures when required under FRCP 26(e)(1).

3.      The Court will not consider a formal motion to compel under Civil Local Rule 7. Instead, counsel must meet and confer **in person** for the purpose of resolving all disclosure and/or discovery disputes. Thereafter, if any disputes remain, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the joint letter the parties met and conferred **in person** for purposes of resolving the dispute; (2) sets forth the unresolved dispute and any pertinent factual background; and (3) states each party's position as supported by appropriate legal authority. The joint letter shall be signed by both parties, shall be limited to

1

1    five pages and may not be accompanied by exhibits or affidavits other than exact copies of

2    disputed interrogatories, requests for production of documents and/or responses, privilege logs,

3    and relevant deposition testimony. The parties need not state all disputes in one letter; rather, it

4    is preferable that the parties file a separate letter for each dispute.

5    4.    In the event that counsel is unable to meet and confer with a party or opposing counsel

6    as directed above, counsel shall file a written request for a telephonic conference for the

7    purpose of enforcing the Court's requirement to meet and confer, or for the Court to fashion an

8    alternative procedure which satisfies the meet and confer requirement. Counsel's written

9    request shall state (1) three agreed upon prospective times and dates for the telephonic

10   discovery conference to take place, (2) the anticipated length of the conference, and (3) the

11   phone numbers at which counsel shall be contacted on the day of the conference. A copy of the

12   written request shall be served on opposing counsel and verification of said service shall be

13   filed with the request. Additionally, counsel shall file a declaration which states any attempt to

14   meet and confer and the reasons for the inability to comply with this standing order. Counsel

15   may attach exhibits to support the declaration, but the declaration and exhibits combined may

16   not exceed seven pages. The Court will not excuse a party from the requisite in-person meeting

17   unless good cause is shown.

18   5.    In the event that the parties are participating in a deposition or a site inspection and a

19   discovery dispute arises regarding the deposition and/or site inspection, the parties may contact

20   Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge

21   James is available to resolve the parties' impending dispute telephonically. In the event that

22   Judge James is unavailable or the parties are unable to contact Judge James' courtroom deputy

23   for any reason, the parties shall proceed follow the procedures for requesting a telephonic

24   conference as set forth in paragraph 4 above. The deposition or site inspection shall

25   nevertheless proceed with objections noted for the record.

26   6.    In the event that a matter is to be taken off calender, or continued to a further date, a

27

28                                                2

written stipulation signed by the parties shall be filed with the Court for approval.

7.     Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact the Court *ex parte* without prior notice to the opposing party. Further, all communications or questions to the Court shall be presented to the Court in writing and shall be properly filed. Parties must certify to the Court that all parties were served a copy of the written communication. Unless expressly requested by the Court, documents should not be faxed to chambers but should be filed or lodged in accordance with the Local Rules of Court.

8.     Parties shall not mail or fax to the Court copies of correspondence from a party regarding any dispute pending before the Court.

9.     Motions for sanctions shall be filed separately, pursuant to FRCP 37, and Civil Local Rules 7 and 37-3. Any party seeking an award of attorney's fees or other expenses in connection with a motion shall file a declaration with the opposition or reply memorandum which itemizes with particularity the fees and expenses claimed.

10.     In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day after filing. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

The failure of a party to abide by Judge James' Discovery and Disclosure Dispute Procedures may result in sanctions, pursuant to FRCP 16(f) and Civil Local Rule 37-3.

**IT IS SO ORDERED.**

Dated: May 31, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

3

EXHIBIT 5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISAAC) NAUFAHU,

Plaintiff(s),

CASE NO. C 07-04517 JL

v.

CITY OF SAN MATEO,

AMENDED
NOTICE OF NEED FOR ADR PHONE
CONFERENCE

Defendant(s).

_____/

Counsel report that they have met and conferred regarding ADR and that they:

✓  have not yet reached an agreement to an ADR process

✓  request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference DECEMBER 5, 2007 . ▣

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|------|--------------------|-----------|----------------|
| DAVID M. KING | CITY OF SAN MATEO | (650) 342-9600 | dking@carr-mcclellan.com |
| JEREMY A. BURNS | CITY OF SAN MATEO | (650) 342-9600 | jburns@carr-mcclellan.com |
| AISAKE (ISAAC) NAUFAHU IN PRO PER | | (650) 324-4817 | |

*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference.*

Dated:_____

Dated: Nov. 21, 2007▣

Attorney for Plaintiff

David M. King
Attorney for Defendant

Rev 12.05

EXHIBIT 6



PRO SE LITIGANT

AISAKE (ISAAC) P. NAUFAHU
339 NORTH CLAREMONT STREET
SAN MATEO, CALIFORNIA 94401

TELEPHONE: 650-342-4817

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISAAC) P. NAUFAHU

      Plaintiff,

v.

CITY OF SAN MATEO, a City Incorporated,
SAN MATEO CHIEF OF POLICE S. E. MANHEIMER,
SAN MATEO POLICE CAPTAIN M. CALLAGY,
SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,
SAN MATEO POLICE AMENDING OFFICER JACK RADCLIFFE S26,
SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95,
4 UNNAMED SAN MATEO POLICE OFFICERS

      Defendants

No. C 07-04517 JL

VOID AND NULLIFY
ADR CERTIFICATION BY
PARTIES AND COUNSEL
(EXHIBIT 1)

VOID AND NULLIFY NOTICE
OF NEED FOR ADR PHONE
CONFERENCE (EXHIBIT 2)

REASONS HEREUNDER

## FACTS

EXHIBIT 1 is self-explanatory. Plaintiff was not invited, nor sought out, nor involved in any of discussions mentioned.

EXHIBIT 2 is likewise self-explanatory. Counsel who signed as Attorney for Plaintiff, / not Attorney for Plaintiff, a Falsehood. Said Counsel report /is more Falsehoods. No meeting took place between Plaintiff and Defendants. Likewise, No conferences took place. Plaintiff called for Meeting and for Conference; but calls of plaintiff were never returned by Counsel(s) for defendants.

Counsel for City of San Mateo Shawn Mason, Esq is hand-delivered to City Attorney of said City of San Mateo Office copy of this Document as Filed in Court.

Also, Counsel(s) for defendants: David M. King, Esq, and Jeremy A. Burns, Esq are also hand-delivered Copy of this Document as Filed in Court to Law Offices of Carr, etc in their Burlingame Office in 216 Park Road.

In addition to All Documents of Pleading(s) Respectfully Submitted by Plaintiff to Court, may the Honorable Court please take Notice of Continuing Lies and

1

1 Falsehoods by defendants, and now by defendants' Counsel.

2

## ARGUMENT

3
4   Plaintiff respectfully asks of The Honorable Court to please Note that Lies
    and Falsehoods in EXHIBIT 1, and EXHIBIT 2 have become habitual and characte-
5   ristic of defendants.

6   Defendants' Treatment Habitually of Plaintiff is RACIST as obvioused and
7   evidentiary by treating plaintiff with no respect because plaintiff is a
    person of color and inferior and leading defendants' attitude of White
8   Supremacy.

9   Plaintiff further respectfully asks of The Honorable Court to please Note
10  further to please add-on defendants' Lies and Falsehoods to all of the other
    Lies and Falsehoods of defendants as documented, and brought timely before
11  The Honorable Court because Filed timely in Court.

12
    Defendants are in Positions of Power to do Good; but they do not as verified
13  by their Lies and Falsehoods leading to CORRUPTIONS.

14  Defendants' PATTERN OF CORRUPTIONS AND CONSPIRACY AND COVER-UPS continue
15  relentlessly, unabated, and unstopped.

16  The Honorable Court has The Power, THE ULTIMATE POWER TO STOP THE CORRUPTIONS
    OF DEFENDANTS.
17

18  Punitive Damages as asked for and sought by Plaintiff must prevail for there
    to be Justice.
19
    As CHIEF LAW OFFICER OF THE HONORABLE COURT, THE HONORABLE COURT MUST DEAL IN
20  TRUTHS, Not The Lies and Falsehoods As Perpetuated By Defendants, And Now
21  By DEFENDANTS' COUNSEL.

22  Therefore, The Honorable Court Please Void and Nullify ADR Certification by
    Parties and Counsel.
23
    Therefore, Furthermore, The Honorable Court please also Void and Nullify
24  Notice of Need for ADR Phone Conference.

25
26

## CONCLUSION

27  Therefore, The Honorable Court has The Only Option available.  STOP DEFENDANTS'
    CORRUPTIONS.  Punitive Damages, Plus All Other Damages Plaintiff seeks should
28  be granted for JUSTICE TO PREVAIL.                                          2

1   Dated: <u>21 November 2007</u>

5                                   Respectfully submitted:

7                                   By _____

8                                   AISAKE (ISAAC) P. NAUFAHU

9                                   Plaintiff, Pro Se Litigant

**EXHIBIT  |**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISACC) NAUFAHU,

            Plaintiff(s),

        v.

CITY OF SAN MATEO,

            Defendant(s).

Case No. C 07-04517 JL

ADR CERTIFICATION BY PARTIES
AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of California*" on the Court's ADR Internet site www.adr.cand.uscourts.gov  (*Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated: Nov. 14, 2007

Dated: Nov. 14, 2007

Shaw Mason, Esq.
[Party]

Jeremy A. Burns, Esq.
[Counsel]

**EXHIBIT** 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISACC) NAUFAHU,

CASE NO. C 07-04517 JL

Plaintiff(s),

v.

NOTICE OF NEED FOR ADR PHONE
CONFERENCE

CITY OF SAN MATEO,

Defendant(s).

_____/

Counsel report that they have met and conferred regarding ADR and that they:

      have not yet reached an agreement to an ADR process
      request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference December 5, 2007 ◼

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|---|---|---|---|
| David M. King, Esq. | City of San Mateo | (650) 342-9600 | dking@carr-mcclellan.com |
| Jeremy A. Burns, Esq. | City of San Mateo | (650) 342-9600 | jburns@carr-mcclellan.com |
| Aisake (Isacc) Naufahu | In Pro Per | (650) 342-4817 | |

*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference.*

Dated: Nov. 14, 2007

David M. King, Esq. ◼
Attorney for Plaintiff

Dated: _____

Attorney for Defendant

Rev 12.05

EXHIBIT 7

1  PRO SE LITIGANT

2  AISAKE (ISAAC) P. NAUFAHU
   339 NORTH CLAREMONT
3  SAN MATEO, CALIFORNIA 94401

   TELEPHONE: 650-342-4817
4

5              UNITED STATES DISTRICT COURT

6              NORTHERN   DISTRICT   OF   CALIFORNIA

   AISAKE (ISAAC) P. NAUFAHU
7
            PLAINTIFF,                      NO. C-07-4517 MMC
8
   vs.                                      SERVICE OF PROCESS TO
                                            DEFENDANTS
9  CITY OF SAN MATEO, Incorporated,
   SAN MATEO CHIEF OF POLICE S. E. MANHEIMER,   COURT ORDERS:
10 SAN MATEO POLICE CAPTAIN M. CALLAGY,
   SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,  1. PLAINTIFF TAPED
11 SAN MATEO POLICE AMENDING OFFICER JACK RADCLIFFE S26,  INTERVIEW, (and
   SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95,  TRANSCRIPT OF SAME);
12 4 UNNAMED SAN MATEO POLICE OFFICERS
                                            2. EXTRADITION EXPEDI-
13         DEFENDANTS                          TIOUSLY OF DEFENDANT
                                               DETECTIVE INTERVIEWER
14                                             LT. ALAN J. PARISIAN
                                               FROM TEXAS TO CALIFOR-
15                                             NIA FOR TRIAL;

16                                          3. LEAVE CASE IN FEDERAL
                                               COURT; NO REMAND;
17
                                            and, NOTICE OF PLAIN-
18                                          TIFF'S MOTION TO FILE
                                            AMENDED COMPLAINT/
                                            PLEADING

19  Will The Right Honorable Court please Note that Service of Process of Defen-

20  dants were fully complied with. EXHIBIT I through EXHIBIT X, inclusive.

21  Will The Right Honorable Court please by COURT ORDER production from San Mateo

    Police the Plaintiff Taped Interview, and Transcript Intact of same by Defen-
22
    dant detective San Mateo Police Lt. Alan J. Parisian who'd suddenly resigned
23
    from his high position at San Mateo Police Department, and left to far-away
24
    Texas.

25  Plaintiff was Interviewed by said Parisian who Taped the Interview.  In

26  letter from San Mateo Police Captain Mike Callagy EXHIBIT XI, paragraph 4

    or thereabouts, Lt. Parisian intimated that he Interviewed Plaintiff.
27
    Plaintiff went to Interview expecting Lt. Parisian to be objective, impartial,
28
    professional, and fair, especially Plaintiff thought that Lt. Parisian

                                                                        1

Will The Right Honorable Court please Leave this Case in Federal Court;
Confine this Case to the Truth of the Law; because nothing but the Truth
be examined by The Right Honorable Court.

Now, there is please no need to Remand Case to Superior Court.

The Right Honorable Court will see for Itself that when all irrefutable
Evidences one by one, item by item unfurl before the Court, and the said
Taped Interview(s) are ventilated before the Court inclusive of Intact
Transcript(s), they all conclusively constitute Legal Evidentiaries truly
convincingly, persuasively, compellingly of Defendants' Guilt.

Therefore, will The Right Honorable Court please take Notice of Plaintiff
Motion to File Amended Complaint/Pleading, to be submitted in the very
near future, for Inclusive of Punitive Damages to Stop Defendants from
wrongdoings, because if they are allowed to Go-On with their wrongdoings,
in the Face of the Law, they chill the Conscience entirety and totality of
common, ordinary folks because we look-up to these people as Law Enforcement
Officers/Officials to Uphold the Law; but what they did were all wrong, and
nothing right at all because they were Unlawful, Illegal.

Also, to Deter Defendants forthwith from further wrongdoings so unprofessional,
unfit of the name they carry, unbecoming, and unacceptable for Officers/
Officials of the Law; and Permanent Lesson for others not to engage in wrong-
doings, because in our short sojourn in life here on Earth, realistically
Truth Matters, and Abiding by the Law Truly Matters.

In pursuit of Justice, finally Justice is done.  It becomes obligatory of The
Right Honorable Court to Defend the Law; and to Speak-Up for the Law; Speak-Out
to Protect the Law; to Honor the Law; because Defendants did not defend the
Law, did not honor the Law.

Defendants defended wrongdoings, their Perjury, Conspiracy, Accomplices, their
united-unified Cover-Ups, their Malicious Silence, and their Obstruction of
Justice, and Violations of Plaintiff's Rights.

Therefore, moreover, furthermore, as such, for Justice truly truthfully to
Prevail, because Justice Matters in the Courts of Law, for respectability
of The Laws of The United States, and The United States Constitution, and

5

1  thus perpetually the Permanent Legacy of The Right Honorable Court.

2

3

Dated: 4 February 2008

4

5

6

Respectfully submitted

7

8

9  by _____

10  AISAKE (ISAAC) P. NAUFAHU

11  PRO SE LITIGANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28