David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:   (650) 342-7685

Attorneys for Defendant City of San Mateo, a City Incorporated
Appearing Specially for Defendants Manheimer, Callagy, Parisian, Ratcliffe and Bologna

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>Defendants. | No. 3:07-cv-04517-MMC<br><br>**MOTION TO DISMISS FOR FAILURE TO SERVE SUMMONS AND COMPLAINT** |

Individual defendants Manheimer, Callagy, Parisian, Ratcliffe and Bologna ("the Individual Defendants") respectfully request that the Court dismiss the complaint against them pursuant to Rule 12(b)(5).

**I.   STATEMENT OF FACTS**

On July 31, 2007, Plaintiff Aisake Naufahu filed a complaint ("Complaint") in San Mateo Superior Court, assigned civil case number 464835. The City of San Mateo ("San

1  Mateo") answered on August 29, 2007. San Mateo removed the case to the Northern District of
2  California on August 31, 2007.

3  At the Initial Case Management Conference on January 11, 2008, counsel for San Mateo advised the Court and Mr. Naufahu that Mr. Naufahu had failed to serve the individually named police officers. The Court took pains to instruct Mr. Naufahu to serve them and expressly ordered that service be accomplished no later then February 29, 2008 ("the January 11, 2008 Order"). Shortly thereafter, the Court served its order on Mr. Naufahu, requiring him to complete service by the end of February. On January 15, 208, Mr. Naufahu again attempted service on the individual officers by leaving the summons and complaint with a clerk. On January 23, 2008 counsel for San Mateo again warned Mr. Naufahu that service had not been completed. *See* accompanying Declaration of David M. King, Exhibit A.

## II.   ARGUMENT

The Court should dismiss the complaint against the individual officers. Rule 12(b)(5) permits a motion to dismiss the complaint prior to answering due to a defect in service. The case caption names: San Mateo Chief of Police Susan E. Manheimer, Captain M. Callagy, Lieutenant Alan Parisian, Officers Jack Ratcliffe and John Bologna, and four "unnamed" San Mateo Police Officers. For reasons explained below, all should be dismissed from the lawsuit.

Attached to the January 17 Filing was a proof of service ("January 15 Proof of Service"), prepared by Dr. Karoline Loselea Naufahu. (Docket No. 29, Exh. I.) In the proof of service, Dr. Naufahu declares that on January 15, she "personally delivered a copy of the Endorsed Filed San Mateo County for each said defendant in individualized identifiable sealed envelope enclosed/encased in sealed [a] big manila envelope to said defendants as described already heretofore." The January 15 Proof of Service has an acknowledgement line, which is stamped as "RECEIVED JAN 15 2008 SAN MATEO P.D." The following handwritten comment of receipt only, not service, appears adjacently: "@ 10:35 Hrs Lam, Di."

Under California law, service of process may be accomplished by personal service or by alternative means. *See* Cal. Code Civ. Proc. § 415.10 *et seq.* As described in her January 15 Proof of Service, Dr. Naufahu purports to have served the individual police officers by delivering

a copy of the lawsuit to the San Mateo Police Department. The clerk, Di Lam, was not authorized to accept service on behalf of any of the individual defendants. *See* accompanying Declaration of Di Lam ("Lam Decl."). Mr. Naufahu's service is inadequate under California Law.

Under federal law, service may also be accomplished by personal delivery or by alternative means. Fed. R. Civ. Proc. 4. Process cannot be left with others to deliver to the defendant. Service on local government employees who are sued in their individual capacities must be served as individuals. *See e.g., Allison v. Utah County Corp.*, 335 F. Supp.2d 1310, 1314 (D. Utah 2004) ("leaving copy of summons and complaint with receptionist for deputy county attorney ineffective service upon deputy county attorney as individual"). Service may also be made to a duly appointed agent, but this person must have actual authority to accept service. *See* Schwarzer, Federal Civil Procedure Before trial, p. 5:347 (2005) (*quoting Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir.1991)). Mr. Naufahu's attempt at service was ineffective under Federal law because his agent did not personally serve the individual defendants, and instead left the summons and complaint with a clerk who was not authorized to accept service on behalf of the individual defendants. *See* Lam Decl. Mr. Naufahu failed to serve the individual defendants on January 15, 2008.

Nor were Naufahu's previous attempts to serve the individual litigants effective. According to the January 15 Proof of Service, Naufahu previously served the individual defendants on July 31, 2007 ("July 31 2007 Proof of Service"). (*see* Docket No. 29, Exhs. II, III.) An individual named Naufahu Powell purportedly completed the service of process then, claiming to have personally served the individual defendants by delivering the lawsuit in a sealed envelope to the San Mateo Police Department. Patricia Toomey, a Deputy City Clerk with the City of San Mateo, handwrote "RECEIVED AT CITY OF SAN MATEO" and signed and dated Naufahu Powell's July 31 2007 Proof of Service. (Id., exh. II.) Kevin Raffaelli also signed and dated a copy of the July 31 2007 Proof of Service delivered to the San Mateo Police Department. However, both lacked authority to accept service on behalf of the individual defendants. *See* Declarations of Patricia Toomey and Kevin Raffaelli.

In addition, Mr. Naufahu's proof of service is disingenuous. Though he purports to have served Mr. Parisian, Mr. Naufahu knows that Mr. Parisian no longer resides in California, and is no longer employed by San Mateo. (*See* Docket No. 31 (seeking "extradition" of Alan Parisian from "far-away Texas")).

Finally, the Court should dismiss the "unnamed officers" from the lawsuit. Nearly four months ago, on November 28, 2007, San Mateo identified all of the people involved in the various incidents concerning Mr. Naufahu. He has had ample opportunity to serve the "unnamed officers." The Court should dismiss the claims against the named and unnamed police officers.

Dated: March 18, 2008

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____
David M. King
Attorneys for Defendant
City of San Mateo
Appearing Specially for Defendants Manheimer, Callagy, Parisian, Ratcliffe and Bologna