David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685

Attorneys for Defendant City of San Mateo, a City Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>Defendants. | No. 3:07-cv-04517-MMC (BZ)<br><br>**SAN MATEO'S MOTION FOR SANCTIONS**<br><br>Hearing Date: April 30, 2008<br>Time: 10:00 a.m.<br>Location: Courtroom G, 15th Floor<br>Judge: Magistrate Bernard Zimmerman |

**NOTICE OF MOTION**

San Mateo hereby moves for sanctions pursuant to Federal Rule of Civil Procedure 16(f). San Mateo's motion for sanctions will be heard on April 30, 2008, at 10:00 a.m. before Magistrate Judge Zimmerman in Courtroom G, 15th floor. Judge Zimmerman has ordered Mr. Naufahu to show cause why sanctions should not be imposed, to be heard at the same time and place as this motion. San Mateo files this motion because sanctions are just and warranted, and

not for any improper purpose.

## I.   INTRODUCTION

From the moment San Mateo first encountered Aisake Naufahu, through to his most recent filing, Mr. Naufahu's conduct has been vituperative. He has accused everyone involved in this litigation, including the Court and San Mateo's counsel, of a vast racist conspiracy, designed to disenfranchise him. Yet, as with every other incident concerning Mr. Naufahu, the simple and logical cause of Mr. Naufahu's troubles is his own conduct, not the color of his skin.

Mr. Naufahu's most recent filing lowers the bar further still. Mr. Naufahu has provided the Court with a misleading and offensive half-truth in an attempt to avoid sanctions. To wit, Mr. Naufahu has intimated that San Mateo's attorneys are to blame for failing to tell the Court of the death in his family. Mr. Naufahu is implying that he told San Mateo that he would be unable to attend the Settlement Conference because of the death of his niece, and that San Mateo failed to pass along the information. That is not true.

On March 10, Mr. Naufahu called and left a message for Mr. King that he would not be appearing for his deposition the following day, March 11, 2008 due to a death in the family. He did not say who died, or when the death occurred. Mr. Naufahu left this message with Mr. King's assistant and never spoke with Mr. King. In fact, Mr. Naufahu said <u>nothing</u> about the death affecting his ability to attend the Settlement Conference eleven days later. Had he asked, San Mateo would have attempted to assist him in moving the date.[1]

On March 11, 2008, Mr. King wrote to Mr. Naufahu exentending condolences for his family's loss and confirming the third setting of his deposition. (See copy of March 11, 2008 letter attached to declaration of David M. King as Exhibit A.) However, Mr. Naufahu's failure to notify San Mateo or the Court, is inexplicable. Mr. Naufahu had at least from March 10—the day he called Mr. King's assistant, through the date of the Settlement Conference to communicate his inability to attend. He even went so far as to object to the Settlement

---

[1] The Court might well ask when Mr. Naufahu's niece passed away. On March 10, 2008, Mr. King gave Mr. Naufahu the benefit of the doubt that the reported death in the family had very recently occurred, and this required him to attend family services. Given Mr. Naufahu's assertion that he was still unable to attend Court proceedings some 11 days later, the veracity of the proffered excuse must be questioned.

26839.00011\BGLIB1\1363325.1            2

San Mateo's Motion for Sanctions

Conference in a filing on March 18, but did not mention his inability to attend in that filing. It defies credulity that Mr. Naufahu could file a 14-page objection to the Settlement Conference, and fail to mention that he did not plan on attending due to a death in his family that transpired before March 10. In fact, given that he did not want to attend the Settlement Conference, his after-the-fact excuse may be less than fully truthful.

Mr. Naufahu's "good cause" is nothing more than an attempt to blame San Mateo for his inexplicable failure to notify the Court, or San Mateo, that he would not attend the Settlement Conference. This resulted in the waste of a half-day for San Mateo's attorney, Mr. King, and for the two representatives from San Mateo and the Association for Bay Area Governments. Mr. Naufahu should be sanctioned for wasting the Court's, San Mateo's, ABAG's, and Mr. King's time. Nor should Mr. Naufahu's lack of candor go unnoticed.

## II.   FACTUAL BACKGROUND

Mr. Naufahu never informed San Mateo that he would be unable to attend the Settlement Conference on March 21. Had he told San Mateo's attorneys that he was unable to attend due to a death in his family, they would have assisted him in rescheduling the settlement conference.

On March 10, Mr. King's assistant did receive a phone message from Mr. Aisake Naufahu informing San Mateo that Mr. Naufahu would be unable to attend his noticed deposition on March 11 due to a death in the family. (This was the second time Plaintiff had called at the eleventh hour to cancel his deposition.) Mr. Naufahu did not ask to speak with Mr. King directly.

Mr. Naufahu filed an objection to the settlement conference on Tuesday, March 18, but made no mention of his inability to attend the Settlement Conference due to a death in his family.

Mr. King personally attended the Settlement Conference, along with attorney Terry Hickman of the Association of Bay Area Governments ("ABAG"), San Mateo's insuring entity, and attorney Gabrielle Whelan from the City Attorney's Office, for San Mateo. Mr. Hickman and Ms. Gabrielle Whelan's attendance was required as they had been delegated authority to negotiate for San Mateo and ABAG. Mr. King had no idea Mr. Naufahu would not attend.

As required by the Court, Carr McClellan prepared several documents for the Issue

Conference, including an Issue Conference Statement and a Confidential Risk Assessment. Mr. King's colleague, attorney Jeremy Burns spent 4.4 hours preparing these documents. San Mateo was charged $880 for his services. Mr. King spent 8.6 hours preparing the Issue Conference Statement, the Confidential Risk Assessment, and attending the conference. San Mateo was charged $1,720 for his services. Mr. King estimates that all told, San Mateo spent $2,600 to prepare for and attend the Issue Conference, not including Mr. Hickman's and Mr. Whelan's time.

### III. ARGUMENT

The Court should sanction Mr. Naufahu for his failure to appear at the Settlement Conference. Under Federal Rule of Civil Procedure 16(f)(1)(A), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to appear at a scheduling or other pretrial conference." Under subsection (2), the Federal Rules of Civil Procedure provide that:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 16(f)(2); see also *Ayers v. Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding imposition of sanctions for failure to appear at settlement conference statement). Here, Mr. Naufahu's noncompliance was neither substantially justified nor do other circumstances make such an award unjust.

Mr. Naufahu's noncompliance was not substantially justified. His excuse is that due to a death in his family, he was unable to attend the settlement conference. However, as explained above, Mr. Naufahu informed San Mateo of the death on March 10, 2008. He had eleven days to notify the Court and San Mateo of his inability to attend the Settlement Conference. Instead, he filed a 14-page objection to the Settlement Conference on March 18, but failed to say anything about his inability to attend the conference.

In fact, the circumstances of Mr. Naufahu's non-attendance make the award of sanctions just. Mr. Naufahu failed to do anything to avoid wasting the Court's, San Mateo's, ABAG's,

and Mr. King's time. Worse yet, Mr. Naufahu has substantially misled the Court about what he told San Mateo's counsel, intimating that he said that he would be unable to attend the Settlement Conference due to a death in the family. The representation is false. Justice, in this case, requires the imposition of sanctions in the amount of at least $2,600.

Dated: March 26, 2008

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____
David M. King
Attorneys for Defendant
City of San Mateo

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to this action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service and know that this correspondence would be deposited with the United States Postal Service this day in the ordinary course of business.

On March 26, 2008, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein:

**SAN MATEO'S MOTION FOR SANCTIONS**

**DECLARATION OF DAVID M. KING IN SUPPORT OF SAN MATEO'S MOTION FOR SANCTIONS**

**[PROPOSED] ORDER GRANTING SAN MATEO'S MOTION FOR SANCTIONS**

by placing a true copy thereof in a sealed envelope and placing this envelope for collection and mailing this date following the ordinary business practices of Carr, McClellan, Ingersoll, Thompson & Horn for deposit of correspondence in the United States Postal Service, addressed as follows:

Aisake (Isacc) P. Naufahu
Pro Se Litigant
339 North Claremont
San Mateo, CA  94401

Executed on March 26, 2008, at Burlingame, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Matt Dubuque