1   David M. King, Esq. (Bar No. 95279)
    Jeremy A. Burns, Esq. (Bar No. 239917)
2   CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
    Professional Law Corporation
3   216 Park Road
    P.O. Box 513
4   Burlingame, California  94011-0513
    Telephone:     (650) 342-9600
5   Facsimile:     (650) 342-7685

6   Attorneys for Defendant City of San Mateo, a City Incorporated

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  AISAKE (ISACC) P. NAUFAHU, an            No. 3:07-cv-04517-MMC (BZ)
    individual Pro Se Litigant,
12                                           **SAN MATEO'S REPLY IN SUPPORT OF
                    Plaintiff,               ITS MOTION FOR SANCTIONS**
13
                    vs.                      Hearing Date:   April 30, 2008
14                                           Time:           10:00 a.m.
    CITY OF SAN MATEO, a City                Location:       Courtroom G, 15th Floor
15  Incorporated, SAN MATEO CHIEF OF         Judge:          Magistrate Bernard Zimmerman
    POLICE S.E. MANHEIMER, SAN
16  MATEO POLICE CAPTAIN M.
    CALLAGY, SAN MATEO POLICE
17  LIEUTENANT A. J. PARISIAN, SAN
    MATEO POLICE OFFICER JACK
18  RATCLIFFE, S26, SAN MATEO POLICE
    OFFICER BOLOGNA BADGE NUMBER
19  95, 4 UNNAMED SAN MATEO POLICE
    OFFICERS,
20
                    Defendants.
21

22

23          Aisake Naufahu's vituperative and offensive conduct, which began the night he stopped

24  in the road and was questioned by a San Mateo Police Officer, continues with his latest missive

25  opposing the motion for sanctions.

26  / / / /

27  / / / /

28  / / / /

1    Just as he did that night, Mr. Naufahu has responded with expletives and personal

2    invective.   Just as he did that night, Mr. Naufahu accuses all who cross his path of a vast

3    conspiracy.  And just as he has done from that night on, Mr. Naufahu blames everyone except

4    the real culprit - himself.  Having been caught in his disingenuous attempt to blame San Mateo's

5    counsel for his failure to notify the Court as he did in his previous filing, Plaintiff now attempts

6    to hide behind religion in an effort to deliberately mislead the Court.  His elaborate explanation

7    is nothing more than a story concocted to explain away the obvious - he did not come to Court

8    because he did not want to.  He has said as much in his case management conference statement.

9    Mr. Naufahu claims that his extended period of mourning and observance of a Tongan

10   mourning process, somehow intertwined with Christianity, explain his failure to appear.  If true,

11   this would apparently mean that the Tongan mourning process is so strict that he could not make

12   phone call to ask for a continuance of the settlement conference, nor file papers.   While this

13   certainly *could* be the case, one supposes, Mr. Naufahu's story is impeached by his own actions.

14   First, on March 10, 2008, four days after the reported death of Plaintiff's relative, Mr.

15   Naufahu called San Mateo's counsel the day before his scheduled deposition to cancel.  Second,

16   Mr. Naufahu filed a case management statement the week of the case management conference.

17   While Mr. Naufahu's case management statement included his usual inflammatory

18   misstatements, he entirely failed to mention that he would not be able to attend the case

19   management conference due to a death in his family.  Nor did Mr. Naufahu ever object to the

20   long scheduled settlement conference because it was set on Good Friday.  Mr. Naufahu's own

21   conduct gives the lie to his explanations.

22   As with the underlying incident at bar, the simple and logical cause of Mr. Naufahu's

23   troubles is his own conduct, not the color of his skin.   Justice, in this case, requires the

24   imposition of sanctions in the amount of at least $2,600.

25   / / / /

26   / / / /

27   / / / /

28   / / / /

1        A simple act of courtesy – a phone call from Plaintiff would have almost certainly

2    resulted in a continuance of the settlement conference.    Instead, Mr. Naufahu acted with

3    complete contempt and disregard of the court's rules, the court's time, and the Defendant's as

4    well.  The City of San Mateo does not have unlimited resources and funds.

5    Dated:  April 17, 2008

6                        CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN

7                        Professional Law Corporation

8

9                    By:

10                               David M. King
                                 Attorneys for Defendant
                                 City of San Mateo

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

3      I declare that I am employed in the County of San Mateo, California.  I am over the age
of eighteen (18) years and not a party to this action.  My business address is 216 Park Road,
P.O. Box 513, Burlingame, California  94011-0513.

4

5      I certify that the original papers filed with the Court and all copies of papers, documents,
and exhibits, whether filed with the Court or served on other parties, are prepared on recycled
paper.

6

7      I am readily familiar with this business' practice for collection and processing of
correspondence for mailing with the United States Postal Service and know that this
correspondence would be deposited with the United States Postal Service this day in the
ordinary course of business.

8

9      On April 17, 2008, I served the attached:

10      • **SAN MATEO'S REPLY IN SUPPORT OF ITS MOTION FOR
         SANCTIONS**

11

12   by placing a true copy thereof in a sealed envelope and placing this envelope for collection and
mailing this date following the ordinary business practices of Carr, McClellan, Ingersoll,
Thompson & Horn for deposit of correspondence in the United States Postal Service, addressed
as follows:

13

14      Aisake (Isacc) P. Naufahu
        Pro Se Litigant
15      339 North Claremont
        San Mateo, CA  94401

16

17      Executed on April 17, 2008, at Burlingame, California.

18      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

19

20

21                                                    _____
                                                      Lori J. Stumpf

22

23

24

25

26

27

28

26839.00011\BGLIB1\1343362.1