1  David M. King, Esq. (Bar No. 95279)
   Jeremy A. Burns, Esq. (Bar No. 239917)
2  CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
   Professional Law Corporation
3  216 Park Road
   P.O. Box 513
4  Burlingame, California  94011-0513
   Telephone:   (650) 342-9600
5  Facsimile:   (650) 342-7685

6  Attorneys for Defendant City of San Mateo, a City Incorporated
   Appearing Specially for Defendants Manheimer, Callagy, Parisian,
7  Ratcliffe, and Bologna

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>    Defendants. | No. 3:07-cv-04517-MMC<br><br>SAN MATEO'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO SERVE SUMMONS AND COMPLAINT<br><br>Date:   May 16, 2008<br>Time:  9:00 am<br>Dept.: 7<br>Judge: The Honorable Maxine Chesney |

Mr. Naufahu now claims that on February 28, 2008, he served the individual defendants in this lawsuit by serving the Chief of Police's assistant. He is wrong. The Chief of Police's assistant did not have authority to accept service of the summons and complaint on anyone's behalf. The Court must dismiss the lawsuit against the individual defendants.

According to Mr. Naufahu, Chief Manheimer's assistant told two of his relatives that she had authority to, in his words, "sign for the San Mateo Police Officer Defendants in this Lawsuit" and that such authority was given to her by San Mateo Chief of Police Susan

1  Manheimer.

2  Chief Manheimer's assistant has never been generally authorized by her to accept service of a summons and complaint on Chief Manheimer's behalf. *See* Declaration of Susan E. Manheimer ¶ 3. In particular, Chief Manheimer's assistant was not authorized by her to accept service of the summons and complaint in this lawsuit. *Id.* When an individual arrives at the San Mateo Police Department's front desk with documents for Chief Manheimer's attention, they are directed to her assistant. *Id.* Chief Manheimer's assistant is only authorized to provide an indication that the documents have been received by the department. *Id.* Nor have any of the other individual defendants provided authorization for anyone to accept service of a summons and complaint on their behalf. Decls. of Callagy, Parisian, Ratcliffe, Bologna ¶ 3.

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4. *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1081 (9th Cir. 2004). Regarding service of an agent, Federal Rule of Civil Procedure 4(e)(2)(C) provides that "an individual … may be served … by … delivering a copy of each to an agent authorized by appointment or by law to receive service of process." In order for an agent to be authorized within the meaning of the Federal Rules of Civil Procedure, a person must be actually appointed by the individual defendant for the purpose of receiving process on his or her behalf. Schwarzer Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (TRG 2008), § 5.190-192 (5. Service of Process), p. 5-43; *see also Blanchard v. Morton Sch. Dist.*, 2007 U.S. App. LEXIS 30016, 2-3 (9th Cir. Wash. Dec. 26, 2007) (affirming dismissal of claims against individual defendants except one individual defendant who "explicitly directed the process server to leave the documents with certain school district employees").

Manheimer, Callagy, Parisian, Ratcliffe, and Bologna have all concurrently submitted declarations with this reply establishing that they have not authorized anyone to accept service of a lawsuit.[1] Chief Manheimer's assistant, Ms. Namakura, did not have authority to accept service

---

[1] Mr. Naufahu also claims to have served officers Lethin and Reyna. These officers have not yet been made parties to this lawsuit.

1  of process on behalf of the individual defendants.

2  Under Fed. R. Civ. P. 4(m) the district court must dismiss an action if the defendant is not served with copies of the summons and the complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause why service was not made. This Court has already extended this deadline to accommodate Mr. Naufahu.

Mr. Naufahu's pro se status is not a justifiable excuse for the defect. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). Further, unless there is "substantial compliance" with Rule 4, even actual notice will not provide personal jurisdiction. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Mr. Naufahu's attempted service does not amount to substantial compliance. A party is not permitted to create his own methods of compliance with the required service rules. *See Mason v. Genisco Technology Corp.*, 960 F.2d 849, 853 (9th Cir. 1992). The Court should dismiss the action against the individual defendants.

Dated: April 30, 2008

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____
David M. King
Attorneys for Defendant
City of San Mateo
Appearing Specially for Defendants Manheimer, Callagy, Parisian, Ratcliffe

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to this action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service and know that this correspondence would be deposited with the USPS this day in the ordinary course of business.

On May 2, 2008, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein:

**SAN MATEO'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO SERVE SUMMONS AND COMPLAINT**

**DECLARATION OF SUSAN E. MANHEIMER IN SUPPORT OF MOTION TO DISMISS**

**DECLARATION OF MIKE CALLAGY IN SUPPORT OF MOTION TO DISMISS**

**DECLARATION OF ALAN J. PARISIAN IN SUPPORT OF MOTION TO DISMISS**

**DECLARATION OF JACK RATCLIFFE IN SUPPORT OF MOTION TO DISMISS**

**DECLARATION OF JOHN BOLOGNA IN SUPPORT OF MOTION TO DISMISS**

by placing a true copy thereof in a sealed envelope and placing this envelope for collection and mailing this date following the ordinary business practices of Carr, McClellan, Ingersoll, Thompson & Horn for deposit of correspondence in the United States Postal Service, addressed as follows:

    Aisake (Isacc) P. Naufahu
    Pro Se Litigant
    339 North Claremont
    San Mateo, CA 94401

Executed on May 2, 2008, at Burlingame, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Matt Dubuque