UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE P. NAUFAHU, | |
| Plaintiff, | No. C07-4517 MMC (BZ) |
| v. | **ORDER IMPOSING SANCTIONS** |
| CITY OF SAN MATEO, et al. | |
| Defendants. | |

A hearing was held before the court on Wednesday, April 30, 2008 on the court's Order To Show Cause directed to plaintiff and on defendants' Motion For Sanctions. Plaintiff Aisake Naufahu appeared as did David King representing the defendants.

Mr. Naufahu stated that he did not attend the March 21, 2008 settlement conference and did not advise the court that he would not attend or seek a continuance because he was in mourning for a niece who had died March 4, 2008. He explained the Tongan custom for an extended period of mourning. He offered no explanation for why he had not mentioned the death of his niece or that he would not attend the conference when

1

he filed his "Objection to Settlement Conference, legal reasons documented herein" on March 18, 2008.

    Mr. King objected to the insinuation in the first paragraph of plaintiff's "Show Cause and Motion Please For Trial" filed March 25, 2008, that somehow Mr. King was at fault for not advising the court of the death of the niece. Apparently Mr. Naufahu had informed Mr. King of the death and requested a continuance of his deposition which had been scheduled for March 12, 2008.  Mr. King had expressed his condolences and had agreed to continue the deposition.  Mr. King insisted that Mr. Naufahu had never said anything about not attending the settlement conference.  Mr. Naufahu did not dispute this.  Mr. King also pointed out that other members of the Naufahu family had attended a settlement conference in another case within the morning period.  The court does not hold this against Mr. Naufahu since people mourn differently.

    Considering all the circumstances, the court finds that Mr. Naufahu has failed to provide a satisfactorily explanation for why he did not attend the settlement conference and especially why he did not advise the court and opposing counsel that he would not attend.  This failure is especially inexcusable given that Mr. Naufahu filed a settlement conference statement of sorts three days before the conference without mentioning his unwillingness to attend.  If plaintiff could prepare his lengthy statement during the period of mourning, he could have included a request for a continuance. His failures resulted in wasted effort by the court and by defendants and their counsel who appeared at the settlement

conference.

**IT IS THEREFORE ORDERED** that sanctions be imposed upon plaintiff pursuant to Rule 16(f) for violating this court's settlement conference order and that defendants' motion for sanctions be **GRANTED**.  **IT IS FURTHER ORDERED** that Mr. Naufahu pay to defendants the amount of $250.00 as a sanction.  The court finds that the $2,600.00 defendants requested is not fully justified since the plaintiff is pro se and since the settlement documents that defendants prepared were put to productive use at the settlement conference I conducted after the show cause hearing.[1]  Plaintiff is **ORDERED** to pay the sanction by **June 6, 2008**.

Dated: May 2, 2008

                                   Bernard Zimmerman
                       United States Magistrate Judge

G:\BZALL\-REFS\REFS.08\NAUFAHU\NAUFAHU IMPOSE SANCTIONS.wpd

---

[1] Because defendants did not provide detailed time records, I am not able to more precisely assess the wasted time for which I would sanction plaintiff.

3