PRO SE LITIGANT

AISAKE (ISAAC) P. NAUFAHU
339 NORTH CLAREMONT
SAN MATEO, CALIFORNIA 94401

TELEPHONE: 650-342-4817



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISAAC) P. NAUFAHU

        Plaintiff,

v.

CITY OF SAN MATEO,
SAN MATEO CHIEF OF POLICE S. E. MANHEIMER,
SAN MATEO POLICE CAPTAIN M. CALLAGY,
SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,
SAN MATEO POLICE AMENDING OFFICER JACK RATCLIFFE S26,
SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95,
4UNNAMED SAN MATEO POLICE OFFICERS

        Defendants

NO. C07-04517 MMC

PLAINTIFF FIRST MOTION EXTENSION SETTLEMENT CONFERENCE OTHERWISE PLAINTIFF SECOND MOTION GO TO TRIAL AND THANK YOU RIGHT HONORABLE DISTRICT COURT JUDGE CHESNEY

By Court - Order of The Right Honorable Bernard Zimmerman for Wednesday 30 April 2 days ago, I was under impression it was to discuss Sanctions.

However, Judge Zimmerman never mention having read what I filed on Monday 28 April EXHIBIT 1 reference Sanctions, which was extremely crucial and essentially critical.

Defendants' Attorney King also never mention having read the Document referenced to; yet Copy was Hand - Delivered to his Office.

This is the very same Defendants' Attorney King EXHIBIT 2 who'd signed him-self as Attorney for Defendant; and EXHIBIT 3 Attorney for Plaintiff namely Myself. This is extremely critical for this is simply NOT TRUE for he has not been hired as such.

And, on Wednesday Aptil 30, what I had presumed was Court Calendered for Sanctions; instead of which the majority portion of time was Settlement Conference, of which I also filed on Monday 28 April EXHIBIT 4 reference Settlement Conference of which again was severely relevant and succinctly pertinent; but yet again Judge Zimmerman never mention having read     1

1  said Document.  Ditto again by Attorney King also.

2  I'm under advisement by Judge Zimmerman best to write Your Right Honorable
3  Self The United States District Court Judge Chesney as to Please EXTEND
   SETTLEMENT CONFERENCE 30 - 60 days for I'm in process of acquiring Attorney.
4
5  I beg The Right Honorable United States District Court Judge Chesney to
   please have Clear Insight, and Eye-View with Impartial Comprehension and
6  Humane Feeling of what I Racial Ethnic Minority person of color went through
7  at that time of night 3AM of Incident of 20 February 2006 because I truly
   absolutely feel that my Constitutional Rights, and Civil Rights were Violated
8  and this is why more than anything I want Resolution.

9  The Original Citation 2/20/06 by San Mateo Police Officer John Bologna badge
10 number 95 EXHIBIT 5, and the subsequent Amended-Changed-New Citation by San
   Mateo Police Officer Ratcliffe S26 EXHIBIT 5, propose to describe the same
11 Incident; yet, each diametrically oppose in disagreement with the other,
12 which remains sustainingly most troubling to me because each is PERJURY, each
13 is FELONY which will never ever go away.  It's indelibly imprinted forever
   for all time.  THERE MUST BE RESOLUTION for my Constitutional Rights, and
14 Civil Rights were Violated.
15
16 What San Mateo Police Officer Bologna badge number 95 did, what San Mateo
   Police Officer Ratcliffe S26 did, were/are NOT RIGHT.  This is the Nagging
17 Concern, because the contents of their Actions, and Activities were OUTRA-
18 GEOUSLY PERJUROUS, AND FELONIOUS.

19 WHAT IS THE CONSCIENCE OF THE COURT IN ALL THESE? YOUR RIGHT HONORABLE UNITED
   STATES FEDERAL DISTRICT COURT JUDGE CHESNEY.
20
21 In Chambers, Judge Zimmerman said that The City of San Mateo cannot be sued.

22 But, when my brother in his Case versus The City of San Mateo, and The San
   Mateo Police Department, went to Settlement Conference at Attorney King's
23 Office, there was CITY OF SAN MATEO Female Employee there Signing Papers On
24 Behalf of THE CITY OF SAN MATEO FOR THE CITY OF SAN MATEO'S SETTLEMENT.

25 For my brother's Case against The City of San Mateo, and The San Mateo Police
   Department, The City of San Mateo SETTLED, ON IT'S OWN BEHALF, AND ALSO ON
26 BEHALF OF IT'S EMPLOYEE/BRANCH THE SAN MATEO   / ˙ DEPARTMENT.    /POLICE

27 Also, Judge Zimmerman said that Police Officers have Immunity.

28 Then, pray tell how come for my brother's Case, there, The City of San Mateo

                                                                        2

1  SETTLED ON IT'S OWN BEHALF, AND ALSO ON BEHALF OF POLICE OFFICERS INVOLVED.

2  This clearly shows that Police Officers have NO IMMUNITY as let on by Judge
3  Zimmerman. We have all read in Newspapers, and listen to the News of Police
   Officers being sued for Crimes they committed while on the job.
4
   Also per EXHIBIT 6, self-explanatory.
5
   There, THE SAN JOSE POLICE DEPARTMENT SUED OVER FALSIFIED CRIME REPORT DETEC-
6  TIVE CREATED FAKE LAB DOCUMENT.

7  Here, in my Case the Detective San Mateo Police Lieutenant exonerated his
8  fellow officer Bologna badge number 95, Approved of by San Mateo Chief of
9  Police Susan E. Manheimer. EXHIBIT 7.

10  Yet, Definitely NOT APPROVED OF BY THE HONORABLE STEPHANIE GARRAT, WHO LOOKED
    AT THE CASE WITH THE EYES OF THE LAW, AND RULED TO BRING JUSTICE.
11
   Here, Judge Zimmerman asked as to what I wish to accomplish by all this,
12  which echoes resoundingly exactly what City of San Mateo Attorney Shawn Mason
13  asked my brother in his Case, and now echoed and asked to me by Judge Zimmer-
    man as to my Case directly to my face. This tells me: This tells me they've
14  talked about my Case, AND THAT JUDGE ZIMMERMAN IS PARTIAL, AND HAVE BIAS,
15  AND PREJUDICE TO PRE-JUDGE.

16  Your Right Honorable Federal District Court Judge Chesney, these are the
17  prickling thorns annoyingly perturbing, petrifyingly disturbing, and hugely
18  distressing, and just won't go away.

19  Then, and Now.

20  Then, the San Mateo Police Officers exercise Bias and Prejudice against me.

21  Now, there is Bias and Prejudice against me by Federal Judge Zimmerman, which
    inevitably shatter into smitterings my expectation and belief that Judges
22  are Fair, Just, and Impartial. It shakes the very foundation of my belief in
23  the Legal System.

24  And, because of the Bias and Prejudice of Judge Zimmerman against me, and my
25  Case, my Case must GO TO TRIAL for that is the ONLY OPTION AVAILABLE TO ME
    after encountering IN CHAMBERS THE BIAS AND PREJUDICE PRE-JUDGE AGAINST ME
26  BY UNITED STATES FEDERAL JUDGE ZIMMERMAN.

27  Furthermore, if Judge Zimmerman had only read to fully understand and grasp
28  in comprehension the contents of the Document I filed on Monday 28 April, abo-
    vereferenced as to Sanctions, surely Judge Zimmerman would see my point of

1  view as to my point of contention.

2  Instead, Judge Zimmerman repeatedly mentioned Defendants' perspective.

3  THIS CONSTITUTES BIAS AND PREJUDICE TO PARTIALLY PRE-JUDGE EXERCISED ACTIVELY
4  AGAINST ME BY AN UNITED STATES FEDERAL JUDGE, THE JUDGE ZIMMERMAN.

5  Moreover, Judge Zimmerman said that the reason Officer Bologna closely foll-
   owed me suspecting drunk driving because I was driving 25 mph.  THIS IS NOT
6  TRUE.

7  BECAUSE IT WAS NOT SO.  I was driving 30 - 35 mph.  And, Officer Bologna him-
8  self proved it so.  I've been driving since 1969.  I'm quite familiar with
9  San Mateo, and Traffic Laws, Rules, Regulations, Codes.

10 And, why was I not subjected to Sobriety-Breathlyzer Test?

11 Because San Mateo Police Officer Bologna badge number 95 knew/knows that he
   was ONLY RACIALLY PROFILING ME.  IT'S THE FOCAL POINT OF RACE.   PERIOD.

12 Had Judge Zimmerman read the Document I filed on Monday 28 April also having
13 extreme relevance and highly pertinent reference Settlement Conference as
14 proposed by Defendants' Attorney King, surely Judge Zimmerman would come to
15 grasp firmly the iron-clad reason and Legal Rationale why Defendants' Settle-
   ment Conference want to get off scot free after VIOLATIONS OF MY RIGHTS.

16
17 I emphatically reiterated to Judge Zimmerman that the most serious Incident
   occured on 2/20/06 for Special Interrogatóries Set One EXHIBIT 8.

18 Yet, Defendants' Attorney King deliberately, intentionally, knowingly,
19 set wrong date of June 20, 2006 so that there will not be ANSWERS FROM ME
20 ON/IN THE UNITED STATES FEDERAL COURT RECORDS AS TO THIS CASE.

21 Before I had my Deposition in Defendants' Attorney King's Office the First
   (1st) part on April 22nd, I told Mr. King that it is very important that I
22 answer that Special Interrogatories for the most important Incident of
23 2/20/06.

24 But, Mr. King said that people make mistakes.

25 AND, ATTORNEYS ARE HELD TO HIGHER STANDARD OF MORAL CHARACTER. VERY CRITICAL.

26 Mr. King told me that he was going to send me the Special Interrogatories
   for Incident of 2/20/06 after the Second (2nd) Deposition on April 23rd, and
27 yet up to now on May 2nd, I still have not heard nor received from Mr. King
28 what he'd promised to set the Record straight as to Important United States

Federal Court Records, as to this Case.

Mr. King had the dates right for the 2 Lesser Incidents of 1/22/2000; and 7/12/2007; but he willfully and intentionally got the date wrong for the Most Serious Incident of 2/20/06.

As such, Mr. King is deliberately and intentionally hiding and knowingly conceal STRONG EVIDENCE OF THE SEVERE INCIDENT OF 2/20/06 of which he does not want to go on United States Federal Court Records.

His Actions speak so as to getting the dates wrong.

This shows that Mr. King's Moral Character of Attorney with Moral Turpitude, so unbecoming, uncharacteristic because we folks in Society look up to Attorneys as Exemplary of Integrity and Honesty since they demand high fees fleecing off peoples' hides.

All the more reason and rationale, I want to go to Trial.

I want to go to TRIAL so that I could experience that THE CONSTITUTION OF THE UNITED STATES is not just pieces of paper put together to look at and admire from afar; but up close that what THE CONSTITUTION OF THE UNITED STATES actually propose really, honestly work in Truth.

My Constitutional Rights were Violated.

My Civil Rights were Violated.

I'll Subpoena The Honorable Stephanie Garrat, and the Court Transcript FOR TRIAL.

Therefore, based on Totality and Entirety of the foregoing, such as to bring NECESSARY MUCH-REQUIRED RESOLUTION, may The Right Honorable United States Federal Court Judge Chesney please Grant this Motion from this Humble Plaintiff, the Serious Petitioner, truly seek, is TRIAL.

Dated: 2 May 2008

Respectfully submitted

by

AISAKE (ISAAC) P. NAUFAHU,  PRO SE LITIGANT

**EXHIBIT** |

1  PRO SE LITIGANT
   AISAKE (ISAAC) P. NAUFAHU
2  339 NORTH CLAREMONT
   SAN MATEO, CALIFORNIA 94401
3  TELEPHONE: 650-342-4817
4
5              UNITED    STATES   DISTRICT   COURT
6            NORTHERN    DISTRICT    OF    CALIFORNIA
7
   AISAKE (ISAAC) P. NAUFAHU
8                                              NO C07-4517 MMC (BZ)
            Plaintiff,
9  v.                                          PLAINTIFF'S RELEVANT
10 CITY OF SAN MATEO,                          RESPONSE
11 SAN MATEO CHIEF OF POLICE S. E. MANHEIMER,
                                               TO EFFECTIVELY DENY
   SAN MATEO POLICE CAPTAIN M. CALLAGY,
12                                             SANCTIONS
   SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,
13 SAN MATEO POLICE AMENDING OFFICER J. RATCLIFFE S26,   PROPOSED BY
14 SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95,     DEFENDANTS
   4 UNNAMED SAN MATEO POLICE OFFICERS
15                                             Hearing Date: April 30,
                                                        2008
16         Defendants
                                               Time: 10:00AM
17                                             Location: Courtroom G,
                                                       15th Floor
18                                             Judge: The Right Honor-
                                                  able Bernard
19                                                Zimmerman

20 To:  The Right Honorable Judge Bernard Zimmerman, The Federal Court of The
   United States, The Northern District of California, Comes Now The Petitioner,
21 The Plaintiff Aisake (Isaac) P. Naufahu, a Citizen of The United States of
22 America, in proper person, and appearing as his own Counsel, who Petitions
   Seeking The Mercy of The Right Honorable Court To Please Squash, And Set Aside
23 Defendants' Sanctions Repeatedly Filed, and the Last Filing on April 17, 2008.
24
   Petitioner's reflexive self-defense conduct exercising FIRST AMENDMENT RIGHTS
25 TO THE CONSTITUTION OF THE UNITED STATES because I was Racially Profiled by
26 White San Mateo Police Officer Bologna badge number 95.

27 TO WIT: The Racial Profiling is evidentiary directly of how White San Mateo
   Police Officer Bologna badge number 95 Racially Discriminatorily Prejudicedly
28 Mistreated me with Bigotry and Bias because I am a racially ethnic minority

                                                             1

**EXHIBIT** 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISAAC) NAUFAHU,

               Plaintiff(s),

v.

CITY OF SAN MATEO,

               Defendant(s).

_____/

CASE NO.  C 07-04517 JL

AMENDED
NOTICE OF NEED FOR ADR PHONE
CONFERENCE

Counsel report that they have met and conferred regarding ADR and that they:

✓     have not yet reached an agreement to an ADR process

✓     request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference DECEMBER 5, 2007  .

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|---|---|---|---|
| DAVID M. KING | CITY OF SAN MATEO | (650) 342-9600 | dking@carr-mcclellan.com |
| JEREMY A. BURNS | CITY OF SAN MATEO | (650) 342-9600 | jburns@carr-mcclellan.com |
| AISAKE (ISAAC) NAUFAHU | IN PRO PER | (650) 324-4817 | |

*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference.*

Dated:_____

Dated: Nov. 21, 2007

Attorney for Plaintiff

David M. King
Attorney for Defendant

**EXHIBIT** 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISACC) NAUFAHU,

                                                CASE NO. C 07-04517 JL

                Plaintiff(s),

        v.                                      NOTICE OF NEED FOR ADR PHONE
                                                CONFERENCE
CITY OF SAN MATEO,

                Defendant(s).
_____/


Counsel report that they have met and conferred regarding ADR and that they:

        have not yet reached an agreement to an ADR process
        request an Early Settlement Conference with a Magistrate Judge

        Date of Case Management Conference December 5, 2007 ■

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|------|--------------------|-----------|-----------------|
| David M. King, Esq. | City of San Mateo | (650) 342-9600 | dking@carr-mcclellan.com |
| Jeremy A. Burns, Esq. | City of San Mateo | (650) 342-9600 | jburns@carr-mcclellan.com |
| Aisake (Isacc) Naufahu | In Pro Per | (650) 342-4817 | |


*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a
telephone conference with a member of the ADR Legal Staff before the Case Management
Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your
phone conference.*

Dated: Nov. 14, 2007■

                                                David M. King, Esq.            ■
                                                Attorney for Plaintiff

Dated:_____

                                                _____
                                                Attorney for Defendant

Rev 12.05

**EXHIBIT** 4

1  PRO SE LITIGANT

2  AISAKE (ISAAC) P. NAUFAHU
   339 NORTH CLAREMONT
3  SAN MATEO, CALIFORNIA 94401

   TELEPHONE: 650-342-4817
4

5              UNITED  STATES  DISTRICT COURT

6          NORTHERN    DISTRICT    OF    CALIFORNIA
7

8  AISAKE (ISAAC) P. NAUFAHU
                                              NO C07-4517 MMC (BZ)
9          Plaintiff,

10 v.                                         PLAINTIFF'S RELEVANT
                                              RESPONSE
11 CITY OF SAN MATEO,                         TO DEFENDANTS' SETTLE-
   SAN MATEO CHIEF OF POLICE S. E. MANHEIMER, MENT CONFERENCE STATE-
12                                            MENT WITH PARTICULAR
   SAN MATEO POLICE CAPTAIN M. CALLAGY,
13 SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, FOCUS ON DEPOSITIONS
14 SAN MATEO POLICE AMENDING OFFICER J. RATCLIFFE S26, APRIL 22, 2008,
   SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, AND APRIL 23, 2008
15 4 UNNAMED SAN MATEO POLICE OFFICERS
                                              TAKEN AT DEFENDANTS'
16         Defendants                         ATTORNEYS' OFFICE
17

18 I strongly feel that I should respond to some of the remarks that you,
   Defendants' Attorney Mr. King the Attorney for The City of San Mateo, as
19 well also for The San Mateo Police Department/Officers was making during my
20 Deposition in your Office on April 22nd, and April 23rd, 2008, last week.

21 I am moved to respond because I do not think that you, Mr. King, sees The
22 FACTS of this Case/Lawsuit against The City of San Mateo, and The San Mateo
   Police Department Officers The Legal, Lawful way The Traffic Commissioner
23 The Honorable Stephanie Garrat Judiciously saw with Legal, Lawful Eyes of
24 THE LAW on September 15, 2006, and DISMISSED that case by The San Mateo
25 Police Department Against Me on September 18, 2006, after  The Honorable
   Court received the Copies of both The Original Citation issued to me by
26 San Mateo Police Officer Bologna badge number 95 on 2/20/06, and the Amended
27 (Changed) New Citation dated 2/21/06 by Officer Ratcliffe badge number S26
28 which was sent to the Traffic Court.
                                                                    1

**EXHIBIT** 5

CITY OF SAN MATEO POLICE DEPARTMENT /
NOTICE TO APPEAR

☐ Misdemeanor
☐ Traffic ☐ Non-traffic

**84- 277289**

| NAME OF COURT: | MUNICIPAL COURT |
|---|---|
| STREET ADDRESS: | 800 N. HUMBOLDT STREET |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | SAN MATEO, CA 94401 |
| BRANCH NAME: | CENTRAL BRANCH |
| TELEPHONE: | (650) 573-2622 |

### PEOPLE OF THE STATE OF CALIFORNIA
vs.

DEFENDANT: Aisake Pohahau Naufahu

### NOTICE OF CORRECTION AND PROOF OF SERVICE
(Vehicle Code, § 40505)

| AMENDING OFFICER NAME AND NO.: | DEPARTMENT/AGENCY: |
|---|---|
| [signature] 526 | SAN MATEO POLICE |
| CITATION NUMBER: 84-277289 | CASE NUMBER: |

1. A *Notice to Appear/Notice to Correct Violation* was issued to you by an officer of this department on *(date):* 2-20-06

2. The citation issued to you contained an error as indicated by the items checked below. This notice of correction does not affect the validity of the citation or the required court appearance.

☐ Date/time of violation should be

☐ Date/time of court appearance should be changed from

to

☑ Violation section(s) should be changed from
22400(A) to 22109 VC

☐ Location of violation should be changed from

to

☐ Other *(specify):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/21/06  [signature] 526
(Signature of officer)

Form Adopted for Mandatory Use
Judicial Council of California
TR-100 [New January 1, 2000]

---

CITY OF SAN MATEO POLICE DEPARTMENT /
NOTICE TO APPEAR

| Date of Violation | Time | Day of Week | Case No. |
|---|---|---|---|
| 2/20/06 | 3:02 PM | S M T W T F S | 84- 277289 |

Name (First, Middle, Last) ☐ Owner's Responsibility (Veh. Code, § 40001
Aisake Pohahau Naufahu

Address
339 N. Claremont St.

| City | State | ZIP Code | ☐ Juvenile (Phone No.) |
|---|---|---|---|
| San Mateo | CA | 94401 | ( ) |

| Driver Lic. No. | State | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| A0512261 | CA | C | ☐ Yes ☐ No | 55 | 3/24/51 |

| Sex | Hair | Eyes | Height | Weight | Race | Other Description |
|---|---|---|---|---|---|---|
| M | Blk | Brk | 5-10 | 185 | | |

| Veh. Lic. No. or VIN | State | Reg. MO/YR. |  |
|---|---|---|---|
| POLYLUV | CA | 05/06 | ☐ COMMERCIAL VEHICLE (Veh. Code, § 15210(b)) |

| Yr. of Veh. | Make | Model | Body Style | Color | |
|---|---|---|---|---|---|
| 1984 | Buick | Park Ave | 4DR | BRO | ☐ HAZARDOUS MATERIAL (Veh. Code, § 353) |

Evidence of Financial Responsibility  CHP/DOT/PUC/ICC
None

Registered Owner or Lessee ☐ Same as Driver
Naufahu, Mileny Yuvette

Address ☐ Same as Driver
18 N. Humboldt St.

| City | State | ZIP Code |
|---|---|---|
| San Mateo | CA | 94401 |

Correctable Violation (Veh. Code, § 40610) ☐ Booking Required (see reverse)

| Yes | No | Code and Section | Misdemeanor or Infraction (Circle) |
|---|---|---|---|
| ☐ | ☑ | 22400(a)VC - Impedo traffic | M Ⓘ |
| ☐ | ☑ | 16028(e)VC-NO Ins. | M Ⓣ |
| ☐ | ☐ | | M I |
| ☐ | ☐ | | M I |

| Speed Approx. | P.F./Max. Spd. | Veh. Lmt. | Safe | Radar | ☐ Continuation Form Issued |
|---|---|---|---|---|---|
| > 25 | 35 | 35 | 35 | | |

Location of Violation(s)
at S. El Camino Real @ 25TH Ave.   City/County of Occurrence

Comments (Weather, Road & Traffic Conditions)   ☐ Accident

☐ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Executed at (Place)   Violation Location

Arresting or Citing Officer  J. Bolina   Serial No. 95

Date   Name of Arresting Officer, if different from Citing Officer   Serial No.

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.
X Signature

WHEN: ON OR BEFORE THIS DATE: 4/4/06   Time: 1:30 ☐ AM ☑ PM
WHAT TO DO:   FOLLOW THE INSTRUCTIONS ON THE REVERSE.
WHERE: Superior Court of California, County of San Mateo.

☐ NORTHERN BRANCH - 1050 Mission Rd., So. San Francisco, CA 94080   (650) 877-5355
☑ CENTRAL BRANCH - 800 North Humboldt St., San Mateo, CA 94401   (650) 573-2622
☐ SOUTHERN BRANCH - Traffic 500 County Center, Redwood City, CA 94063   (650) 363-4300
☐ SOUTHERN BRANCH - CRIMINAL - 4th FLOOR Hall of Justice   (650) 363-4300
   400 County Center, Redwood City, CA 94063
☐ JUVENILE TRAFFIC COURT - 21 Tower Rd., San Mateo, CA 94402   (650) 312-8887

☐ To be notified ☐ you may arrange with clerk to appear at a night session of the court.

Judicial Council of California Form   COURT COPY | SEE REVERSE
Rev. 09-20-05 (Veh. Code, §§ 40500(b), 40513(b), 40522, 40600; Pen. Code, § 853.9)   TR-130

COMPUTER & BUSINESS PRINTING (650) 873-1710   M453884 (09/05)

---

**84-277289**

[handwritten notes:]
"Amended" changed after daughter's item called in
4/20/06

✱ COPY OF THE AMENDED (NEW CITATION)

✱ COPY OF THE "ORIGINAL CITATION"

231959

BOTH COUNTS were DISMISSED

**EXHIBIT** 6

B P
FRIDAY
SAN JOSE MERCURY NEWS
JANUARY 25, 2008

www.mercurynews.com/news

# The Peninsula

fn

## More News

**PALM TO CLOSE RETAIL STORES**

The smart-phone maker will keep the store at its Sunnyvale headquarters. 13B

TAINTED TRIALS,
STOLEN JUSTICE

## SJPD sued over falsified crime report

### DETECTIVE CREATED FAKE LAB DOCUMENT

By Leslie Griffy
Mercury News

The case of a San Jose police detective who created a false crime lab report is heading back to court, this time for a lawsuit from the former suspect targeted in the fake document.

In a suit filed in Santa Clara County Superior Court last week, Michael Kerkeles accuses police of violating his constitutional rights, falsely imprisoning him and maliciously prosecuting him.

Police Sgt. Mike Sullivan, a department spokesman, said he couldn't comment because the matter involves pending litigation.

The case dates to a March 2005 allegation that Kerkeles sexually assaulted a developmentally disabled young woman. Her state-

ments to police were contradictory, and a physical exam turned up no evidence of an assault.

In an attempt to get Kerkeles to confess, San Jose police detective Matthew Christian created a fake crime lab report — complete with the lab's letterhead. Kerkeles did not confess, he asked for an attorney. The phony report was never used as a ruse.

At that time, San Jose police policy allowed officers to create ruse reports. Since the Kerkeles case came to light, the practice has been discontinued.

The Santa Clara County District Attorney's Office pushed forward, believing the prosecutor had a convincing victim to testify about the alleged assault.

But when the young woman

failed to qualify as a witness because she couldn't tell a lie from the truth, Deputy District Attorney Jaime Stringfield called Christian to the stand at the preliminary hearing.

Stringfield asked him about the report and he testified that it existed and that a crime lab analyst had found semen on a blanket seized from Kerkeles' home. But there was no such analyst and the lab did not find semen on the blanket.

For months the trial was on hold as defense attorneys attempted to learn more about the report. When it came to light that the report was fake, the district attorney's office agreed to drop the charges.

Contact Leslie Griffy at
lgriffy@mercurynews.com or (408)
920-5945.

---

STATE JUSTICES RULE
MEDICAL-POT USERS
CAN BE FIRED 2B

LOCAL NEWS IN YOUR
INBOX ... EVERY WEEK

Check out the latest news
our e-mail newsletter. S
MERCURYNEWS.co

## Child can test
in mom's slay

5-YEAR-OLD GIRL DEEN
COMPETENT TO APPE

By Ben Aguirre Jr.
Bay Area News Group

The 5-year-old girl sat in her lap on the witness stand Thurs getting with a stuffed animal. Thur trial in her mother's shooting d across the courtroom behind board barrier, blocked from her v

"A man hurt my mommy with the little girl said, speaking th Farsi translator. She was the o there when a man walked up a her mother, Aila Ansari, on a F street in a mysterious slaying thi the community.

And now she is the key witness al that could put Manuel David stand Thursday answering basi behind bars for life.

The girl spent almost an hour tions — such as whether she li difference between right and w

See ANSARI, Page 8B

---

(left column, partial)

joined boards and commissions and be-... came a member of the county's First 5 Commission, a group that seeks to improve the lives of area youngsters. And last year she was awarded the Califor-nia Wellness Foundation's Peace Prize.

Ortiz, a 2004 state Peace Prize win-ner, was a thug who did time and then had an epiphany while attending an Easter service. He eventually founded California Youth Outreach, a prominent gang- and crime-prevention non-profit.

"Religion pushes people away," Ortiz says, "because religion tries to put peo-ple in a certain box, with all these re-strictions, and people have a problem with that."

Calhoun's book then is a tribute to everyday heroes — Christians, Jews, Muslims and others — who draw on their own faith to do good without re-quiring others to sign on with them.

But more than that, it's a reminder — a reminder that such people walk among us everywhere, every day. And now how often we fail to notice.

Read Mike Cassidy's Loose Ends blog at
mcassidy@mercurynews.com/
Cassidy. Contact him at
mcassidy@mercurynews.com or (408)
920-5536.

**EXHIBIT** 7



**San Mateo Police Department**

2000 South Delaware Street
San Mateo, California 94403-1497
Support Services Telephone: (650) 522-7620
FAX: (650) 522-7601
http://www.cityofsanmateo.org

July 31, 2006

Mr. Aisake Naufahu
339 No. Claremont Street
San Mateo, CA 94401

Dear Mr. Naufahu:

On March 20, 2006, you filed a complaint against Officer Bologna alleging that he drove his
patrol car in a manner that violated the California Vehicle Code, initiated a vehicle stop based on
ethnicity, falsified a traffic citation, and conducted an unlawful detention. These allegations, if
sustained, would be in violation of the following San Mateo Police Department General Orders:

> Chapter 12, Code of Conduct; Section 8, Adherence to City Personnel Rules and
> Regulations; part 5, Performance; paragraph F, which states, "The wrongful or
> unlawful exercise of authority on the part of any employee for malicious purposes,
> personal gain, and/or willful deceit."

> Chapter 12, Code of Conduct; Section 2, Civility; paragraph 3, which reads,
> "Members and employees shall be courteous and orderly in their contacts with the
> public. They shall perform their duties in a professional manner at all times. Upon
> request, members and employees are required to supply their names and badge
> identification numbers."

Your complaint was assigned to Lieutenant Alan J. Parisian to investigate. Lieutenant Parisian
conducted an extensive and exhaustive investigation into this matter wherein he reviewed your
complaint, interviewed you, the involved officer, witnesses, and supervisors, and reviewed the
dispatch tapes. All of the letters you sent to us have been reviewed and are part of the
investigation file.

Lieutenant Parisian has completed his investigation and found that Officer Bologna is exonerated
on all allegations. That is, the investigation disclosed that Officer Bologna acted in accordance
with the laws and policies outlined for conducting vehicle stops, and that the stop was justified,
lawful, and proper.

Lieutenant Parisian's investigation has been reviewed and approved by Susan E. Manheimer,
Chief of Police.

July 31, 2006
Mr. Aisake Naufahu
Page 2

It saddens the Chief and every member of this Police Department whenever a citizen forms the belief that they were not served in an appropriate or proper manner by a member of the San Mateo Police Department.

While it may be of little consolation to you at this time, rest assured that the Chief, and every member of this Department, remains committed to serving and protecting the public to the utmost of our ability, including, but not limited to, the fair, impartial, and professional enforcement of the laws of this jurisdiction. At this point, I can only hope that you will one day come to believe the San Mateo Police Department, and the members employed by this agency, have in the past, do currently, and will always, hold these aspirations paramount.

In closing, I hope that you know the San Mateo Police Department members are here to protect and serve you, as they do for all members of the community. If you are in need of any assistance in the future, you have only to ask either me or any of my fellow San Mateo police personnel.

If I can assist you in any way or explain our process for investigating this matter, please feel free to contact me at (650) 522-7652.

Sincerely,

Mike Callagy
Captain
Support Services

c:    Chief of Police Susan E. Manheimer
      Lieutenant Alan Parisian
      File

**EXHIBIT** 8

PRO SE LITIGANT

AISAKE (ISAAC) P. NAUFAHU
339 NORTH CLAREMONT
SAN MATEO, CALIFORNIA 94401

TELEPHONE: 650-342-4817

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISAAC) P. NAUFAHU

      Plaintiff,

v.

CITY OF SAN MATEO,

SAN MATEO CHIEF OF POLICE S. E. MANHEIMER,

SAN MATEO POLICE CAPTAIN M. CALLAGY,

SAN MATEO POLICE LIEUTENANT A. J. PARISIAN,

SAN MATEO POLICE AMENDING OFFICER J. RATCLIFFE S26,

SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95,

4 UNNAMED SAN MATEO POLICE OFFICERS

      Defendants

NO. C 07-04517 MMC

PLAINTIFF'S
RESPONSES
TO DEFENDANTS'
SPECIAL INTERROGATORIES,
SET ONE

TO WHOMEVER IT MAY CONCERN:

Please take careful note that as per EXHIBIT 1, the Plaintiff here is AISAKE (ISAAC) P. NAUFAHU, not City of San Mateo, et al.

Please take more careful note that Defendant City of San Mateo cannot Itself be Its' own Plaintiff, as per EXHIBIT 1. It's mind-boggling, and escapes credible logical comprehension because immediately beneath, the Defendant(s) re-establishes Its' status of Defendant being Propounding Party, and Responding Party is Plaintiff AISAKE (ISAAC) P. NAUFAHU.

EXHIBIT 2 is Entirety of Special Interrogatories, (SI), and hereunder is the Plaintiff AISAKE (ISAAC) P. NAUFAHU Responses thereto.

<u>SI No. 1</u>: No Incident.

<u>SI No. 2:</u>  No Incident.

<u>SI No. 3:</u> Answered in No 1.  Also answered in No 2.

<u>SI No. 4:</u>
I was driving 25 mph the speed limit for Delaware Street, running with The Traffic Laws, Rules, Regulations, Codes on my side, and violating

1