IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISSAC) P. NAUFAHU,

    Plaintiff,

  v.

CITY OF SAN MATEO, et al.,

    Defendants.
                                                     /

No. C 07-4517 MMC

**ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS; VACATING HEARING**

Before the Court is the motion, filed March 21, 2008 by five defendants named in the complaint, respectively, as "San Mateo Chief of Police S.E. Manheimer," "San Mateo Police Captain M. Callagy," "San Mateo Police Lieutenant A. J. Parisian," "San Mateo Police Amending Officer Jack Ratcliffe, S26," and "San Mateo Police Officer Bologna Badge Number 95" (collectively, "Individual Defendants"), to dismiss the complaint against them for insufficient service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendants have replied.[1] Having

---

[1] Following the completion of briefing, plaintiff filed, on May 5, 2008, a document whose title begins "Plaintiff First Motion Deny Defendants' Motion to Dismiss Because Summons/Complaint Effectively, Successfully Served," which filing the Court construes as a sur-reply. As such, the document is not properly before the Court, for the reason that plaintiff failed to obtain Court approval prior to its filing. See Civil L.R. 7-3(d) (providing "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval"). In any event, even if plaintiff's sur-reply were properly before the Court, the argument contained therein would not alter the Court's conclusion. Contrary to plaintiff's argument, neither defendant Manheimer's voice-mail referral of calls to her

considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the May 16, 2008 hearing, and rules as follows.

Rule 4(e) of the Federal Rules of Civil Procedure governs service on individual defendants and provides, in pertinent part: "an individual . . . may be served in a judicial district of the United States by . . . doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." See Fed.R.Civ.P. 4(e)(2).[2] "Defendants must be served in accordance with [Rule 4], or there is no personal jurisdiction." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (citation omitted). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." Id. (internal citations omitted) (noting "[s]erving an entity . . . will not automatically confer personal jurisdiction over individual defendants in any capacity"). Where the propriety of service is challenged, the party on whose behalf service was made has the burden of establishing its validity. See, e.g., Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981).

Plaintiff asserts he served the Individual Defendants on July 31, 2007, again on January 15, 2008, and a third time on February 28, 2008.[3] In each instance, plaintiff appears to be relying on his having served an agent as provided in Rule 4(e)(2)(C).

---

assistant, nor the assistant's title of "Executive Assistant," constitute Manheimer's appointment of said assistant as an agent for acceptance of service of process.

[2] Rule 4(e) also provides for service in accordance with state law, see Fed.R.Civ.P. 4(e)(1); there is no indication that plaintiff is relying on any such alternate form of service.

[3] By order dated January 14, 2008, the Court extended to February 29, 2008 the deadline by which plaintiff was to serve all defendants. (See Pretrial Preparation Order, filed Jan. 14, 2008.)

1        In particular, plaintiff has submitted evidence that on July 31, 2007, San Mateo Deputy City Clerk Patricia Toomey ("Toomey") acknowledged receipt of a "Lawsuit Claim Document," (see Pl. Resp. to Def. Recent Mot. ("Pl.'s Resp.") Ex. 3; see also Decl. of Patricia Toomey in Support of Mot. to Dismiss ("Toomey Decl.") ¶ 1); that also on July 31, 2007, San Mateo Police Officer Kevin Raffaelli ("Raffaelli") acknowledged receipt of a "Lawsuit Claim Document," (see Pl.'s Resp. Ex. 3; see also Decl. of Kevin Raffaelli in Support of Mot. to Dismiss ("Raffaelli Decl.") ¶ 1); that on January 15, 2008, San Mateo Police Department Records Specialist Di Lam ("Lam") acknowledged receipt of a document or documents described as "Endorsed Filed San Mateo County By G. Jackson Deputy Clerk," (see Pl.'s Resp. Ex. 2; see also Decl. of Di Lam in Support of Mot. to Dismiss ("Lam Decl.") ¶ 1); and that on February 28, 2008, the San Mateo Police Chief's Executive Assistant Joanne Nakamura ("Nakamura") acknowledged receipt of a document or documents described as "Endorsed Filed San Mateo County By G. Jackson Deputy Clerk," (see Pl.'s Resp. Ex. 4).[4] Plaintiff has failed to show, however, that any of the individuals who received the purportedly-served documents was an agent authorized to accept service on behalf of any of the Individual Defendants.

        First, with respect to Toomey, Raffaelli, and Lam, each of said individuals states in a sworn declaration: "I never have been authorized to accept service on behalf of any of [the Individual Defendants]," (see Toomey Decl. ¶ 3; Raffaelli Decl. ¶ 3; Lam Decl. ¶ 3); plaintiff has submitted no evidence to the contrary. Second, although plaintiff argues that Nakamura "has The Authority to Sign for the San Mateo Police Officers Defendants in this Lawsuit," (see Pl.'s Resp. at 1:27-28), defendant Manheimer has submitted a sworn declaration wherein she states that her assistant "has never been generally authorized by [Manheimer] to accept service of a summons and complaint on [Manheimer's] behalf," and

---

[4] In light of such descriptions, it is unclear what document or documents purportedly were served in each instance. The description of a document or documents as "Endorsed Filed San Mateo County By G. Jackson Deputy Clerk," (see Pl.'s Resp. Exs. 2, 4), is an apparent reference to the state court's file stamp on the first page of plaintiff's complaint, (see Notice of Removal Ex. A (Complaint)).

3

1 that her assistant "is only authorized to provide an indication that the documents have been
2 received by the department." (See Decl. of Susan E. Manheimer in Support of Mot. to
3 Dismiss ¶ 3.) Again, plaintiff submits no evidence to the contrary, stating only that when a
4 clerk at the San Mateo Police Department called Manheimer's office to "announce that
5 there are Legal Documents to be signed for," Nakamura emerged from the office and
6 signed for the documents. (See Pl.'s Resp. at 2:2-6.)

7 Similarly, plaintiff offers no evidence to contradict the sworn declarations submitted
8 by defendants Callagy, Parisian, and Bologna, each of whom attests: "I never authorized
9 anyone to accept service of a lawsuit on my behalf," (see Decl. of Mike Callagy in Support
10 of Mot. to Dismiss ¶ 3; Decl. of Alan J. Parisian in Support of Mot. to Dismiss ¶ 3; Decl. of
11 John Bologna in Support of Mot. to Dismiss ¶ 3); nor has plaintiff submitted evidence to
12 contest the sworn declaration of defendant Ratcliffe, who attests, "I never authorized
13 anyone to receive process on my behalf," (see Decl. of Jack Ratcliffe in Support of Mot. to
14 Dismiss ¶ 3). Consequently, plaintiff has failed to show that on any of the above-
15 referenced dates, or on any other occasion, he effected service on an agent authorized to
16 accept service on behalf of any Individual Defendant.

17 The Court recognizes that plaintiff is proceeding pro se in this action. Plaintiff's
18 status as pro se litigant, however, does not excuse him from compliance with the Federal
19 Rules of Civil Procedure. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993)
20 (noting the Supreme Court has "never suggested that procedural rules in ordinary civil
21 litigation should be interpreted so as to excuse mistakes by those who proceed without
22 counsel").

23 Accordingly, for the reasons stated, the Individual Defendants' motion to dismiss is
24 hereby GRANTED, and the claims against each of the Individual Defendants are hereby
25 dismissed without prejudice, pursuant to Rule 12(b)(5), for insufficient service of process.

26 **IT IS SO ORDERED**.

27 Dated: May 14, 2008

MAXINE M. CHESNEY
United States District Judge

4