David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:   (650) 342-7685

Attorneys for Defendant City of San Mateo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE AMENDING OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>Defendants. | No. C 07-04517 MMC<br><br>**DECLARATION OF OFFICER RICHARD REYNA IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed: July 31, 2007<br><br>Date:<br>Time:<br>Dept.:<br>Judge:    The Honorable Maxine Chesney |

I, Officer Richard Reyna, declare:

1.   I am an officer with the San Mateo Police Department.

2.   Between 2:30 a.m. and 3:00 a.m. on July 12, 2007, I observed a mid-1980s model four door sedan driving on Delaware Street, the sedan swerved slightly and straddled the lane line, which caused me to suspect that the driver may have been under the influence or drowsy, in conjunction with the early morning hour.

3.   At the hour I observed the sedan, I was on the lookout for drunk drivers. The sedan was driving in an area close to San Mateo's downtown, where many bars are located. Nearby, there are fast food businesses open for business all night, where people who are drunk go after bars close, such as a nearby Jack-in-the-Box restaurant.

4.   After I stopped the sedan, I approached on foot. When I arrived at the driver side window, I observed the driver for the first time. The driver identified himself as Aisake Naufahu.

5.   At first Mr. Naufahu was cooperative. He said he was on his way to work. He quickly became angry. He raised the tone of his voice and began to speak more quickly. He mentioned something about his nephew having been wrongfully arrested, and that he was upset about that. I remained calm and professional and made the encounter as short as possible. After I had determined that Mr. Naufahu was sober, and not having probable cause to make an arrest, I let the driver go. The entire exchange lasted no more than five minutes.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 7/24/08 , 2008

_____
Officer Richard Reyna