David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:    (650) 342-7685

Attorneys for Defendant City of San Mateo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE AMENDING OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>Defendants. | No. C 07-04517 MMC<br><br>**DECLARATION OF SHAWN MASON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed: July 31, 2007<br><br>Date:<br>Time:<br>Dept.:<br>Judge:   The Honorable Maxine Chesney |

I, Shawn Mason, declare as follows:

1.      I am the City Attorney for the City of San Mateo, and have been so employed since January 2003.

2.      As part of my duties as City Attorney for the City of San Mateo, I am responsible for the management of tort claims and actions filed against the City of San Mateo.

////

3. I am personally familiar with and have reviewed the City of San Mateo's tort claim file pertaining to Aisake Naufahu in conjunction with the incidents referenced in the subject complaint.

4. On December 6, 2006, plaintiff Aisake Naufahu's tort claim dated December 4, 2006, pertaining to the February 20, 2006 traffic stop incident, was received in the City Attorney's office, and subsequently reviewed by me.

5. On January 8, 2007, I had prepared and signed a notice of untimeliness of the December 4, 2006 tort claim, which was served on that same date. The notice was, however, erroneously, dated January 8, 2006.

6. On January 10, 2007, plaintiff Aisake Naufahu submitted what might be considered as an application for leave to file a late claim, which was reviewed by me. The City of San Mateo did not act on or otherwise grant the plaintiff's application for leave to file a late claim. Instead, on February 5, 2007, I had prepared and signed a revised notice of untimeliness of plaintiff's tort claim, which was served on February 6, 2007.

7. At no time was plaintiff's purported January 10, 2007 application for leave to file a late tort claim granted, nor was he granted an extension of time to present a tort claim. Further, to my knowledge, plaintiff did not petition the Superior Court of San Mateo County for relief from his failure to timely file a tort claim regarding the February 20, 2006 incident.

8. At no time did plaintiff Aisake Naufahu file with the City of San Mateo a tort claim for the alleged theft of money from his person in conjunction with his arrest in 2000.

9. At no time did plaintiff Aisake Naufahu file with the City of San Mateo a tort claim pertaining to the two traffic stops which occurred July 12, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 14, 2008

_____
Shawn Mason