David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:   (650) 342-7685

Attorneys for Defendant City of San Mateo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISAKE (ISACC) P. NAUFAHU, an individual Pro Se Litigant,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN MATEO, a City Incorporated, SAN MATEO CHIEF OF POLICE S.E. MANHEIMER, SAN MATEO POLICE CAPTAIN M. CALLAGY, SAN MATEO POLICE LIEUTENANT A. J. PARISIAN, SAN MATEO POLICE AMENDING OFFICER JACK RATCLIFFE, S26, SAN MATEO POLICE OFFICER BOLOGNA BADGE NUMBER 95, 4 UNNAMED SAN MATEO POLICE OFFICERS,<br><br>Defendants. | No. C 07-04517 MMC<br><br>**DECLARATION OF OFFICER JOHN BOLOGNA IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Action Filed: July 31, 2007<br><br>Date:<br>Time:<br>Dept.:<br>Judge:   The Honorable Maxine Chesney |

I, Officer John Bologna, declare:

1.   I have been an officer with the San Mateo Police Department since approximately March of 2005.

2.   On February 20, 2006, I was working the overnight patrol shift, which includes the early morning hours. Part of my patrol duties was (and is) to be on the lookout for drivers under the influence of alcohol. This was (and is) especially the case during the early morning shift, as bars close at 2:00 a.m. in San Mateo.

3.  Just before 3:00 a.m. on February 20, 2006, as I was proceeding in my patrol car northbound on El Camino near 20th Avenue when I observed a Brown Buick proceeding southbound on El Camino, at what appeared to be a slow speed, below the posted limit of 35 miles per hour. The vehicle was in an area where there are three southbound lanes, there was no other traffic around the Brown Buick, nor any obvious reason for the Buick's slow speed. It was not raining. My training and experience have taught me that people under the influence of drugs or alcohol drive slowly to compensate for their condition and/or for fear of being observed driving erratically. I decided to investigate by continuing to observe the Brown Buick.

4.  I made a u-turn and began following the Brown Buick. I did not turn on my siren or my emergency lights, or otherwise instruct the Brown Buick to pull over. Shortly after I started following the Brown Buick, the driver slowed and pulled over to the side of the road, alongside a closed business. I suspected that the driver was attempting to evade detection.

5.  I passed the Brown Buick, turned right (west) onto the next street (25th Avenue), but continued to watch southbound El Camino in my rear-view mirror. I then observed the Brown Buick resume proceeding southbound, which made me even more suspicious that the driver had been deliberately attempting to evade detection for driving under the influence. I resumed following the Brown Buick.

6.  When we reached 31st Avenue, the Brown Buick suddenly stopped in the middle of the third lane of traffic, alongside the Sears parking lot at the Hillsdale Mall. There is no shoulder in this area of southbound El Camino. The curb is painted red to signify no parking or stopping. To be clear, I did not put on my lights, or siren, or in any way indicate to the driver that he should stop. The driver stopped entirely of his own volition in the middle of a traffic lane, which I believed was hazardous, by virtue of his blocking and impeding a lane of traffic. The driver of the Brown Buick did not, in any way, signal for a stop. He did not use a turn signal, actuate emergency flashers, or employ a hand signal to warn of his stop. Given the driver's earlier apparent attempt to evade me by temporarily pulling over, and his unnecessary stop directly in the lane of travel, I believed he may have been intoxicated, and accordingly, decided to question him in this regard.

7. At that point, I had not yet observed the appearance of the driver. I had no idea if the driver was male or female, or what he looked like. I never saw the driver's face until I walked over to his car.

8. I stopped my patrol vehicle behind the Brown Buick and then, for the first time, put on my emergency lights to increase the visibility of my vehicle, and walked over to the Brown Buick. As I approached the car, I was immediately greeted with a barrage of verbal insults. I had never been cursed at like that in my entire life. I called for backup, leaving my radio open long enough to capture what I was experiencing. The broadcast of Mr. Naufahu's cursing and screaming caused at least four other officers in the area to come to the scene. I then went back to my patrol car and waited.

9. After backup arrived, I got out of my patrol car and walked up to the driver's window. I asked the driver whether he had been drinking.

10. The driver was still belligerent. He continued cursing during the rest of our encounter.

11. Mr. Naufahu claims that he was stopped for 40 minutes. This is not true. A true and correct copy of the dispatch record is attached as **Exhibit A**. From the record, it can be seen that I first contacted dispatch at 2:48:21 a.m. (the first line) after Naufahu had stopped, and was back in service at 3:11:53 a.m (the sixth line). The total duration from initiation to the time I left was approximately 23 minutes. These records match my recollection of the approximate amount of time Mr. Naufahu was detained.

12. Mr. Naufahu's conduct extended his detention. I had to wait for backup. It was nearly impossible to give him any directions or get a response to my instructions, as he was screaming and cursing at me. I was forced to repeat myself and wait out his tirades. His cursing and screaming complicated and further delayed matters as two Sergeants oversaw the stop, along with several other officers.

13. Because Mr. Naufahu did not provide proof of valid insurance, which I asked him for, I gave him a citation.

////

14. At that time, I also believed Mr. Naufahu had violated the traffic code when he stopped his car in the third lane of traffic of El Camino because the vehicle was not disabled, but was blocking and impeding a lane of traffic. I wrote a citation accordingly. I later was advised that I had incorrectly cited Mr. Naufahu for "impeding traffic." A superior officer, Jack Ratcliffe, amended the ticket to reflect a violation of the vehicle code for stopping (in the lane of traffic) without signaling.

15. I did not stop or ticket Mr. Naufahu because of his ethnicity. I did not detain him beyond the scope of my suspicion that he was under the influence and had violated the traffic code. As soon as I determined that he was not under the influence, had confirmed his license and registration, and had completed the traffic citation, I allowed Mr. Naufahu to leave.

16. Naufahu received a citation for impeding traffic under Vehicle Code section 22400 for blocking traffic, and for not having insurance. When it was later decided that the ticket was incorrect because it was believed by a reviewing officer that blocking traffic requires that the public, rather than the police, be blocked, Officer Ratcliffe amended the ticket on February 21, 2006. The ticket was changed to Vehicle Code section 22109, or failure to signal when stopping. Officer Ratcliffe is a superior officer responsible for traffic enforcement.

17. On September 15, 2006, I attended a hearing before a traffic commissioner. Mr. Naufahu corrected the insurance violation by providing proof of insurance. Commissioner Garratt dismissed the ticket against Aisake Naufahu.

18. In reviewing the ticket I originally issued to Mr. Naufahu I saw that there was a mistake in it as to the location of the alleged violation. I started to follow Mr. Naufahu (for the second time) at 25th Avenue, but he stopped his Brown Buick in the lane of traffic near 31st Avenue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August _13_, 2008

_____
Officer John Bologna

**EXHIBIT A**

## Call 06011594 Details

| File: | Date: **02/20/06** | Opr: **wren** | POD: **2** |
|---|---|---|---|
| Location: **31ST AV/S EL CAMINO REAL** | | | Juris: **SMC** |
| Type: **TS** | Svc: **P**  Agcy: **SMPD** | Area: **34**  Dist: | Zn: **P1**  Bt: **C** |
| **TS** | In Progress? **Y** | Priority: **3** | How Recd? **5** |
| Last name: **OFFICER** | First: **Bologna, John** | Phone: | |
| Address: | | BOLO  HAZ | EL  PH 303 |

| # | Remarks | Time | Oper | POD |
|---|---|---|---|---|
| 1 | **LIC/POLYLUV** | 02:48:21 | wren | 2 |
| 2 | **OLN/A0512761** | 02:50:41 | sandoval | 2 |

Cross Streets    Unit Recommendation                                        Hydrants

| Veh Lic | St | Year | Make | Model | Color | Additional |
|---|---|---|---|---|---|---|
| **POLYLUV** | | | | | | |

### Unit History

| Unit | Name | Status | Time | Location | Operator | Remarks |
|---|---|---|---|---|---|---|
| C95 | Bologna, John | TS | 02:48:21 | 31ST AV/S EL CAMINO RE | wren | POLYLUV |
| C95 | | | 02:48:21 | | wren | LIC/POLYLUV |
| C95 | Bologna, John | TS | 02:48:21 | 31ST AV/S EL CAMINO RE | wren | POLYLUV |
| C95 | | | 02:50:45 | | sandoval | OLN/A0512761 |
| C95 | Bologna, John | C4 | 03:04:04 | | sandoval | |
| C95 | Bologna, John | AV | 03:11:53 | | sandoval | |
| D65 | Smith, Adam | DS | 02:55:39 | 31ST AV/S EL CAMINO RE | sandoval | Backup |
| D65 | Smith, Adam | AR | 02:55:40 | 31ST AV/S EL CAMINO RE | sandoval | Backup |
| D65 | Smith, Adam | AV | 03:10:22 | | sandoval | |
| E125 | Williams, Michael | DS | 02:50:55 | 31ST AV/S EL CAMINO RE | sandoval | Backup |
| E125 | Williams, Michael | AR | 02:52:32 | 31ST AV/S EL CAMINO RE | sandoval | Backup |
| E125 | Williams, Michael | AV | 03:11:48 | | sandoval | |
| S22 | Mefford, Todd | DS | 02:49:40 | 31ST AV/S EL CAMINO RE | wren | Backup |
| S22 | Mefford, Todd | EN | 02:49:40 | 31ST AV/S EL CAMINO RE | wren | Backup |
| S22 | Mefford, Todd | AV | 03:00:17 | | sandoval | |
| S39 | Haney, Fred | DS | 03:03:32 | 31ST AV/S EL CAMINO RE | sandoval | Backup |
| S39 | Haney, Fred | AR | 03:03:34 | 31ST AV/S EL CAMINO RE | sandoval | Backup |
| S39 | Haney, Fred | AV | 03:11:00 | | sandoval | |

[ Close ]   [ Print ]                                               as of: 04/13/2006 06:41

EXHIBIT A