United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AISAKE (ISSAC) P. NAUFAHU,

Plaintiff

v.

CITY OF SAN MATEO, et al.,

Defendants.

______________________________________/

No. C 07-4517 MMC

**ORDER GRANTING DEFENDANT CITY OF SAN MATEO'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is defendant City of San Mateo's ("San Mateo") Motion for Summary Judgment, filed August 15, 2008 and noticed for hearing on September 26, 2008. No opposition has been filed. See Civil L.R. 7-3(a) (providing opposition "must be served and filed no later than 21 days before the hearing"). Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, see Civil L.R. 7-1(b), hereby VACATES the hearing scheduled for September 26, 2008, and rules as follows:

1. To the extent plaintiff's claims are based on an alleged theft occurring in 2000, such claims are time-barred. See Cal. Code Civ. Proc. § 338(c) (providing three-year statute of limitations for "action[s] for taking . . . chattels"); Cal. Code Civ. Proc. § 335.1 (providing two-year statute of limitations for personal injury actions); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (holding "forum state's statute of limitations for personal injury actions" applicable to actions under § 1983). Consequently, San Mateo is entitled to summary judgment on such claims.

2. To the extent plaintiff's state law claims are based on incidents occurring in 2006 and 2007, the undisputed evidence before the Court demonstrates that such claims fail for lack of compliance with the California Tort Claims Act. See Cal. Gov't Code § 905 (providing "all claims for money or damages against local public entities" shall be presented in accordance with statute); Cal. Gov't Code § 911.2(a) ("A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented . . . not later than six months after the accrual of the cause of action"); Voth v. Wasco Pub. Util. Dist., 128 Cal. Rptr. 608, 610 (Ct. App. 1976) (holding claims period for causes of action "for death or for injury to person or to personal property or growing crops" applicable to all claims "in tort").

In particular, San Mateo has submitted undisputed evidence that (a) plaintiff's 2006 claim against San Mateo, specifically his claim based on the February 20, 2006 incident, was not timely filed, and (b) plaintiff never filed claims concerning the other incidents alleged in the complaint. (See King Decl. Ex. B (reflecting December 4, 2006 filing date for plaintiff's claim based on February 20, 2006 incident); id. at ¶ 8 ("Plaintiff did not file a tort claim regarding the 2000 incident, nor for the two traffic stops on July 12, 2007.").)

With respect to the February 20, 2006 incident, plaintiff was not granted an extension of time or leave to file a late tort claim. (See Mason Decl. ¶ 7 (stating plaintiff was not granted extension of time to file late tort claim concerning 2006 incident); King Decl. ¶ 7 ("Plaintiff's application for leave to file a late tort claim was not granted.").) Further, after plaintiff's application for leave to file a late tort claim was denied by San Mateo, plaintiff failed to undertake his sole available remedy, specifically the filing of a petition in the San Mateo County Superior Court. See Cal. Gov't Code § 911.6(c) (providing, if local government fails to act on application for leave, "the application shall be deemed to have been denied on the 45th day"); Cal. Gov't Code § 946.6 (providing relief from denial of application under § 911.6 may be sought by petition to superior court within six months after denial); (King Decl. ¶ 9 (stating plaintiff never filed petition in San Mateo County Superior Court); Mason Decl. ¶ 7 (same).)

3. To the extent plaintiff's federal law claims are based on incidents occurring in 2006 and 2007, with respect to two of those incidents, the undisputed evidence before the Court demonstrates that the police officers had probable cause both to stop plaintiff and to detain him for the periods in question. See Whren v. United States, 517 U.S. 806, 810 (1996) (holding decision to stop automobile meets requirements of Fourth Amendment "where the police have probable cause to believe that a traffic violation has occurred"); Terry v. Ohio, 392 U.S. 1, 20 (1968) (holding search and seizure lawful if "the officer's action was justified at its inception[] and . . . reasonably related in scope to the circumstances which justified the interference in the first place"). First, it is undisputed that, on February 20, 2006, plaintiff had illegally stopped his car in a lane for moving traffic and where the curb was painted red to signify no parking or stopping was allowed. (See Bologna Decl. ¶ 6; King Decl. Ex. A at 186:15-22, 188:16-18, 189:10-24.) There is no evidence in the record that the resulting detention lasted longer than was necessary for the officer to determine whether plaintiff was intoxicated and to cite plaintiff for a moving violation and for failing to provide valid proof of insurance. (See Bologna Decl. ¶¶ 8-14.) Moreover, plaintiff does not dispute that he raised his voice in anger and swore at the officers (see King Decl. Ex. A at 62:19-63:20) or that his conduct prolonged the encounter (see Bologna Decl. ¶ 12). Second, with respect to the latter of the two incidents occurring on July 12, 2007, San Mateo has presented undisputed evidence that the officer stopped plaintiff because of an equipment violation (see Leithin Decl. ¶ 4), and plaintiff concedes the stop lasted "a minute or something" (see King Decl. Ex. A at 104:3-7). Consequently, San Mateo is entitled to summary judgment on all of plaintiff's Fourth Amendment claims arising from said two incidents.[1]

With respect to the first incident occurring on July 12, 2007, a triable issue exists as to whether the officer who stopped plaintiff had probable cause to do so. (See Reyna Decl.

---

[1]For the same reasons, defendant is entitled to summary judgment to the extent plaintiff brings any state law claims based on an assertedly unlawful seizure arising from either of said incidents.

¶ 2 ("[Plaintiff's car] swerved slightly and straddled the lane line."); King Decl. Ex. A (Deposition of Aisake Naufahu) at 94:20 ("[The officer] was just making it up.").) As set forth below, however, defendant is entitled to summary judgment on plaintiff's Fourth Amendment claims arising from this incident as well.

4. With respect to plaintiff's equal protection claims, plaintiff has produced no evidence to suggest he was subjected to disparate treatment, whether by virtue of his membership in a protected class or otherwise; nor has plaintiff produced any evidence to suggest the conduct at issue was in any manner motivated by discriminatory intent on the part of San Mateo or any of its officers. See FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) ("The plaintiff in a § 1983 claim alleging a violation of equal protection must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional.").

5. Independent of any other ground offered in support of the instant motion, San Mateo, under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), is entitled to summary judgment on all of plaintiff's federal law claims. In particular, plaintiff has failed to produce any evidence to establish a genuine issue of fact as to whether his constitutional rights were violated pursuant to an official policy or custom of San Mateo. See Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003) ("[M]unicipal liability under § 1983 cannot be founded on a theory of respondeat superior."); Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999) ("Congress intended to hold municipalities liable only when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'") (quoting Monell, 436 U.S. at 691).

Accordingly, San Mateo's motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED**.

Dated: September 22, 2008

MAXINE M. CHESNEY
United States District Judge